C. MATTHEW ANDERSEN, WSBA #06868
WINSTON & CASHATT
1900 Bank of America Building
Spokane, Washington 99201
Telephone: (509) 838-6131



FILED IN THE
U.S. ...
EASTERN DISTRICT OF WASHINGTON

JAN 0 8 2001

JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ALFRED P. CHRISTOFFERSEN, )
WILLIAM J. GIBSON, RICHARD F. )
MAIN, and JOHN R. WARN, )
        ) Case No. CS-01-0010-AAM
    Plaintiffs, )
        )
vs.     )
        ) **COMPLAINT FOR**
WASHINGTON AIR NATIONAL ) **DECLARATORY RELIEF**
GUARD, in its capacity as a Federal )
Agency, MAJOR GENERAL ) (Cause No. 81-02-03081-0, In the
TIMOTHY J. LOWENBERG, as a ) Superior Court, State of Washington,
Federally Recognized Adjutant General ) County of Spokane)
of Washington State, UNITED STATES )
AIR FORCE, a Department and Agency )
of the United States; and NATIONAL )
GUARD BUREAU, an Agency of the )
United States, )
        )
    Defendants. )

### 1.  Jurisdiction and Venue

1.1  This Court has jurisdiction over the Washington Air National Guard

in its capacity as a Federally recognized agency (32 U.S.C. §102) and

COMPLAINT FOR DECLARATORY RELIEF
PAGE -1

LAW OFFICES OF
Winston & Cashatt
1900 BANK OF AMERICA FINANCIAL CENTER
SPOKANE, WASHINGTON 99201
www.winstoncashatt.com
(509) 838-6131

Maj. General Timothy J. Lowenberg as a Federally designated Adjutant General of the State of Washington pursuant to (32 U.S.C. §709(d)) under 28 U.S.C. §1361. This Court has jurisdiction over the National Guard Bureau and the United States Air Force, agencies of the United States, pursuant to 28 U.S.C. §1361 which grants the court power to direct action by a Federal agency in the nature of mandamus to perform a duty owed to each plaintiff.

1.2   This Court is vested with original jurisdiction pursuant to 28 U.S.C. §1331 as a Federal question is presented for resolution under the Federal Back Pay Act 5 U.S.C. §5596.

1.3   This Court has jurisdiction to fashion the remedy requested pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 as Plaintiffs are interested parties seeking a declaration as to their rights under the Federal Back Pay Act as being interpreted and implemented by each named Defendant.

1.4   Venue is proper in the Eastern District of Washington, as each Plaintiff resides therein and a substantial portion of the actions occurred herein 28 U.S.C. §1391.

COMPLAINT FOR DECLARATORY RELIEF
PAGE -2



LAW OFFICES OF
Winston & Cashatt
1900 BANK OF AMERICA FINANCIAL CENTER
SPOKANE, WASHINGTON 99201
www.winstoncashatt.com
(509) 838-6131

## 2. Parties

2.1 Alfred P. Christoffersen is a resident of the state of Washington living in Spokane County, Washington. He is a retired member of the United States Air Force Reserve, a former officer in the United States Federally recognized National Guard and a former Federal civil service employee known as a National Guard Technician. Mr. Christoffersen is an aggrieved party who has been denied relief for his improper termination as a Federal National Guard Technician. His rights may be affected by implementation of the Federal Back Pay Act by Maj. General Timothy J. Lowenberg.

2.2 William J. Gibson is a resident of the state of Washington living in Spokane County, Washington. He is a retired member of the United States Air Force Reserve, a former officer in the United States Federally recognized National Guard and a former Federal civil service employee known as a National Guard Technician. Mr. Gibson is an aggrieved party who has been denied relief for his improper termination as a National Guard Technician. His rights may be affected by implementation of the Federal Back Pay Act by Maj. General Timothy J. Lowenberg.

COMPLAINT FOR DECLARATORY RELIEF
PAGE -3

LAW OFFICES OF
Winston & Cashatt
1900 BANK OF AMERICA FINANCIAL CENTER
SPOKANE, WASHINGTON 99201
www.winstoncashatt.com
(509) 838-6131

2.3  Richard C. Main is a resident of the state of Washington living in Spokane County, Washington. He is a retired member of the United States Air Force Reserve, a former officer in the United States Federally recognized National Guard and a former Federal civil service employee known as a National Guard Technician. Mr. Main is an aggrieved party who has been denied relief for his improper termination as a National Guard Technician. His rights may be affected by implementation of the Federal Back Pay Act by Maj. General Timothy J. Lowenberg.

