JAMES R. SHIVELY
United States Attorney
ROLF H. TANGVALD
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
Eastern District of Washington

APR 11 2001

JAMES R. LARSEN, CLERK
_____ DEPUTY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALFRED P. CHRISTOFFERSEN, et al., | NO. CS-01-0010-AAM |
| Plaintiffs, | |
| vs. | DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR DECLARATORY RELIEF |
| WASHINGTON AIR NATIONAL GUARD, et al., | |
| Defendants. | |

The United States of America, by and through James R. Shively, United States Attorney for the Eastern District of Washington, and Rolf H. Tangvald, Assistant United States Attorney, respectfully submits this Motion to Dismiss Plaintiffs' Complaint for Declaratory Relief.

## FACTUAL HISTORY

Alfred P. Christoffersen, William J. Gibson, Richard F. Main, and John R. Warn, (hereinafter respectfully referred to as "Plaintiffs") were officers in the Washington National Guard who also held positions as civilian "technicians" in the Guard. A prerequisite to maintaining a civiliain "technician" position is continuing service in the National Guard (See 32 U.S.C. § 709 (b)).

By 1978, each Plaintiff had completed over 20 years of military service and had qualified for a military retirement pension at age 60. Under the National Guard's regulations, all officers with over 20 years of qualifying military service

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR DECLARATORY RELIEF - 1
P10314DC.RT1



are reviewed annually for consideration of retention in, or separation from, their State National Guard. The State Adjutant General is tasked with the duty of retaining or not retaining any officer in the National Guard with over 20 years of qualifying military service. In 1978, the Adjutant General of Washington (Major General Collins) determined not to retain nine officers, including Plaintiffs. By statute, since Plaintiffs were no longer members of the Washington Air National Guard, their civilian position as "technicians" was terminated. (See 32 U.S.C. § 709 (b) and (e)(1)).

Following their termination from the National Guard, Plaintiffs filed suit in the United States Court of Claims on September 16, 1980, requesting reinstatement, **back pay**, allowances, benefits, and other damages arising out of the alleged wrongful termination of employment as civilian technicians and involuntary retirement from the Washington National Guard. During that litigation, the United States moved for summary judgment. The Court of Claims granted the United States' motion for summary judgment and dismissed the action. (See Christoffersen, et al. v. United States, 230 Ct. Cl. 998, 1003 (1982) (WL 25304)) (attached hereto as Exhibit 1). In granting the United States' motion for summary judgment, the Court of Claims stated:

> In the final analysis, there is no theory available to plaintiffs which would permit recovery in this Court consistent with our holding in Gnagy. As in Gnagy, plaintiffs were terminated from their technician positions due to the loss of the military positions in the NG. Such termination was mandated by statute. 32 U.S.C. § 709 (e)(1). Any claim of illegality resulting from Plaintiffs' termination, therefore, must by necessity turn on Plaintiffs' loss of their military NG positions. Since we have previously stated that a military member of the NG, not in active service, is a state employee, Plaintiffs have no basis for recovery of monetary damages against the United States in these circumstances. Even if it can be shown that Plaintiffs' dismissal from the NG was improper, such an action would not properly be before this Court. (See Exhibit 1, Pages 3-4)(emphasis added).

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR DECLARATORY RELIEF - 2
P10314DC.RT1

Interestingly, after the Court of Claims dismissed Plaintiffs' lawsuit against the United States, counsel for Plaintiffs moved for reconsideration on at least two separate occasions requesting that the Court of Claims transfer this matter to the United States District Court for the Eastern District of Washington. The Court of Claims denied Plaintiffs' motions since Plaintiffs failed to establish that their claims were within the jurisdiction of the District Court. (See Exhibit 1, Page 4).

Following dismissal of the action in the Court of Claims, Plaintiffs brought suit in the United States District Court for the Eastern District of Washington against the Washington National Guard and the Adjutant General for the State of Washington. The suit was filed in Federal District Court on September 23, 1981. At the same time, Plaintiffs filed suit in Spokane County Superior Court on September 21, 1981, against the State of Washington, the Washington State Militia, the Washington National Guard, and the Adjutant General for the State of Washington (Cause No. 81-203081-0). Attached hereto as Exhibit 2 is a copy of the complaint filed in the United States District Court, and attached hereto as Exhibit 3 is a copy of the complaint filed in the Spokane County Superior Court. As can be seen by reviewing the complaints, they are substantially identical (See Exhibits 2 and 3, each at Page 1). Neither Complaint requests damages under the Back Pay Act.

