C. MATTHEW ANDERSEN
WINSTON & CASHATT
1900 Bank of America Financial Center
Spokane, WA 99201
Telephone: (509) 838-6131

Attorneys for Plaintiffs

FILED IN THE
U.S. DISTRICT COURT
Eastern District of Washington

APR 24 2001

JAMES R. LARSEN, CLERK
―――――――― DEPUTY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALFRED P. CHRISTOFFERSEN, WILLIAM J. GIBSON, RICHARD F. MAIN, and JOHN R. WARN,<br><br>　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>WASHINGTON AIR NATIONAL GUARD, in its capacity as a Federal Agency, MAJOR GENERAL TIMOTHY J. LOWENBERG, as a Federally Recognized Adjutant General of Washington State, UNITED STATES AIR FORCE, a Department and Agency of the United States; and NATIONAL GUARD BUREAU, an Agency of the United States,<br><br>　　　　　　　　　Defendants. | Case No. CS-01-0010-AAM<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT FOR DECLARATORY RELIEF**<br><br>(Cause No. 81-02-03081-0, In the Superior Court, State of Washington, County of Spokane) |

PLAINTIFFS' MEMORANDUM IN SUPPORT
OF MOTION FOR DECLARATORY RELIEF -- 1-

LAW OFFICES OF
Winston & Cashatt
1900 BANK OF AMERICA FINANCIAL CENTER
SPOKANE, WASHINGTON 99201
www.winstoncashatt.com
(509) 838-6131

### 1. **Relief Requested.**

Plaintiffs request a summary judgment order declaring the Adjutant General of the Washington National Guard is a federal agent for administration of the Federal Technicians Program and having the authority delegated by Congress in 32 USC §709(d), he is the "appropriate authority" to implement the Back Pay Act provisions of 5 USC §5596(b)(1).

### 2. **Standard Of Review.**

This action is filed under the federal Declaratory Judgment Act, 28 USC §2201, which reads in pertinent part:

> In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any <u>interested party</u> seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. 28 USCA. § 2201(a) (1994) (emphasis added).

To establish standing, plaintiffs must demonstrate three elements. <u>San Diego County Gun Rights v. Reno</u>, 98 F.3d 1121, 1126 (9th Cir. 1996). First, plaintiffs must have suffered an "injury-in-fact" to a legally protected interest that is both "concrete and particularized" and "actual or imminent". <u>Id</u>. Second, there must be a causal connection between their injury and the conduct complained of. <u>Id</u>. Third, it must be "likely" - not merely "speculative" - that their injury will be "redressed by a favorable

PLAINTIFFS' MEMORANDUM IN SUPPORT
OF MOTION FOR DECLARATORY RELIEF -- 2-

LAW OFFICES OF
*Winston & Cashatt*
1900 BANK OF AMERICA FINANCIAL CENTER
SPOKANE, WASHINGTON 99201
www.winstoncashatt.com
(509) 838-6131

decision." Id. Additionally, plaintiffs seeking Declaratory relief only are also required to show a very significant possibility of future harm. Id.; see also Coral Const. Co. v. King County, 941 F.2d 910, 929 (9th Cir. 1991).

As shown below, Plaintiffs have standing to request a declaration of their rights as they are effected by a federal agent's interpretation of the Federal Back Pay Act. Because the issue does not involve any disputed material facts and it is one of law, the Court is asked to grant summary judgment as allowed by F.R.C.P. 56.

**3.    Issue Before The Court.**

Whether a State Adjutant General is the appropriate federal authority to make a determination of eligibility for an award of back pay to a Technician pursuant to 5 USC §5596? What is presently before the Court is an internal dispute between components of the United States Air Force, and its federal agent, the Washington Adjutant General. Unfortunately, Plaintiffs are caught in the middle. Plaintiffs do not ask this Court for money relief. They ask only who is right in the dispute because it effects pending State litigation.

