JAMES R. SHIVELY
United States Attorney
ROLF H. TANGVALD
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767
Fax: (509) 353-2766

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 0 7 2001

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ALFRED P. CHRISTOFFERSEN, et al.,

    Plaintiffs,

vs.

WASHINGTON AIR NATIONAL GUARD, et al.,

    Defendants.

NO. CS-01-0010-AAM

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS

The United States of America by and through James R. Shively, United States Attorney for the Eastern District of Washington, and Rolf H. Tangvald, Assistant United States Attorney, respectfully submits this Reply To Plaintiffs' Response To Defendants' Motion To Dismiss Complaint.

## ARGUMENT

### A. The Nature of Defendants' Motion

Plaintiffs assert that Defendants' motion to dismiss should be more properly categorized as a motion for summary judgment in accordance F.R.C.P. 56. They are incorrect. The central focus of Defendants' motion to dismiss is (1) this court lacks jurisdiction over the subject matter of this complaint, and (2) Plaintiffs have failed to state a claim upon which relief can be granted. As such, Defendants' motion falls squarely within the ambit of F.R.C.P. 12 (b)(1) and (6) and is properly characterized as a motion to dismiss.

DEFS' REPLY TO PLS' RESPONSE TO MOTION TO DISMISS - 1
P10504DC.RT1

1  Plaintiffs allege Defendants have relied "extensively" on matters outside the
2  pleadings and have not attached affidavits or other forms of documentary evidence
3  to their motion to dismiss. A review of Defendants' motion does not bear this
4  allegation out. Pages 1-6 of the motion contain a factual history of the case.
5  Pages 6-14 contain Defendants' legal arguments as to why this court lacks
6  jurisdiction and why Plaintiffs have failed to state a claim. Defendants' response
7  <u>directly</u> corresponds to pleadings Plaintiffs make in their Complaint for
8  Declaratory Judgment. Plaintiffs allege this Court has Jurisdiction (pages 1-5 of
9  Plaintiffs' Complaint). The United States' motion illustrates why this Court lacks
10 jurisdiction (<u>see</u> pages 6-8 of Defendants' Motion to Dismiss and F.R.C.P.
11 12(b)(1)). Plaintiffs allege a "case or controversy exists" between the parties
12 (page 14 of Plaintiffs' Complaint). The United States' motion illustrates why no
13 case or controversy exists. (<u>See</u> pages 8-12 of Defendants' Motion to Dismiss and
14 F.R.C.P. 12(b)1) and (6)). The pleadings clearly demonstrate that the United
15 States sets forth dismissal matters based on the pleadings rather than on matters
16 more appropriately reviewed on a motion for summary judgment.

17 Plaintiffs take umbrage with the United States recitation of the procedural
18 history explaining the journey this matter has taken before arriving in this court. It
19 is appropriate for the court to know that <u>no federal defendant</u> exists in any pending
20 litigation and that Plaintiffs have lost each and every claim they have litigated
21 against the United States over the past 20 years in this matter. The procedural
22 history in this matter should not be hidden from the court. Moreover, while
23 advising the court of the procedural history, the United States has in no way relied
24 on it or on matters outside the pleadings to support its dismissal motion. This
25 matter should be dismissed on the face of the pleadings. That is what the United
26 States requests.

27
28 DEFS' REPLY TO PLS' RESPONSE TO MOTION TO DISMISS - 2
P10504DC.RT1

Instead of determining the dismissal matters, Plaintiffs desperately urge the court to consider the United States' motion as one for summary judgment. Why? The answer is clear. Plaintiffs want an opportunity to focus the court on the facts of the case rather than allow the court to first appropriately determine if the matter is properly before it. Plaintiffs want this court to put the cart before the horse. The court should resist such an appeal and, instead, follow the time-tested approach of first independently determining the dismissal issues. If the court determines that this matter is correctly brought before it, the United States will file its summary judgment motion, supported by the facts as required by F.R.C.P. 56. The court's threshold consideration of this dismissal motion is appropriate.