2.4  John R. Warn is a resident of the state of Washington living in Spokane County, Washington. He is a retired member of the United States Air Force Reserve, a former officer in the United States Federally recognized National Guard and a former Federal civil service employee known as a National Guard Technician. Mr. Gibson is an aggrieved party who has been denied partial relief for his improper termination as a National Guard Technician. His rights may be affected by implementation of the Federal Back Pay Act by Maj. General Timothy J. Lowenberg.

2.5  Maj. Timothy J. Lowenberg is the current Adjutant General of the State of Washington. Pursuant to 32 U.S.C. §709(d), he is a

COMPLAINT FOR DECLARATORY RELIEF
PAGE -4



LAW OFFICES OF
Winston & Cashatt
1900 BANK OF AMERICA FINANCIAL CENTER
SPOKANE, WASHINGTON 99201
www.winstoncashatt.com
(509) 838-6131

designated Federal agent for the administration of the Federal Air National Guard Technician program in the state of Washington. His office is Federally "recognized" 32 U.S.C. §314. A predecessor in office, Maj. General Robert Collins took the offending actions, which result in the improper termination of each Plaintiff as an Air National Guard Technician.

2.6 The Washington State National Guard, when acting pursuant to Federal rules, is an agent of the Federal government.

2.7 The United States Air Force is a department of the United States Defense, an agency of the Federal government, involved in the implementation of the National Guard program as part of the United States Reserve force structure.

2.8 The National Guard Bureau is a Federal agency created pursuant to 32 U.S.C. §107 which oversees activities between the various State National Guards and the applicable Army and Air Force entities.

## 3. Facts

3.1 Plaintiffs have pending in the Superior Court of Washington claims filed in Cause No. 81-02-03081-0. The underlying State action is in the nature of improper termination of former members of the Washington Air National Guard. The termination occurred in 1978.

LAW OFFICES OF
Winston & Cashatt
1900 BANK OF AMERICA FINANCIAL CENTER
SPOKANE, WASHINGTON 99201
www.winstoncashatt.com
(509) 838-6131

3.2 At the time of their termination, each Plaintiff was also employed as an Air National Guard Technician (Technician). A Technician is a Federal employee. A Federal statutory *pre-condition* to employment as a Technician is that each had to be serving in the Air National Guard. 32 U.S.C. §709(b). When each Plaintiff was improperly terminated from the Washington Air National Guard, they were automatically terminated as Technicians.

3.3 Each Plaintiff is in advanced age and several are in poor physical condition.

3.4 Each Plaintiff has spent over twenty years attempting to obtain relief through the various legal and administrative tribunals. In seeking that relief, procedurally, their individual claims have been excluded from the United States District Court and the United States Court of Claims on jurisdictional grounds. To date, the only tribunal to hear their factual claims has been the Air Force Board for Correction of Military Records (AFBCMR). This is a special administrative panel created by law to hear grievances of military members. The AFBCMR does not have jurisdiction over the claims of a Federal civil servant.

3.5 The AFBCMR entered a final ruling on February 22, 2000 that each Plaintiff was kicked out of the Washington Guard in 1978 based on a

COMPLAINT FOR DECLARATORY RELIEF
PAGE -6

LAW OFFICES OF
*Winston & Cashatt*
1900 BANK OF AMERICA FINANCIAL CENTER
SPOKANE, WASHINGTON 99201
www.winstoncashatt.com
(509) 838-6131

"personal animus" of the then State Adjutant General, Robert J. Collins.

3.6    The Defendants acknowledge that as a result of the improper termination, Plaintiffs had been automatically expelled from their Federal civil service. The Defendants acknowledged at the time of Plaintiffs' termination as Technicians the sole basis was operation of law. (See as an example Attachment A, the termination letter of LTC Christoffersen.)

3.7    At the time of the terminations as Technicians, two of the Plaintiffs were within two years of qualifying for their lifetime annuity. The remaining two received reduced lifetime annuities.