Plaintiffs' lawsuits in the United States District Court and in the Spokane County Court alleged constitutional violations and violations under 42 U.S.C. § 1983. The complaint in Federal Court proceeded in front of Judge Quackenbush. Judge Quackenbush granted summary judgment in favor of the Adjutant General and the Washington National Guard on the basis that a military commander cannot be subject to suit for his discretionary decisions and that recovery against the National Guard is barred by the military non-interference doctrine. Judge

1  Quackenbush allowed Federal defendants to be joined. Once the United States was
2  joined, Judge Quackenbush granted summary judgment in the United States' favor
3  as well.

4  Judge Quackenbush's determination was appealed by the Plaintiffs to the
5  Ninth Circuit Court of Appeals. The Ninth Circuit Court of Appeals affirmed
6  Judge Quackenbush's determination. See Christoffersen v. Washington State Air
7  National Guard, et al., 855 F.2d 1437 (9th Cir. 1988) cert. denied, 490 U.S. 1098
8  (1989)(attached as Exhibit 4). Moreover, the Ninth Circuit found Plaintiffs' claims
9  nonreviewable. See Christoffersen at 1442-1443. In doing so, the Ninth Circuit
10 found Plaintiffs' argument that the State Adjutant General violated their rights to
11 procedural due processes without merit because: "they have no constitutionally
12 protected property interest in continued employment with the Washington Guard.
13 Moreover, Plaintiffs lost any protected interest in their civilian technician
14 positions when their military membership in the National Guard ended." (See
15 Christoffersen v. Washington State Air National Guard, 855 F.2d at 1443 (9th Cir.
16 1988).

17 Additionally, the Ninth Circuit correctly determined to stay out of reviewing
18 retention decisions of the National Guard in court. It said:

> We have previously noted that particular caution is required when we are asked to review "military transfer decisions [which] go to the core of deployment of troops and overall strategies of preparedness." Christoffersen v. Washington Air National Guard, 855 F.2d at 1444 (9th Cir. 1988). This admonition carries even greater force with respect to retention decisions. See Dilley v. Alexander, 603 F.2d 914, 919 (D.C. Cir. 1979)(deference to military discretion is at its height when personnel decisions such as discharge are challenged. (See Exhibit 6, Page 444).

24 Based on the Ninth Circuit's determination affirming Judge Quackenbush's
25 dismissal of the federal case, the federal lawsuit was completed and no federal
26 defendants remained involved in the litigation.

27
28 DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR DECLARATORY RELIEF - 4
P10314DC.RT1

As the state court suit against the state defendants progressed toward trial, Plaintiffs petitioned the Air Force Board for the Corrections of Military Records (AFBCMR) for redress. In July 1992, the AFBCMR found Plaintiffs had probably suffered an injustice and granted them relief by correcting their military records to reflect creditable time for service in the Washington State Air National Guard along with military back pay and service points for the appropriate periods. The AFBCMR had no authority to grant any relief with respect to Plaintiffs' civilian technician positions lost by operation of statute.

Based upon the AFBCMR's action, the new Adjutant General for the Washington State Air National Guard entered into settlement negotiations with Plaintiffs in an effort to resolve the state court litigation. Federal representatives of the National Guard Bureau and the United States Air Force were neither informed of these negotiations nor participated in them. In these negotiations, the Adjutant General for the Washington State Air National Guard agreed to pay Plaintiffs their military back pay and correct their records and to recommend to the National Guard Bureau to restore their civilian back pay in exchange for dismissal of the state court lawsuit. Checks made out to each Plaintiff compensating them for military back pay were placed into an escrow account with Plaintiffs' counsel, to be released upon final dismissal of the state action.