**4.    Why The Case Is Before This Court.**

The simple legal issue before this Court has its genesis in a long legal struggle by four individuals who have been pushed from court to court, all with the statement that you may have been harmed, but there is no jurisdiction in this forum. The Court is

PLAINTIFFS' MEMORANDUM IN SUPPORT
OF MOTION FOR DECLARATORY RELIEF -- 3-

LAW OFFICES OF
Winston & Cashatt
1900 BANK OF AMERICA FINANCIAL CENTER
SPOKANE, WASHINGTON 99201
www.winstoncashatt.com
(509) 838-6131

asked to review the following lengthy factual recitation which highlights the importance of the question being presented, the impact on the lives of each Plaintiff and the ultimate effect on claims pending in the State litigation of <u>Christoffersen et al. v. State of Washington, et al.</u>, 1981-02-03081-0.

### 4.1 Nature Of Case.

The case involves claims of four Air National Guard Technicians (Technicians are federal employees) who were prematurely eliminated from their National Guard positions in violation of a long-standing military regulation and rule allowing Technicians to remain in National Guard service until age fifty-five (55) to qualify for civil service retirement. A precondition to employment as a Technician is staying in active service of a State National Guard. 32 USC §709(b). (Exhibit Nos. 6, 7, 8, and 9 of Affidavit of C. Matthew Andersen)

In 1978, each Plaintiff was "involuntarily retired" from the Washington Air National Guard, by the then Adjutant General of the State of Washington, MG Robert J. Collins. Simultaneously they were terminated from their full time federal civil service positions for the sole reason that they were no longer Guardsmen. (Sample termination letter, Exhibit No. 1 to Affidavit of C. Matthew Andersen) To fire Plaintiffs, MG Collins improperly interpreted a regulation, ANGR 36-06, and arbitrarily applied it to terminate Plaintiffs' Guard and Federal Civil Service positions without **any** regard

PLAINTIFFS' MEMORANDUM IN SUPPORT
OF MOTION FOR DECLARATORY RELIEF -- 4-

LAW OFFICES OF
Winston & Cashatt
1900 BANK OF AMERICA FINANCIAL CENTER
SPOKANE, WASHINGTON 99201
www.winstoncashatt.com
(509) 838-6131

for their Technician status as required by the regulations. (ANGR 36-06, para. 10(e)(4), Exhibit No. 2 to Affidavit of C. Matthew Andersen)

Each Plaintiff was a high-ranking officer in the Washington Air National Guard (WANG) and had exemplary service records. Each Plaintiff was also a highly rated and qualified full-time Federal Civil Servant in the position of an Air National Guard Technician (Technician). 32 USC §709.

A State Guard is responsive to the U.S. Departments of the Army and Air Force. The National Guard Bureau (NGB) is a statutory bureau in the Department of Defense with the sole purpose of channeling communications between the departments of the Army and Air Force and the various State Guards. 10 USC § 3015. In 1977, the NGB published a regulation whose purpose was compelling retirement of Guard officers with more than twenty years service unless selected for retention by a Board of Officers. This regulation is known as ANGR 36-06.

In 1978, WANG convened its first ANGR 36-06 Board. Each Appellant <u>was selected</u> for retention. Without a stated reason, MG Collins chose to override the decision on selection and "involuntarily retired" each Plaintiff. It is now res judicata that the decision to fire was due to personal animus over an earlier incident. MG Collins knew that his action would cause each Plaintiff to lose his federal employment as a Technician by operation of law. 32 USC §709(3). The statement that

PLAINTIFFS' MEMORANDUM IN SUPPORT
OF MOTION FOR DECLARATORY RELIEF -- 5-

LAW OFFICES OF
Winston & Cashatt
1900 BANK OF AMERICA FINANCIAL CENTER
SPOKANE, WASHINGTON 99201
www.winstoncashatt.com
(509) 838-6131

MG Collins' actions were for personal amimus has been proven before a military administrative board. Each Plaintiff has now received a favorable ruling from the Air Force Board for Correction of Military Records (AFBCMR), but this ruling did not come until February 2000. The AFBCMR summarized the offending events as follows:

> Sufficient relevant evidence has been presented to demonstrate the existence of probable injustice. After reviewing all the evidence, we are persuaded that the action to terminate the applicant's status as a member of the Air National Guard, while not illegal, or contrary to the governing regulation then in effect, was arbitrary. We recognize that no member of the military may rely on continued service based on performance alone. The needs of the service, including such management policies as the "vitalization" program, are often paramount consideration. The applicant's status as a technician, however, placed him in a special category, in that his continued military and civil service employment were co-dependent. At the time he was considered by the Selective Retention Board, the applicant had lengthy military and civilian service, and it appears there was an intent, both by regulation and policy, to give special consideration to technicians in this category, i.e., that normally technicians would be permitted to remain in an active military status until age 55. The evidence presented shows that the member served honorably and performed his duties in a superior manner. Therefore, he could reasonably expect to continue to do so, at least until he reached age 55, unless some self-evident need of the service intervened, or a "for cause" separation was initiated. The applicant was considered by the Selective Retention Board, in accordance with the regulations then in effect, and the board found he met the regulatory criteria for retention, and recommended his retention. ***In our estimation, the Adjutant General acted arbitrarily and capriciously when he disapproved the Board's recommendation, without showing "just cause" for the termination of the applicant's service and without affording the applicant the special consideration cited in the***

PLAINTIFFS' MEMORANDUM IN SUPPORT
OF MOTION FOR DECLARATORY RELIEF -- 6-

LAW OFFICES OF
Winston & Cashatt
1900 BANK OF AMERICA FINANCIAL CENTER
SPOKANE, WASHINGTON 99201
www.winstoncashatt.com
(509) 838-6131

> *policy and regulation. We further find that the procedures then in effect were inequitable, since members such as the applicant could have their service terminated, without access to any appeal process.* Accordingly, in view of the foregoing, we believe that the applicant's records should be corrected, to the extent within the Secretary's authority under 10 USC §1552, by correcting the applicant's Federal military records in a manner which would place him in a position he would have held, but for the termination of his Air National Guard service. Since our authority does not extend to the applicant's civilian records, and we are otherwise constrained by laws pertaining to the retention of military members, continuation of the applicant until his mandatory separation date is the greatest relief possible under 10 USC §1552.

(See Exhibit No. 2 to Affidavit of C. Matthew Andersen for illustrative ruling that was entered as to all four Plaintiffs.)

The AFBCMR's rulings have now corrected the Plaintiffs' *military records* to show they were in the military for pay purposes to age 55. The AFBCMR does not have authority to correct the *civil service records* of the Plaintiffs. The ruling, did not address the loss of Plaintiffs' lifetime civil service annuity. These damages suffered by each Plaintiff remains to be tried in a pending Superior Court action.

### 4.2   Course Of Proceedings.

Plaintiffs originally filed an action in the U.S. Court of Claims relying upon Athas v. U.S., 597 F.2d 722 (Ct. Cl. 1979) which confirmed the Federal Court had jurisdiction of State Guard matters as well as the civil service claim. The Court of Claims accepted the argument of the federal government that it lacked jurisdiction and

PLAINTIFFS' MEMORANDUM IN SUPPORT
OF MOTION FOR DECLARATORY RELIEF -- 7-

LAW OFFICES OF
*Winston & Cashatt*
1900 BANK OF AMERICA FINANCIAL CENTER
SPOKANE, WASHINGTON 99201
www.winstoncashatt.com
(509) 838-6131

ruled on summary judgment, in Christoffersen v. U.S., 230 Ct.Cl. 998 (1982) that National Guardsmen, not in active federal service, are State employees and as such they have no relief in that Court. The court only addressed Plaintiffs' claims as Guardsmen not as Federal Civil Servants. This jurisdictional ruling was a change in the law.

Plaintiffs then pursued a claim in the U.S. District Court. C-81-572-JLQ The Defendants at that stage were the Washington State Air National Guard; the then Adjutant General of the State of Washington, MG George Coates; MG Robert J. Collins; and the Washington State Treasurer, Robert S. O'Brien. The State filed motions for summary judgment to dismiss all claims of Plaintiffs for numerous reasons, but specifically because of the United States Supreme Court decision in Chappell v. Wallace, 462 U.S. 296 (1983), setting forth the military non-intervention doctrine. This likewise is a jurisdictional argument.