**B. Which Party is Filing the Motion to Dismiss**

Plaintiffs seem confused as to who the Federal Defendants are in this action. This is odd given the fact that in its answer, the United States identifies the Federal Defendants as the National Guard Bureau and the United States Air Force. The answer further clarifies that the Adjutant General for the Washington Air National Guard lacks authority to commit the federal government to payments under The Back Pay Act. To the extent that Major General Timothy J. Lowenberg asserts a contrary position, he has every right to follow the proper procedure for requesting representation if he feels he is being sued for actions taken within the scope of his employment as a federal employee. Once General Lowenberg follows the proper procedure, the United States Attorney will determine if he was within the scope of his employment for purposes of determining representation. The undersigned has advised that General Lowenberg should contact his federal agency to initiate the representation request if he deems it is appropriate. It is curious that he has not yet done so.

DEFS' REPLY TO PLS' RESPONSE TO MOTION TO DISMISS - 3
P10504DC.RT1

Plaintiffs seem to believe their inclusion of Major General Lowenberg and the Washington Air National Guard as named defendants in this action somehow confers a federal agency status upon them that requires the Department of Justice to automatically take up their cause. They are mistaken. The motion to dismiss is brought on behalf of the National Guard Bureau and the United States Air Force.

### C. Jurisdiction

Plaintiffs insist they are not seeking a monetary judgment against the federal government under The Back Pay Act, (see page 4, of Plaintiffs' response) but rather seek only a declaration that the Adjutant General for the State of Washington has authority to make awards under that Act. This assertion is disingenuous. Are Plaintiffs really suggesting that if the United States refuses to fund a back pay determination made by the State Adjutant General, they will not immediately return to this court seeking an enforcement order against the National Guard Bureau and the United States Air Force for the payment of such monies? The only logical conclusion that can be drawn from Plaintiffs' persistence in pursuing this action, particularly in light of the fact there are no federal defendants in their State court action, is they want money. They want a source of funding for their claims against the State of Washington. Plaintiffs' insistence that they do not want money from the United States when in reality that is exactly what they are pursuing is driven by their desire to keep the case out of the only court that properly has jurisdiction, the United States Court of Federal Claims. They want to avoid the Court of Claims because they know the prior decision of that court is res judicata against them. See Christoffersen, et al. v. United States, 230 Ct. Cl. 993 (1982) (WL 25304).

Instead of making a proper claim in the proper forum, Plaintiffs' attempt to tiptoe through the most amazingly circuitous route in order to foist the matter upon

DEFS' REPLY TO PLS' RESPONSE TO MOTION TO DISMISS - 4
P10504DC.RT1

this court and somehow manage to have their cake and eat it too. That is, they want to avoid the exclusive jurisdiction of the Court of Federal Claims, yet receive a money judgment against the federal government. Unfortunately for Plaintiffs, because their claims exceed $10,000, the Tucker Act precludes such a result. See 28 U.S.C. §§ 1346 (a)(2). (See also, the discussion on pages 6-8 of Defendants' motion to dismiss.) Any determination that is ancillary to Plaintiffs' pursuit of money damages under the Federal Back Pay Act should be referred to the U.S. Court of Federal Claims. This Court lacks jurisdiction.

### D. Plaintiffs Lack Standing to Sue

At page 5 of their response to Defendants' Motion to Dismiss (lines 13-19) Plaintiffs state:

> It is the federal government's "agent" MG Lowenberg who is asserting authority to act which the U.S. Air Force denies. This assertion creates the controversy. Moreover, the federal government's answer denies MG Lowenberg is a federal agent. His status alone creates the case in controversy for resolution by this Court.

Plaintiffs' own words express most eloquently the true nature of this controversy. The controversy, such as it is, exists between the United States Air Force, the National Guard Bureau, and the State of Washington. It is not between the Plaintiffs and the Federal Defendants. Any issue between Plaintiffs and the Federal Defendants were resolved long ago before the Court of Claims and the Ninth Circuit Court of Appeals.