3.8    The AFBCMR summarized the offending conduct of Maj. General Collins as follows:

> "Sufficient relevant evidence has been presented to demonstrate the existence of probable injustice. After reviewing all the evidence, we are persuaded that the action to terminate the applicant's status as a member of the Air National Guard, while not illegal, or contrary to the governing regulation then in effect, was arbitrary. We recognize that no member of the military may rely on continued service based on performance alone. The needs of the service, including such management policies as the "vitalization" program, are often paramount consideration. The applicant's status as a technician, however, placed him in a special category, in that his continued military and civil service employment were co-dependent. At the time he was considered by the Selective Retention Board, the applicant had lengthy military and civilian service, and it

COMPLAINT FOR DECLARATORY RELIEF
PAGE -7

LAW OFFICES OF
Winston & Cashatt
1900 BANK OF AMERICA FINANCIAL CENTER
SPOKANE, WASHINGTON 99201
www.winstoncashatt.com
(509) 838-6131

appears there was an intent, both by regulation and policy, to give special consideration to technicians in this category, i.e., that normally technicians would be permitted to remain in an active military status until age 55. The evidence presented shows that the member served honorably and performed his duties in a superior manner. Therefore, he could reasonably expect to continue to do so, at least until he reached age 55, unless some self-evident need of the service intervened, or a "for cause" separation was initiated. The applicant was considered by the Selective Retention Board, in accordance with the regulations then in effect, and the board found he met the regulatory criteria for retention, and recommended his retention. ***In our estimation, the Adjutant General acted arbitrarily and capriciously when he disapproved the Board's recommendation, without showing "just cause" for the termination of the applicant's service and without affording the applicant the special consideration cited in the policy and regulation. We further find that the procedures then in effect were inequitable, since members such as the applicant could have their service terminated, without access to any appeal process.*** Accordingly, in view of the foregoing, we believe that the applicant's records should be corrected, to the extent within the Secretary's authority under 10 U.S.C. §1552, by correcting the applicant's Federal military records in a manner which would place him in a position he would have held, but for the termination of his Air National Guard service. Since our authority does not extend to the applicant's civilian records, and we are otherwise constrained by laws pertaining to the retention of military members, continuation of the applicant until his mandatory separation date is the greatest relief possible under 10 U.S.C. §1552.

3.9   As a result of the AFBCMR's rulings, the appropriate military orders have been issued to correct the Plaintiffs' ***military records*** to show they were in the military to age 55 and entitled to back ***military pay***.

COMPLAINT FOR DECLARATORY RELIEF
PAGE -8

LAW OFFICES OF
Winston & Cashatt
1900 BANK OF AMERICA FINANCIAL CENTER
SPOKANE, WASHINGTON 99201
www.winstoncashatt.com
(509) 838-6131

3.10  The AFBCMR does not have authority to correct the *civil service records* of the Plaintiffs.

3.11  In compliance with the ruling of the AFBCMR, the United States Air Force has issued checks in the name of each Plaintiff for lost back *military pay*.

3.12  Despite issuance of the checks pursuant to the AFBCMR Order, the Adjutant General of the State of Washington, acting as a Federal agent, refuses to permit these checks to be paid to each Plaintiff.

3.13  After the AFBCMR entered its order, Maj. General Timothy J. Lowenberg, acting as a Federal agent under the authority granted pursuant to 32 U.S.C. §709(d) and (e), determined under the Federal Back Pay Act that claimants were improperly terminated from their Federal Civil Service positions and should have their records corrected to likewise reflect the ruling of the AFBCMR.

3.14  On June 22, 2000, Maj. General Lowenberg made all determinations as necessary under 5 U.S.C. §5596, and attendant regulations. (Attachment B)

COMPLAINT FOR DECLARATORY RELIEF
PAGE -9

LAW OFFICES OF
*Winston & Cashatt*
1900 BANK OF AMERICA FINANCIAL CENTER
SPOKANE, WASHINGTON 99201
www.winstoncashatt.com
(509) 838-6131

3.15 Upon information and belief, the Back Pay Act determination was forwarded to the National Guard Bureau and the United States Air Force.

3.16 Upon information and belief, despite the Back Pay determination, unspecified officers in the National Guard Bureau and/or unspecified officers in the United States Air Force now refuse to comply with the directive of its agent, Maj. General Timothy J. Lowenberg.

3.17 In reaction to the position of the National Guard Bureau and the United States Air Force, the Adjutant General sought removal of the Superior Court case to the United States District Court Cause No. CS-00-0216-WFN. The removal came just days before the action was scheduled for trial in the State case. The basis for that removal is the denial by the National Guard Bureau to comply with the directive of Maj. General Lowenberg. The removed action was assigned to the Honorable W. Fremming Nielsen.