On March 21, 2000, the Attorney General for the state of Washington, on behalf of the Adjutant General, asked the National Guard Bureau in Washington, D.C., to pay the outstanding back pay claims to Plaintiffs for the loss of their civilian technician positions. On May 22, 2000, the National Guard Bureau Comptroller's Office advised the Washington State Attorney General that because Plaintiffs lost their civilian technician positions by operation of law, the

1  termination action was not "unwarranted" nor "unjustified" as required by the
2  Back Pay Act and therefore, payment was not allowed.
3        As a result of the National Guard Bureau's election not to pay, the Attorney
4  General for the state of Washington sought to remove the 20-year-old state court
5  litigation to Federal Court in an effort to join the National Guard Bureau and the
6  United States Air Force as parties. Both the Plaintiffs and the United States
7  contested the removal action. On February 16, 2001, Judge Nielsen granted
8  Plaintiffs' motion to remand the case back to the state court. As of now, only
9  Plaintiffs' Complaint for Declaratory Judgment remains in federal court. Plaintiffs
10 request a declaratory determination that the <u>Washington State</u> Adjutant General is
11 the proper person to decide <u>federal</u> issues under the Back Pay Act.
12       Plaintiffs' Complaint for Declaratory Judgment is the wrong litigation
13 brought by the wrong party on issues that are not relevant to the only remaining
14 litigation in state court. The Complaint should be dismissed. Moreover, any
15 questions regarding the Back Pay Act or determinations related thereto should
16 properly be brought before the Court of Claims, not the District Court.

17 <center>**ARGUMENT**</center>

18 **A.    Exclusive Jurisdiction is in the Court of Federal Claims.**

19       Exclusive jurisdiction to hear Plaintiffs' claims is in the United States Court
20 of Federal Claims, not in this Court. Plaintiffs' prime objective in this litigation is
21 the award of monetary damages, or at a minimum, a judicial determination of who
22 can pay monetary damages. Claims for back pay are considered claims for money
23 damages. <u>Chabal v. Reagan</u>, 822 F.2d 349, 356 (3d Cir. 1987); <u>Amalgamated
24 Sugar Company v. Bergland</u>, 664 F.2d 818 (10th Cir. 1981); <u>Heisig v. United
25 States</u>, 719 F.2d 1155 (Fed. Cir. 1983).

26
27
28 DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR DECLARATORY RELIEF - 6
P10314DC.RT1

Jurisdiction over issues relating to non-tort monetary damages against the United States is exclusively defined by the Tucker Act, 28 U.S.C. §§ 1346(a)(2) and 1491 et seq. The "Little Tucker Act," section 1346(a)(2), provides that "district courts shall have original jurisdiction, concurrent with the United States Claims Court, of . . . (2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded . . . any Act of Congress." (Emphasis added). The Court of Federal Claims has exclusive jurisdiction over such claims in excess of $10,000. Chabal v. Reagan, 822 F.2d 349 (3d Cir. 1987); Graham v. Henegar, 640 F.2d 732 (5th Cir. 1981); Heisig v. United States, 719 F.2d at 1155.

The Tucker Act does not confer jurisdiction on the Court in this case because any possible claim by Plaintiffs against the United States is for non-Tort money damages in excess of $10,000. Plaintiffs have not waived their claims in excess of $10,000, and in the absence of such a waiver, this Court lacks jurisdiction.

Plaintiffs may argue that this action is not a claim for non-tort money damages. Rather, it is a cause of action relating to who can enter into agreements to pay non-tort money damages on behalf of the United States.

The statute (28 U.S.C. § 1346) requires that such an argument would, in essence, place two courts with jurisdiction over bifurcated issues involving the same action. Back Pay Act matters exceeding $10,000 belong in the Court of Claims. Ancillary determinations affecting that matter should be addressed in the same jurisdiction.

One might wonder why Plaintiffs have not brought this action in the Court of Claims. The answer is clear: they did - and lost. Ironically, the Court of Claims has reviewed this very Back Pay Act matter and found these Plaintiffs' claims unpersuasive.