### 4.3 Disposition By U.S. District Trial Court.

By Memorandum Opinion of March 21, 1984, Judge Quackenbush granted summary judgment in favor of MG Collins, stating the doctrine in Chappell v. Wallace, supra, precluded any **civil rights** action against a military commander and the action is also barred by the military non-interference doctrine. Other motions resulted in dismissal of the claims of Plaintiffs. A timely Notice of Appeal was filed to the Ninth Circuit from the judgment on November 7, 1985.

PLAINTIFFS' MEMORANDUM IN SUPPORT
OF MOTION FOR DECLARATORY RELIEF -- 8-

LAW OFFICES OF
*Winston & Cashatt*
1900 BANK OF AMERICA FINANCIAL CENTER
SPOKANE, WASHINGTON 99201
www.winstoncashatt.com
(509) 838-6131

### 4.4 Ninth Circuit And AFBCMR Actions.

The Ninth Circuit denied the appeal of the four Plaintiffs on August 31, 1988. <u>Christoffersen v. Washington State National Guard</u>, 855 F.2d 1437 (9th Cir. 1988); cert denied - <u>Christoffersen v. Collins</u>, 490 U.S. 1098 (1989). Again, the Court focused on the claims as military members of the National Guard and not on the claims as Federal Civil Servants. However, in its opinion at page 1442, the Court offered that relief could be sought from the Air Force Board for Correction of Military Records ("AFBCMR").

Application was then to the AFBCMR. It was not until September 2, 1992 that the Board rendered its inital opinion that MG Collins acted arbitrary.

The AFBCMR's finding would suggest complete relief to the Plaintiffs. However, initially, the AFBCMR stated it had only limited power to correct the *military* record to the date of mandatory retirement. The Board felt it had no authority to exceed mandatory retirement dates that would allow qualification for full civil service retirement at age 55. Without this relief, there was no waiver to grant full civil service annuity for the Plaintiffs. Thus, a hollow victory since the Board's ruling did not grant sufficient military service time to qualify for the civil service retirement.

On October 20, 1992, a request for reconsideration was filed with the AFBCMR citing the applicable legal authority authorizing the Board to grant relief. Unbelievably, the AFBCMR final ruling was not entered until February 22, 2000. This

PLAINTIFFS' MEMORANDUM IN SUPPORT
OF MOTION FOR DECLARATORY RELIEF -- 9-

LAW OFFICES OF
Winston & Cashatt
1900 BANK OF AMERICA FINANCIAL CENTER
SPOKANE, WASHINGTON 99201
www.winstoncashatt.com
(509) 838-6131

ruling reinstated each Plaintiff to age 55. (See Exhibit No. 2 to Affidavit of C. Matthew Andersen)

### 4.5 Superior Court Action.

When the Claims Court dismissed for jurisdictional reasons, lawsuits were filed in both Federal District Court and Superior Court to pursue the claims. With concurrence of the Superior Court, counsel agreed to stay the State action pending resolution of the other matters. The State court action has been reactivated. The claims are against (1) the State of Washington, (2) the State militia, Washington Air National Guard, and (3) the position of Adjutant General of Washington State. The claims pending are:

- Violation of the statutory separation procedure (RCW 38.12.170).
- Non-Retention was done in violation of plaintiffs' State due process rights and was arbitrary and capricious.
- MG Collins acted in violation of the Air Force regulations he was empowered to enforce.
- Plaintiffs were dismissed for an impermissible and unsupported reason under the regulations.
- Violation of the plaintiffs' rights under Article 1, §§3 and 18 of the Washington Constitution (due process and subordination of military power).
- Age discrimination in violation of RCW 49.60.
- Breach of contract and tortious interference with employment contract.