A dispute between parties named as co-defendants, by itself, cannot confer standing upon an opposing Plaintiff. Plaintiffs' standing is dependent upon having a dispute of their own with the Defendants. Secretary of State of Maryland v. J.H. Munson, 467 U.S. 947, 954, 81 L.Ed. 2d 786, 104 S. Ct. 2839 (1984). In order to establish standing on their own, Plaintiffs must allege an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent,

DEFS' REPLY TO PLS' RESPONSE TO MOTION TO DISMISS - 5
P10504DC.RT1

not conjectural or hypothetical. Government Employees Insurance Company v. Dizol, 133 F.3d 1220, 1228 (9th Cir. 1998) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 112 S.Ct. 2130, 2136, 119 L.Ed. 351 (1992)).

Here, Plaintiffs purported "injury" is an alleged argument the State of Washington is making in the State court action. (See Plaintiffs' Response, pages 5-6). Assuming arguendo that the State of Washington is in fact making such an argument, Plaintiffs have offered nothing to suggest the State court has issued any ruling, preliminary or otherwise, that threatens their case. Any "injury" is merely "conjectural," is not "concrete," and is not "imminent," and fails to meet the strictures of Dizol and Lujan.

**E. Plaintiffs' Claims Are Moot**

This declaratory judgment complaint became moot when the State of Washington lost their bid to remove the pending State action to the federal court and to substitute the United States as defendant. The defendants in the State court action are the State of Washington, the Washington State Militia, the Washington Air National Guard, and the Adjutant General of Washington State. Plaintiffs have admitted repeatedly that no federal defendants exist in their State court action. The bases for the State court lawsuit are exclusively State law principles. There are no federal claims. Consequently, the only interests MG Lowenberg can possibly be representing in the State court action are the interests of the State of Washington and the Washington Air National Guard, not the federal government, and certainly not the United States Air Force and the National Guard Bureau.

Second, Plaintiffs admit they are not seeking recovery under The Back Pay Act in the State court proceeding. The State court proceeding is the only pending litigation on the merits. The fact that Plaintiffs do not currently seek recovery

DEFS' REPLY TO PLS' RESPONSE TO MOTION TO DISMISS - 6
P10504DC.RT1

under The Back Pay Act from <u>anyone</u> moots the issue of who can make Back Pay Act determinations.

## CONCLUSION

Plaintiffs are attempting an end-run of around twenty years of adverse decisions in federal court uniformly holding they cannot recover damages from the United States. Plaintiffs' current action is brought before the wrong court because Plaintiffs didn't like the result in front of the proper forum, the Court of Claims. Jurisdiction is improper.

Additionally, Plaintiffs have no litigation pending anywhere against the United States. They allege no controversy with the United States. They lack standing to maintain this action.

Finally, Plaintiffs have no litigation pending anywhere alleging recovery under The Back Pay Act. The Court of Claims has ruled in favor of the United States when Plaintiffs properly took the matter before it. Since no action exists under The Back Pay Act, the question of whom can award damages under the Act is moot.

The United States respectfully requests dismissal of Plaintiffs' action.

DATED this ___7___ day of May, 2001.

JAMES R. SHIVELY
United States Attorney

ROLF H. TANGVALD
Assistant U. S. Attorney

DEFS' REPLY TO PLS' RESPONSE TO MOTION TO DISMISS - 7
P10504DC.RT1

I hereby declare under penalty of perjury, pursuant to 28 U.S.C. §1746, that on this 7-14 day of May, 2001, I served a copy of DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS upon counsel in the manner indicated below:

■ First Class Mail  
☐ Facsimile  
☐ Overnight Delivery  
☐ Hand Delivery  

C. Matthew Andersen  
Winston & Cashatt  
1900 Bank of America Bldg.  
601 West Riverside Ave.  
Spokane, WA 99201  

■ First Class Mail  
☐ Facsimile  
☐ Overnight Delivery  
☐ Hand Delivery  

Jonathan T. McCoy  
Assistant Attorney General  
Office of the Attorney General  
1125 Washington St. SE  
P.O. Box 40100  
Olympia, WA 98504-0100  

DEBBY WALSDORF  
Paralegal Assistant

DEFS' REPLY TO PLS' RESPONSE TO MOTION TO DISMISS - 8  
P10504DC.RT1