3.18 Spokane Superior Court Cause No. 81-02-03081-0 has been stayed pending resolution of the petition for removal. Plaintiffs' remaining issues for trial in State Court are:

COMPLAINT FOR DECLARATORY RELIEF
PAGE -10

LAW OFFICES OF
Winston & Cashatt
1900 BANK OF AMERICA FINANCIAL CENTER
SPOKANE, WASHINGTON 99201
www.winstoncashatt.com
(509) 838-6131

- Termination for failure to comply with the State Laws RCW 38.12.170 & 180.
- Violation of Plaintiffs' State protected rights to Due Process.
- Violation of Plaintiffs' State protected rights to Equal Protection.
- Age Discrimination under RCW 49.60, et seq.
- Breach of Employment Contract.
- Tortious Interference with Employment Contracts.

3.19 At trial in State court, the Plaintiffs will be entitled to instructions, *inter alia,* on damages for their lost back pay (military and civilian), their general damages, their lost opportunity damages, their consequential damages, their pain and suffering damages as well as their attorney fees.

3.20 The Adjutant General asserts that any claim for lost back pay, both military and civilian, is the responsibility of the Federal government due to his determination as a proper agent under the Back Pay Act. The State denies financial responsibility for the back pay and will so assert in the State case pending for trial.

3.21 Maj. General Lowenberg's position is that the Adjutant General having decided to fire each Plaintiff under Federal regulations from

COMPLAINT FOR DECLARATORY RELIEF
PAGE -11

LAW OFFICES OF
Winston & Cashatt
1900 BANK OF AMERICA FINANCIAL CENTER
SPOKANE, WASHINGTON 99201
www.winstoncashatt.com
(509) 838-6131

the National Guard also had the authority to revoke their Technician status pursuant to Air Force regulations, and 32 U.S.C. §709. However, now that the original determination to fire has been found to be wrongful by a Federal Board, AFBCMR, the Adjutant General has not only the right, but also the legal and moral obligation, under the Back Pay Act, to afford complete relief. This would include correction of the Federal Technician's civilian records, which he has done. Having taken these steps, the Adjutant General denies he will be liable for back pay damages in the State Court action due to his determination as a Federal agent.

3.22   The Federal government refuses to issue checks for the Federal civil service back pay contending the financial obligation is that of the State. Until such is done, Maj. General Lowenberg contends he can preclude final payment of the issued, but not yet, disbursed funds for the lost back *military pay* awarded by the AFBCMR.

3.23   Upon information and belief, Defendants do not dispute entitlement to back pay for the wrongful termination as Federal Technicians. Upon information and belief, there is a dispute as to fiscal obligation to pay.

COMPLAINT FOR DECLARATORY RELIEF
PAGE -12

LAW OFFICES OF
Winston & Cashatt
1900 BANK OF AMERICA FINANCIAL CENTER
SPOKANE, WASHINGTON 99201
www.winstoncashatt.com
(509) 838-6131

3.24 By the actions of Maj. General Timothy Lowenberg, and through no fault of Plaintiffs, each Plaintiff is being unjustly denied their Federal benefit of back military pay.

3.25 Each Plaintiff has been charged with the tax liability for the issued, but retained, *military* funds but they are without the use of the funds to respond to any tax obligation.

3.26 The legal argument of the Maj. General Timothy J. Lowenberg and the Washington State National Guard as Federal agents has been summarized as:

    a. 32 U.SC. §709(d) mandatory designates administration of the Technician Program from the Secretary of the Air Force to the State Adjutant General to "employ and administer the technicians."

    b. 5 U.S.C. §2302(c) makes the head of each agency responsible for prevention of prohibited personnel activities and enforcement of the civil services rules.

    c. 5 U.S.C. §5596(b)(1) grants back pay upon a finding by an "appropriate authority" of an unjustified and unwarranted personnel action.

    d. 5 C.F.R. §550.801 designates the "appropriate authority" as the one responsible for making written determinations of unjustified personnel actions and administering those Back Pay Act determinations.

    e. 5 C.F.R. §550.803 defines "appropriate authority" *inter alia*, to mean, "the head of the employing agency or another official of the employing agency to whom such authority is *delegated*."