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR DECLARATORY RELIEF - 7
P10314DC.RT1

In granting the United States' motion for summary judgment, the Court of Claims stated:

> In the final analysis, there is no theory available to plaintiffs which would permit recovery in this Court consistent with our holding in Gnagy. As in Gnagy, plaintiffs were terminated from their technician positions due to the loss of their military positions in the NG. Such termination was mandated by statute. 32 U.S.C. § 709(e)(1). Any claim of illegality resulting from plaintiffs' termination, therefore, must by necessity turn on Plaintiffs' loss of their military NG positions. **Since we have previously stated that a military member of the NG, not in active federal service, is a state employee, plaintiffs have no basis for recovery of monetary damages against the United States in these circumstances. Even if it can be shown that plaintiffs' dismissal from the NG was improper, such an action would not properly be before this Court.** (Christoffersen, et al. v. United States, 230 Ct. Cl. 993, 1003 (1982)(WL 25304)) (emphasis added)

Plaintiffs here had their day in several courts. Each time, the claims against the United States have been dismissed. In the final analysis, if any Court were to entertain this lawsuit, the Court of Claims is the proper court. The District Court does not have jurisdiction for non-tort monetary cases. Ancillary determinations should be made by the Court of Claims.

## B. **Plaintiffs Lack Standing.**

Article III of the United States Constitution requires that federal courts decide only "cases" or "controversies." This requirement is reflected in the intertwining doctrines of standing and ripeness. Standing is primarily concerned with who is a proper party to litigate a particular matter whereas ripeness addresses when that litigation may occur. Lee v. State of Oregon, 107 F.3d 1382, 1387 (9th Cir. 1997)(citing ERWIN CHEMERINSKY, FEDERAL JURISDICTION § 2.4, AT 98-99 (1989)). Standing requires a plaintiff to assert a violation of his or her own rights, not the rights of third parties. Secretary of State of Maryland v. J.H. Munson, 467 U.S. 947, 954, 81 L. Ed. 2d 786, 104 S. Ct. 2839 (1984). For a constitutional "case" or "controversy" to exist, issues presented must

be definite and concrete, not hypothetical or abstract. <u>Thomas, et al. v. Anchorage Equal Rights Commission, et al.</u>, 220 F.3d 1134 (9th Cir. 2000)(citing <u>Railway Mail Ass'n v. Corsi</u>, 326 U.S. 88, 93, 89 L. Ed. 2072, 65 S. Ct. 1483 (1945).

The Constitutional minimum of standing is comprised of three elements. First, the Plaintiff must have suffered an "injury in fact"--an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of--the injury has to be fairly traceable to the challenged action of the defendant and not...the result of the independent action of some third party not before the Court. Third, it must be likely as opposed to merely speculative that the injury will be redressed by a favorable decision. <u>Government Employees Insurance Company v. Dizol</u>, 133 F.3d 1220, 1228 (9th Cir, 1998)(citing <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 2136, 119 L. Ed. 351 (1992)).

Here, Plaintiffs lack standing to seek a declaratory judgement against the National Guard Bureau and the United States Air Force as no case or controversy exists between them. In their reply to the State of Washington's Removal Action (Cause No. CS-00-0126-WFN)(Exhibit 5) at Page 2, Plaintiffs state: "They [Plaintiffs] make no claim against the Federal Government..." At Page 4 of their reply, Plaintiffs add: "they assert no claim under the Federal Back Pay Act. The Plaintiffs' case in State court is not about a dispute under the Federal Back Pay Act. It is about an arbitrary act by a State employee in violation of the Washington State law..." Plaintiffs continue on Page 5 of their reply with: "As Plaintiffs make no claim in State Court giving rise to a "Federal matter", there is no basis for removal of their Superior Court action." Finally, on Page 7 of Plaintiffs' reply, they assert: "The State feels the Federal government should pay for the acts of the

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR DECLARATORY RELIEF - 9
P10314DC.RT1

Adjutant General. They may be right, but that is an action in <u>indemnification</u> by the State and not a claim by the Plaintiffs. Thus, an action of mandamus is more properly brought by the State of Washington in Federal Court without reference to Plaintiffs' claims. If and when that case is pled, it should be heard by this Court..." (emphasis added).