The case was scheduled to go to trial last fall. On the eve of trial, the State removed the action, which was filed in CS-00-0216-WFN. In the removal the State

PLAINTIFFS' MEMORANDUM IN SUPPORT
OF MOTION FOR DECLARATORY RELIEF -- 10-

LAW OFFICES OF
Winston & Cashatt
1900 BANK OF AMERICA FINANCIAL CENTER
SPOKANE, WASHINGTON 99201
www.winstoncashatt.com
(509) 838-6131

asserted all of the State law claims are subsumbed in the Federal Back Pay Act and should not proceed. This declaratory judgment action was commenced to answer that question. The removal was ultimately denied by Judge Nielsen for procedural reasons and remanded to State Court. (Judge Nielsen's opinion is attached as Exhibit No. 3 to Affidavit of C. Matthew Andersen.) The remand occurred after this suit was filed. However, the issue is <u>not</u> resolved as the State intends to assert the Adjutant General's authority under the Back Pay Act in State Court.

### 5. Uncontested Relevant Material Facts To Motion For Declaratory Relief.

The AFBCMR reinstated the Plaintiffs in their military capacity on February 22, 2000, awarding them military back pay and increased military retirement benefits to age 55. Because the <u>only</u> basis for terminating their Federal Civilian Technician positions (in 1978) was the loss of their military status, the Adjutant General of Washington, as their federal employer has taken administrative action as a *"federal agent"* to correct their civilian employment records. To affect this result, he has issued the appropriate determination as allowed by the Back Pay Act. Plaintiffs' dismissal was unwarranted, and provided commensurate relief for the loss of their civilian positions in the form of back pay.

PLAINTIFFS' MEMORANDUM IN SUPPORT
OF MOTION FOR DECLARATORY RELIEF -- 11-

LAW OFFICES OF
*Winston & Cashatt*
1900 BANK OF AMERICA FINANCIAL CENTER
SPOKANE, WASHINGTON 99201
www.winstoncashatt.com
(509) 838-6131

Although Technicians are employees of the Department of the Air Force 32 USC §709(3), the National Guard Bureau (NG) is the federal entity that disburses National Guard funding, including that for Technicians. For reasons that have never been articulated on the record, the National Guard refuses to honor the Adjutant General's decision. The State advises that numerous efforts have been made to get a statement from the federal government as to its legal authority to deny the relief. None has been forthcoming.

The gravaman of the factual and legal argument advanced by the State is that the Federal Back Pay Act exclusively controls the relief sought by Plaintiffs. The State asserts as a result of the decision of the AFBCMR, and upon review of their federal civilian employment records, the Adjutant General of Washington, as the Plaintiffs' federal employer, determined that the Plaintiffs were entitled to an award under the Back Pay Act, 5 USC §5596 (2000). The Washington National Guard processed the award of back pay to the National Guard Bureau (Letter of March 21, 2000, Exhibit F to Declaration of Jonathan T. McCoy), as the federal entity within the National Guard structure responsible for the payment of such claims. On May 25, 2000, the Washington National Guard received a memorandum (dated May 22, 2000) from Colonel Howard W. Derrick, USAF, Deputy Chief, Financial Management and

PLAINTIFFS' MEMORANDUM IN SUPPORT
OF MOTION FOR DECLARATORY RELIEF -- 12-

LAW OFFICES OF
Winston & Cashatt
1900 BANK OF AMERICA FINANCIAL CENTER
SPOKANE, WASHINGTON 99201
www.winstoncashatt.com
(509) 838-6131

Comptroller of the National Guard Bureau returning the back pay claims "without action." (Exhibit G to Declaration of Jonathan T. McCoy).

It is the refusal of the National Guard Bureau to honor the Back Pay determination of the Adjutant General of Washington that brings the matter before this Court. The issue is proper application of Federal law, 5 USC §5596 (2000) and 5 C.F.R. Subpart H. (2000), and its interaction with 32 USC §709(f)(1)(A) (2000), the statute that required the termination of the Plaintiffs upon their loss of federal recognition.

### 6. Law And Points Of Authority.

The real dispute before this Court is sub rosa and between the State of Washington, acting as a federal agent and the federal government. Simply stated, should the United States Air Force honor Major General Lowenberg's Back Pay Act decision to correct the Plaintiffs' Air National Guard Technician records? The State's argument is straightforward and compelling on its face. It has never been reflected by the federal government. In its simplest formulation the position of the State is:

    a.    32 USC §709(d) designates administration of the Technician Program from the Secretary of the Air Force to the State Adjutant General to "employ and administer the technicians."

    b.    5 USC §2302(c) makes the head of each agency responsible for prevention of prohibited personnel activities and enforcement of the civil services rules.