LAW OFFICES OF
Winston & Cashatt
1900 BANK OF AMERICA FINANCIAL CENTER
SPOKANE, WASHINGTON 99201
www.winstoncashatt.com
(509) 838-6131

  f. As the Federal delegate for administration of the Technician's Act, the Adjutant General has made the written finding required by the Back Pay Act. Despite the determination, the U.S. Air Force and National Guard Bureau refuse to comply with the Adjutant General's determination.

  g. No other appropriate authority exists for the determination under the Back Pay Act as to Federal Civil Service Technicians employed by the Washington State National Guard.

3.27 Despite the dispute between the Federal Defendants, the Adjutant General has not yet filed a pleading that will bring the issue before the Court for resolution.

3.28 The determination of entitlement to payment under the Back Pay Act potentially may affect the quantum and scope of the claims of Plaintiff at trial in the State case.

3.29 Plaintiffs are being unduly delayed while the Adjutant General spars with the National Guard Bureau and the United States Air Force. The dispute between Federal entities is and will continue to delay Plaintiffs in getting their day in court.

3.30 An actual case in controversy is presented in this Complaint for Declaratory Relief.

3.31 A prompt and binding resolution of whether the Adjutant General is the "appropriate authority" under the Federal Back Pay Act should be

COMPLAINT FOR DECLARATORY RELIEF
PAGE -14

LAW OFFICES OF
*Winston & Cashatt*
1900 BANK OF AMERICA FINANCIAL CENTER
SPOKANE, WASHINGTON 99201
www.winstoncashatt.com
(509) 838-6131

made without further delay. This is necessary to expedite determination of what entitlement Plaintiffs will face as an offset to their claim of damages in the State action.

3.32   Plaintiffs are entitled to the requested relief.

## 4.  Request for Relief

4.1   Each Plaintiff requests an order in the nature of mandamus directing Maj. General Timothy Lowenberg to forthwith release their military back pay awarded by the AFBCMR.

4.2   Each Plaintiff requests a prompt declaration by the Court that the Adjutant General of the State of Washington is, for certain acts, a Federal Agent pursuant to 32 U.S.C. §709(d).

4.3   Each Plaintiff requests a prompt declaration by the Court that the Adjutant General of the State of Washington is the sole and appropriate authority under the Federal Back Pay Act to make determinations to correct the employment records of Federal Technicians employed in Washington State.

4.4   Each Plaintiff requests an order in the nature of mandamus directed to the United States Air Force and the National Guard Bureau to correct

COMPLAINT FOR DECLARATORY RELIEF
PAGE -15

LAW OFFICES OF
Winston & Cashatt
1900 BANK OF AMERICA FINANCIAL CENTER
SPOKANE, WASHINGTON 99201
www.winstoncashatt.com
(509) 838-6131

their Federal Civil Service records to match the ruling of the AFBCMR.

4.5  Each Plaintiff requests an order in the nature of mandamus to expedite payment to each Plaintiff of their lost Civil Service pay within twenty days (20) of entry of the Order.

4.6  Each Plaintiff requests an award of their actual costs and attorney fees in bringing this action to force the multitude of Federal entities to comply with the law to the fullest extent allowed by law.

4.7  That this action be joined with that of the removal action filed by the Defendant State of Washington in the United States District Court Cause No. CS-00-0216-WFN.

4.8  That this action for declaratory relief be advanced on the docket for prompt resolution.

4.9  For such other relief as the Court determines to be just and equitable, to include without limitation a penalty for the loss of the use of the military pay awarded by the AFBCMR.

RESPECTFULLY SUBMITTED this 8th day of January, 2001.

_____
C. MATTHEW ANDERSEN, WSBA #06868
WINSTON & CASHATT
Attorneys for Plaintiffs

COMPLAINT FOR DECLARATORY RELIEF
PAGE -16

LAW OFFICES OF
Winston & Cashatt
1900 BANK OF AMERICA FINANCIAL CENTER
SPOKANE, WASHINGTON 99201
www.winstoncashatt.com
(509) 838-6131



**STATE OF WASHINGTON**
Dixy Lee Ray
Governor

**MILITARY DEPARTMENT**
Camp Murray, Tacoma 98430

25 July 1978

SUBJECT: Selective Retention in ANG Status

Lieutenant Colonel Alfred P. Christoffersen
Box 296
Deer Park, Washington 99006

1. The board of officers convened in accordance with ANGR 36-06 has completed its processing and selection of those officers recommended for continued retention in the active Air National Guard.