In the wake of the assertions Plaintiffs make in their reply to the State of Washington's removal action, it is a 180-degree about-face when they now claim a federal "case" or "controversy" exists between themselves and the National Guard Bureau and the United States Air Force. The only possible responsibility the federal defendants might have to Plaintiff in this action would require an interpretation of the Back Pay Act. <u>Plaintiffs specifically assert they are not seeking recovery under the Back Pay Act</u>. Indeed, the only Court authorized to enter a ruling under the Back Pay Act in these circumstances, the Court of Federal Claims, ruled contrary to Plaintiffs. See <u>Christoffersen, et al. v. United States</u>, 230 Ct. Cl. 998 (1982)(WL 25304) (Exhibit 1, Pages 3-4).

Plaintiffs' Complaint for Declaratory Judgment fails all three of the standing prongs set forth in <u>Dizol</u>. Plaintiffs can show no injury in fact. With the remand of Plaintiffs' case back to the Superior Court of Washington, they may now proceed with their litigation against the only defendants they sued in that action and that properly remain. A federal court ruling on the issue of agency is not necessary for Plaintiffs to obtain relief from the state of Washington. If the state court rules in their favor, they will be compensated. The federal government's proper refusal to indemnify the State of Washington, given the numerous dismissals in the United States' favor in this case, will not impede Plaintiffs' ability to recover at all. There is no causal connection between Defendants' action and Plaintiffs' alleged injury. Their dispute is with the state of Washington and they have been given a forum to

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR DECLARATORY RELIEF - 10
P10314DC.RT1

seek redress. As Plaintiffs acknowledge, the indemnification issue does not concern them. It is between the state of Washington and two federal agencies. In that Plaintiffs' recovery is not dependent upon resolution of the indemnification issue, they can hardly claim that the stance taken by the National Guard Bureau and the Air Force is causing them injury. This is particularly so, given the fact the Plaintiffs seem to be asking a declaratory judgment that the Adjutant General has authority to pay under a legal theory they are not pursuing (i.e. recovery under the Back Pay Act).

The third prong of the Dizol standing test requires the Plaintiffs to show that the requested action will provide the relief they seek. Here, what the Plaintiffs are really seeking is monetary compensation for the loss of their technician positions. This is what they are litigating with the state of Washington in state court. A finding of federal agency on the part of the Adjutant General will not improve Plaintiffs' posture in the state action at all. Neither the National Guard Bureau, the United States Air Force, nor any other federal agency are parties to the state court action. Moreover, all federal defendants were dismissed from the federal cases decades ago. With respect to the third prong of the Dizol test, Plaintiffs have failed to state a claim upon which relief can be granted.

C. **Plaintiffs' Complaint For Declaratory Relief is Moot.**

Mootness is like standing in that if it turns out that resolution of the issue presented cannot really affect the Plaintiffs' rights, there is, generally speaking, no case or controversy for the courts to adjudicate; no real relief can be awarded. The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness). Smith, et al. v. University of Washington Law School, 233 F.3d 1188 (9th Cir. 2000)(citing Native Village of Noatak v. Blatchford, 38 F.3d 1505, 1509 (9th Cir. 1994). Plaintiffs here

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR DECLARATORY RELIEF - 11
P10314DC.RT1

seek a declaratory judgment that the Adjutant General for the Washington State Air National Guard is an authorized federal agent for purposes of the Back Pay Act. This is somewhat odd given the fact that they insist they are not seeking any redress under that Act. They allege the reason for their complaint was they were being unfairly delayed in the pursuit of their state court action because of the dispute between the state of Washington and the federal agencies over the existence of a federal obligation to pay.

In actuality, the issue of whether the United States or any of its agencies had an obligation to pay damages to the Plaintiffs in this litigation was long ago decided by the U.S. Federal Court of Claims, this Court, the 9th Circuit Court of Appeals, and the U.S. Supreme Court, none of which found for Plaintiffs. An administrative body, the AFBCMR, did grant Plaintiffs relief with respect to the early termination of their <u>military</u> positions. However, this grant of relief did not convert the loss of Plaintiffs' civilian technician positions into an "unwarranted" or "unjustified" personnel action as required by the Back Pay Act. As the Court of Federal Claims pointed out, these terminations were effected by <u>operation of law</u> and relief would not be warranted even if it could be established that the termination of their military positions had been improper. <u>See</u>, <u>Christoffersen</u>, 230 Cl. Ct. 988, 1003 (1982)(Exhibit 1) and discussion supra at Pages 2-3.