PLAINTIFFS' MEMORANDUM IN SUPPORT
OF MOTION FOR DECLARATORY RELIEF -- 13-

LAW OFFICES OF
*Winston & Cashatt*
1900 BANK OF AMERICA FINANCIAL CENTER
SPOKANE, WASHINGTON 99201
www.winstoncashatt.com
(509) 838-6131

    c.    5 USC §5596(b)(1) grants back pay upon a finding by an "appropriate authority" of an unjustified and unwarranted personnel action.

    d.    5 C.F.R. §550.801 designates the "appropriate authority" as the one responsible for making written determinations of unjustified personnel actions and administering those Back Pay Act determinations.

    e.    5 C.F.R. §550.803 defines "appropriate authority" *inter alia,* to mean, "the head of the employing agency or **another official of the employing agency to whom such authority is delegated**."

    f.    As the Federal delegate for administration of the Technician's Act, the Adjutant General has made the written finding required by the Back Pay Act to correct a past wrong.

    g.    Despite the determination, the U.S. Air Force and National Guard Bureau refuse to comply with the Adjutant General's determination.

    h.    The State may rely on the effect of the Back Pay Act to bar an action for damages by Plaintiffs in State Court.

**6.1    <u>Plaintiffs Have Standing Under The Declaratory Judgment Act</u>.**

Plaintiffs are in the middle. They have had to confront their dual status in every proceeding to date. Depending on the court, the Defendant will take the position that this is not my issue, you must pursue the other guy. The risk of this happening again has raised its head. To avoid future unnecessary delay in getting their day in court, Plaintiffs have asked this court to rule on the Back Pay question once and for all. There appears to be no legal authority directly on point. Thus, the issue is ripe for consideration by this Court.

PLAINTIFFS' MEMORANDUM IN SUPPORT
OF MOTION FOR DECLARATORY RELIEF -- 14-

LAW OFFICES OF
Winston & Cashatt
1900 BANK OF AMERICA FINANCIAL CENTER
SPOKANE, WASHINGTON 99201
www.winstoncashatt.com
(509) 838-6131

Plaintiffs have legal standing to request relief from this Court. The criteria of San Diego County Gun Rights v. Reno, supra. are clearly meet in this case. Each Plaintiff has been injured and lost not only their Federal Civil Service positions, but their lifetime annuities as well. The AFBCMR makes uncontroverted the fact that the actions of the Adjutant General were the causation of the injury suffered by Plaintiffs. The last criteria, that a "favorable ruling" addressing their wrong is also present in this case. A definitive ruling on the question of authority to act will address the wrong to Plaintiffs, no matter what the outcome. Plaintiffs are fully entitled to receive recovery for their loss of civilian pay and retirement. The State recognizes its obligation in this regard. If this Court affirms that the Adjutant General may use the Federal Back Pay Act for payment, then the issue goes out of the State case. If this Court rules the mechanism for payment is not the Federal Back Pay Act, but rather damages from the State of Washington, then the issue is decided at this time and it is not an issue for appeal in the State case. Plaintiffs have no other vehicle to get this question timely and properly addressed.

### 6.2 The State Contends Federal Law Completely Preempts State Law Issues.

The need for resolution of the issue before the Court is real. The State has asserted and continues to assert that the exclusive remedy for Plaintiffs lies under the

PLAINTIFFS' MEMORANDUM IN SUPPORT
OF MOTION FOR DECLARATORY RELIEF -- 15-

LAW OFFICES OF
Winston & Cashatt
1900 BANK OF AMERICA FINANCIAL CENTER
SPOKANE, WASHINGTON 99201
www.winstoncashatt.com
(509) 838-6131

Back Pay Act. The State reasons that Plaintiffs were federal employees of the Department of the Air Force. 32 USC §709(e).[1] They argue the question at bar exclusively involves their status as Federal Civilian Technicians. As various courts have noted, the fundamental purpose of the National Guard Technicians Act (32 USC §709) was to give federal employees status to Technicians, who, prior to 1968, were not deemed to be federal employees. Guarriello v. United States, 201 Ct. Cl. 129, 475 F.2d. 640 (1973). (See Memorandum of Law filed by State in Removal Action, Exhibit No. 11 to Affidavit of C. Matthew Andersen.)