2. I regret to inform you that you were not selected for retention. Accordingly, you will be separated from your active ANG status effective on or about 30 September 1978. In determining your eligibility for retention, I can assure you the selection board discharged its duties in a most conscientious, thorough and impartial manner.

3. The Governor has directed me to extend to you her sincere appreciation for your many personal sacrifices and for your devoted service to the State, the Nation, and the Air National Guard.

4. I also wish to inform you that separate action is being taken to transfer you to the Air Force Reserve, where I hope you will continue to maintain your interest in the national defense efforts of our Country.

ROBERT J. COLLINS
Major General
The Adjutant General

ATTACHMENT "A"

0000012

22 June 2000

MEMORANDUM FOR RECORD

SUBJECT: Back Pay Claims and Entitlements of Alfred P. Christoffersen; William J. Gibson; Richard F. Main; and John R. Warn

1. Alfred P. Christoffersen, William J. Gibson, Richard F. Main, and John R. Warn (Claimants), have applied to the Washington National Guard for correction of their termination as federal civilian technicians. Their application is based on the Back Pay Act, 5 U.S.C § 5596, in that they assert their terminations were unwarranted or unjustified personnel actions. 5 U.S.C. § 5596(b)(1) provides for the payment of back pay and allowances to an employee of an agency "who, on the basis of ... an administrative determination... is found by appropriate authority under applicable law ... to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee[.]"

2. Claimants were technicians employed pursuant to 32 U.S.C. § 709(a). They were terminated pursuant to 32 U.S.C. § 709(e)(1) when their association with the National Guard was severed under ANGR 36-06. Their termination as technicians was solely upon the basis of 32 U.S.C. § 709(e)(1) and their non-retention under ANGR 36-06. See *Christoffersen v. Washington State Air National Guard*, 855 F.2d 1437, 1439 (9th Cir. 1988).

3. In accordance with 32 U.S.C. § 709(c), The Adjutant General of Washington is the designated official of the Department of the Air Force for employment and administration of technicians employed under 32 U.S.C § 709(a). I have reviewed their Claims in that capacity under the provisions of 5 U.S.C. 5596 and 5 C.F.R. Subpart H, the regulations of the Office of Personnel Management for determination of claims under the Back Pay Act. (5 C.F.R. § 550.803.)

4. On February 22, 2000, the Air Force Board for the Correction of Military Records (AFBCMR) entered Orders reversing the non-retention decisions that were taken against the claimants in their military capacities under ANGR 36-06, and providing additional relief including award of retirement points and pay. In essence, the claimants assert that but for the non-retention decisions, which have since been reversed by the AFBCMR, they would not have been terminated as federal civilian technicians under 32 U.S.C. § 709(e)(1).

5. I find the Claimants' assertion persuasive. In reviewing Washington Air National Guard (WA ANG) records for the relevant periods (i.e. prior to 1988), I note that no Air Technician was involuntarily retired from the WA ANG before age 55, and claimants had no disqualifying information in their personnel files. This is consistent with the position reflected in the Federal Court record in *Christoffersen*. "[Major General ]Collins gave no reasons for nonretention, but later acknowledged that appellants' performance as technicians was not a consideration." *Christoffersen*, 855 F.2d at 1439. Because the only basis for removal from the claimants' technician positions was the non-retention decision, and that decision has recently been reversed,

ATTACHMENT "B"
06/22/00  THU 16:23  [TX/RX NO 9781]

I determine that their termination from their technician positions was "unwarranted" - that is, there was no basis for disqualifying them from continued employment as federal civilian technicians.

6. Based upon the foregoing analysis, I find that the claimants are entitled to back pay under the provisions of 5 U.S.C. § 5596, and 5 C.F.R. Subpart H. Specifically, I find claimants' petition was timely, 5 C.F.R. § 550.804(b)(2); that they have been affected by an unwarranted personnel action that resulted in the withdrawal, reduction, or denial of all or part of the pay, allowances, and differentials otherwise due, 5 C.F.R. § 550.804(c); and that their records should be corrected accordingly.

7. I hereby direct the correction of claimants' records in accordance with 5 U.S.C. § 5596, and 5 C.F.R. Subpart H and this Memorandum.

TIMOTHY J. LOWENBERG
MAJOR GENERAL, WA ANG
The Adjutant General