Federal connection to this case was only renewed when the state of Washington attempted to remove the state court action to this Court and now it has been remanded. Any residual interest Plaintiffs may have had in a declaratory determination of the Adjutant General's federal agency status has been extinguished. Their Complaint for Declaratory Relief, in short, is moot.

/////

/////

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR DECLARATORY RELIEF - 12
P10314DC.RT1

**D.  Plaintiffs Are Not Entitled to Recovery Under the Back Pay Act.**

Assuming arguendo that the Adjutant General for the Washington State Air National Guard had authority to award Plaintiffs compensation under the Back Pay Act, they would nevertheless not be entitled to it.

The Back Pay Act is not statutorily applicable to the National Guard. The Back Pay Act applies to "executive agencies" as defined in 5 U.S.C. § 105 and to other specified agencies. "Executive agency" means "an executive department, a government corporation, and an independent establishment." 5 U.S.C. § 105. An "executive department" is one of the fourteen cabinet-level departments. 5 U.S.C. § 101. A "government corporation" is a corporation owned or controlled by the United States Government. 5 U.S.C. §103. An "independent establishment" is either the General Accounting Office or an establishment in the executive branch that is not a military department. 5 U.S.C. §104. Based upon these statutory definitions, it is well settled that a state National Guard is not an "executive department," "government corporation," or "independent establishment." See Blong v. Secretary of Army, 877 F. Supp. 1494 (D. Kan. 1995), affirmed sub. nom. Blong v. West, 86 F.3d 1166 (10th Cir. 1996).

The Back Pay Act operates in tandem with the Civil Service Relief Act (CSRA). That is, the Back Pay Act permits money damages if the Plaintiffs bringing suit under the CSRA prevail. United States v. Testan, 424 U.S. 392, 406 (1976). By its express terms, the CSRA does not apply to National Guard technicians employed under 32 U.S.C. § 709(a) who are required under § 709(b) to be a member of the National Guard and hold a specified military grade. Leistiko v. Secretary of Army, 922 F. Supp. 66 (N.D. Ohio 1996) affirmed sub nom. Leistiko v. Stone, 134 F.3d 817 (6th Cir. 1998), reh. en banc, den. 1998 U.S. App LEXIS 5555 (6th Cir. 1998). See also, United States v. Fausto, 484 U.S. 439, 447 (1988).

## CONCLUSION

The Court of Claims is the appropriate jurisdiction to address this issue. Plaintiffs realized this almost 20 years ago when they began their litigation in the Court of Claims and lost. Plaintiffs lack standing to seek a declaratory judgment in this case as no case or controversy exists between them and the federal defendants. Further, the Complaint is moot since no declaratory determination is necessary for Plaintiffs to seek relief in their state court action. Moreover, Plaintiffs <u>do not seek</u>, nor are they entitled to, recovery under the Back Pay Act. Even if Plaintiffs sought damages under the Back Pay Act, which they do not, the Act does not apply to Plaintiffs. Defendants respectfully request that Plaintiffs' Complaint be dismissed.

RESPECTFULLY SUBMITTED this __11__ day of April, 2001.

JAMES R. SHIVELY
United States Attorney

ROLF H. TANGVALD
Assistant U. S. Attorney

I hereby declare under penalty of perjury, pursuant to 28 U.S.C. §1746, that on this 11th day of April, 2001, I served a copy of **DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR DECLARATORY RELIEF** upon counsel, by placing said copy in a prepaid envelope addressed to the persons hereinafter named at the places and addresses below stated, which are the last known addresses, as I am informed and believe, and by placing said envelopes and contents in the outgoing mail of the Office of the United States Attorney for the

/////
/////
/////

1  Eastern District of Washington so the same is deposited in the United States mail at
2  Spokane, Washington, to:

C. Matthew Andersen
Winston & Cashatt
1900 Bank of America Financial Center
Spokane, WA 99201

Jonathan T. McCoy
Assistant Attorney General
Attorney General of Washington
11215 Washington Street SE
Olympia, WA 98504-0100

DEANNA M. COLLINS
Legal Assistant

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR DECLARATORY RELIEF - 15
P10314DC.RT1

# EXHIBITS NOT SCANNED!