The State reasons that Federal law provides the exclusive remedy for relief of the nature requested by the Plaintiffs in this action with regard to their federal employment relying on Bush v. Lucas, 462 U.S. 367, 388, 103 S.Ct. 2404, 2416, 76 L.Ed.2d 648 (1983); Saul v. U.S., 928 F.2d 829, 841 (9th Cir. 1991); Rivera v. United States, 924 F.2d 948, 951-52 (9th Cir. 1991). They have asserted alternative forms of relief are unavailable. David v. United States, 820 F.2d 1038, 1043 (9th Cir. 1987) (intentional infliction of emotional distress); Lehman v. Morrissey, 779 F.2d 526 (9th Cir. 1985) (per curiam) (intentional infliction of emotional distress); Roth v. United States, 952 F.2d 611 (1st Cir. 1991); Berrios v. Department of the Arm, 884 F.2d 28, 32 (1st Cir.

---

[1] Formerly subsection (d).

PLAINTIFFS' MEMORANDUM IN SUPPORT
OF MOTION FOR DECLARATORY RELIEF -- 16-

LAW OFFICES OF
Winston & Cashatt
1900 BANK OF AMERICA FINANCIAL CENTER
SPOKANE, WASHINGTON 99201
www.winstoncashatt.com
(509) 838-6131

1989) (defamation claims); <u>Montplaisir v. Leighton</u>, 875 F.2d 1, 8 (1st Cir. 1989); <u>Broughton -v. Courtney,</u> 861 F.2d 639, 643 (11th Cir. 1988) ("If plaintiffs state law claims ... are within the scope of the coverage of the CSRA, then the actions are preempted by the CSRA.").

In reliance on its position, the State concludes that Congress has "so completely preempted a particular area, that any civil complaint raising this select group of claims is necessarily federal in character", federal jurisdiction exists. <u>Metropolitan Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). Here, Congress has preempted the field. <u>Metropolitan Life</u>, 481 U.S. at 63, 107 S.Ct. at 1546; <u>Ethridge v. Harbor House Restaurant</u>, 861 F.2d 1389, 1394 (9th Cir.1988).

The State believes MG Lowenberg, based upon Federal law and long standing precedent, has exercised his authority in determining that Plaintiffs are entitled to back pay under 5 USC §5596 (2000), and 550 C.F.R. Subpart H (2000). <u>State of Nebraska, Military Department, Office of the Adjutant General v. FLRA</u>, 705 F.2d 945, 946 (8th Cir. 1983); <u>New Jersey Air National Guard v. FLRA</u>, 677 F.2d 276, 279-80 (3d Cir. 1982) *cert. den.* <u>American Federation of Government Employees, AFL-CIO, Local 3486 v. New Jersey Air National Guard</u>, 459 U.S. 988, 103 S.Ct. 343, 74 L.Ed.2d 384 (1982).

PLAINTIFFS' MEMORANDUM IN SUPPORT
OF MOTION FOR DECLARATORY RELIEF -- 17-

LAW OFFICES OF
Winston & Cashatt
1900 BANK OF AMERICA FINANCIAL CENTER
SPOKANE, WASHINGTON 99201
www.winstoncashatt.com
(509) 838-6131

The U.S. Air Force refuses to acknowledge the Adjutant General's authority, if any, to make that determination as to Technicians, despite applicable Federal law (32 USC §709) and the position the National Guard has taken in other litigation. See e.g. <u>U.S. Department of Defense, National Guard Bureau and Association of Civilian Technicians and Washington National Guard, et. al.</u>, 55 F.L.R.A. 657, 55 FLRA No. 115, FLRA Rep. No. 946 (F.L.R.A. 1999).

If the State is correct in its position, then the State Court of Washington is not the proper forum to rule on the authority of the Adjutant General to reply on the Back Pay Act. The harm to Plaintiffs is that they will be forced to try this case to a jury, suffer an appeal and then face the prospect of a ruling by the State Court that jurisdictionally, they once again are in the wrong forum.

### 6.3 <u>Declaratory Judgment Depends On Resolution Of A Substantial, Disputed Federal Question.</u>

The question presented to the Court cannot be resolved without reference to the Federal laws surrounding the administration of the Back Pay Act. The Back Pay Act applies to Federal Civilian Technicians. <u>Gnagy v. United States</u>, 225 Ct. Cl. 242, 634 F.2d 574 (1980); <u>Athas v. United States</u>, 220 Ct. Cl. 96, 597 F.2d 722 (Ct. Cl. 1979). The circumstances addressed by the previous Federal cases addressed only the *military status* of the Plaintiffs (rendering their claim nonjusticiable). That circumstance is no

PLAINTIFFS' MEMORANDUM IN SUPPORT
OF MOTION FOR DECLARATORY RELIEF -- 18-

LAW OFFICES OF
*Winston & Cashatt*
1900 BANK OF AMERICA FINANCIAL CENTER
SPOKANE, WASHINGTON 99201
www.winstoncashatt.com
(509) 838-6131

longer part of this case. The current question is whether Plaintiffs' civilian status permits the Adjutant General to use the Back Pay Act. The Plaintiffs are entitled to a declaration of the scope of authority of the Adjutant General on this question.

### 6.4 The Adjutant General Is The Federal Agent To Administer The Back Pay Act For Technicians.

No party has disputed that Plaintiffs were harmed. No party disputes justice requires that Plaintiffs be compensated for their loss. The State wants the payment to be through the Technician program. The Back Pay Act regulations state the "appropriate authority" is the one delegated the responsibility for the program. The clear language of 32 USC §709(d) makes the Adjutant General a federal agent for the Technician's program. No legal authority has been located to refute the position of the State that the Adjutant General is in fact the "appropriate authority" to make the decision under the Back Pay Act. For that reason, the Court is asked to declare the scope of MG Lowenberg's authority under the Back Pay Act.

The logic best supporting the State's conclusion is articulated by asking the question, "If the Adjutant General is not the appropriate authority as to Technicians, then who is?" There appearing to be no other answer than the Adjutant General, the Court is asked to enter judgment to this effect.

PLAINTIFFS' MEMORANDUM IN SUPPORT
OF MOTION FOR DECLARATORY RELIEF -- 19-

LAW OFFICES OF
Winston & Cashatt
1900 BANK OF AMERICA FINANCIAL CENTER
SPOKANE, WASHINGTON 99201
www.winstoncashatt.com
(509) 838-6131

### 7. Conclusion.

For the reasons stated, the Court is asked to enter a summary judgment order declaring that the Adjutant General is the "appropriate authority" under the Back Pay Act.

DATED this 24th day of April, 2001.

*[signature]*
C. MATTHEW ANDERSEN
WINSTON & CASHATT
Attorneys for Plaintiffs

I hereby certify that I caused a true and correct copy of the foregoing to be [X] mailed, postage prepaid; [ ] sent via facsimile; [ ] hand-delivered, on this 24th day of April 2001 to:

> Jonathan T. McCoy
> Assistant Attorney General
> Attorney General of Washington
> 11215 Washington Street SE
> Olympia, WA  98504-0100

> Rolf H. Tangvald          *hand delivered*
> U. S. Attorney's Office
> 920 W. Riverside Ave., Suite 300
> Spokane, WA  99201-1008

*[signature]*
C. MATTHEW ANDERSEN

PLAINTIFFS' MEMORANDUM IN SUPPORT
OF MOTION FOR DECLARATORY RELIEF -- 20-

LAW OFFICES OF
Winston & Cashatt
1900 BANK OF AMERICA FINANCIAL CENTER
SPOKANE, WASHINGTON 99201
www.winstoncashatt.com
(509) 838-6131