68

   f.   (U)   AFR 122-34 (Safety Rules to be Observed with the Air
National Guard F101B&F/AIR-2A/W25 Weapon System) defines major using
command responsibilities.  The NGB is not a using command.  The major
using command must ensure that "administrative controls and procedures
in section B are established and standarized in each using organization."
Section B specifically states "the provisions of the U.S. Air Force Human
Reliability Program (HRP) apply."  Therefore, the federal chain of command
for administration of the HRP within the ANG establishes Hq ADC (the using
command and gaining command) as the MAJCOM for administering the provision
of the HRP.

   g.   (U)   In May 1973, the NGB telephonically advised the ADC Safety
Directorate (SE) of its position that the gaining Major Command should
process AFM 35-98, Personnel Reliability Program (PRP), and AFM 35-99,

74



Human Reliability Program (HRP), certifications/disqualifications of ANG personnel in the same manner as for active AF personnel. This proposal, plus the subject of ADC Sup 1/AFM 35-99 not being applicable to the ANG, was sent to ADC/DPACA from the ADC Chief of Safety by letter dated 16 May 73. DPACA letter, also dated 16 May 73, responded by stating "this office will not entertain the position of handling HRP disqualifications pertaining to Air National Guard personnel." This position by ADC/DPACA reflected only DPA coordination which, again, did not reflect adequate evaluation of the subject of HRP with other staff agencies - ADC/LNG in particular, but not exclusively.

    h. (U)  The Assistant  Adjutant General for Air in the State of Washington has recently ordered numerous changes in the command structure at the Spokane ANG organizations.  The changes are entirely legal and within the scope of his authority and responsibility for control and management of State militia granted by the Constitution.  However, these actions resulted in removal from the chain of command of all persons who had been directly involved in the temporary decertification of Captains Merriman and Edgar, except the 141 FIG/Commander.  The 116 FIS/Commander, the 142 FIW/Commander, and the Base Detachment Commander (BDC) positions were involved in the recent personnel changes.  It was also established that the 141 FIG/Commander needed a waiver to permit him to remain in technician status one month beyond the criteria for his termination as a technician.  A recommendation for approval from the State Adjutant General was important in the NGB decision to approve/disapprove his waiver request.  Should the waiver request be denied, the 141 FIG/Commander would lose his civil service retirement and only the share he contributed to the retirement fund would be returned.  During Col Howard's (141 FIG/CC) testimony, he voluntarily acknowledged this to be "in fact, quite a lever and it's strictly up to the discretion of the Adjutant General." He also submitted verbally that although it was never directly stated to him that his retirement might be in jeopardy if he did not support the request for recertification, the thought was always in the back of his mind.  It was also established in the course of the inquiry and testimony that Brig Gen King selected Lt Col Robert K. Collins, from his State staff, to be the replacement 116th FIS Commander.  This decision was made contrary to the recommendations of a board of senior officers (all colonels).  Although the prerogative to do this was rightfully his, Lt Col Collins was the junior rated Lt Col in the State.  He had never been a flight commander or squadron operations officer, and other well qualified and more experienced rated officers were recommended.  During Lt Col Collins' testimony, his inexperience was apparent.  His tendency to follow the suggestions of others, whether he agreed or not, resulted in numerous contradictory actions.  These ranged from an initial decision to extend the captains' temporary decertification  to the full six months as authorized in AFM 35-99; to requesting their resignations; to initiating permanent disqualification action against one (Capt Edgar); and finally, after Gen King's involvement, to initiating a request for reinstatement under HRP.

4

75

l. (U)  Capt Merriman and Capt Edgar have been advertising their intent to bring a $50,000 law suit against the principal parties involved in their decertification.  The Air Force Advisor, Lt Col Main, Lt Col Christoffersen, Lt Col Wainright and Lt Col Carmack were some of the persons to be sued.  This information is included at this point to add supporting evidence of their unwillingness to accept decisions from authorities appointed over them.

m. (U)  While under temporary decertification, Capt Edgar was required to have an annual flying physical.  Dr. (Col) Gottschall testified that during the February unit training assembly, Capt Edgar attempted to influence several people to sign off the check sheet indicating completion of several tests/items required.  No one would do as he wanted, and the physical was completed.  However, the next day when the physical was being reviewed, there were no urinalysis test results recorded.  The initials on the check sheet indicated completion of this requirement, but the lab technician denied that the initials were in his handwriting.  The doctor confronted Capt Edgar with the situation, and Capt Edgar denied he had entered the initials.  The doctor felt that, short of a trial, he could not prove it so he let the matter drop.  Capt Edgar was required to obtain the urinalysis at Fairchild when he received his psychiatric evaluation.  This is one more incident which casts doubt on his maturity, integrity and reliability.

n. (U)  Within the ANG, dependents' medical records are not normally available.  No exception or guidance for ANG situations is mentioned in AFM 35-99.

5. (U)  Conclusions



72

Signed

GAGE M. MERSEREAU, Colonel, USAF
Inquiry Officer

2 Atch
1. Ltr Appointing Investi-
gating Officer, 25 Mar 74
2. Ltr Given to Col L. E.
Millsap

9

77

THIS PAGE UNCLASSIFIED

190

Spokane IAP, WA 99219

Personnel Investigations Control Center
Defense Investigative Service
P. O. Box 454
Baltimore, Maryland 21203

RETURN
RESULTS
TO:
(Include
ZIP
Code)

HQ ADC    (IG-S)
ENT AFB, CO 80912

BACKGROUND INVESTIGATION (BI)
SPECIAL BACKGROUND INVESTIGATION (SBI)

[X] BI BRING-UP
[ ] SBI BRING-UP
[ ] OTHER (Specify in Remarks)

6. REASON FOR INVESTIGATION:

[ ] ACCESS TO MATERIAL CLASSIFIED
(Confidential) (Secret) (Top Secret)
[ ] NUCLEAR WEAPON POSITION
[ ] IMMIGRANT ALIEN CLEARANCE REQUIREMENT
[ ] SENSITIVE COMPARTMENTED INFORMATION
[ ] STOP-ESI
[ ] PRESIDENTIAL SUPPORT
[X] OTHER (Continue in Remarks)

**DO NOT COMPLETE - BLOCKS CIRCUMSCRIBED BY HEAVY BLACK LINE ARE FOR DIS INTERNAL USE ONLY**

Ctr/Cour. Control Number) (1-15)

74211 0052                    (16-22)

| 24 | NAME (Last-First-Middle) (Last Name only in Capitals) | | | | | | | |

| 24 | OTHER NAMES USED OR KNOWN BY (Continue in Remarks) | | | | | | | |

DATE OF BIRTH (Y-M-D) | 11. SSN | 12. FORMER SERVICE NO. | 13. SEX | PB (72-73) | PC (74-75) | SV (76) | CR (77-78)
7 Oct 41 | | | M | | | |

PLACE OF BIRTH (City, State) | 15. SERVICE | 16. RANK/RATE/GRADE | | R | A | I | N
lane, Washington | USAF | 03 Capt | | | | |

LOCAL FILES:

[X] PERSONNEL, [X] BASE/MILITARY POLICE, [X] MEDICAL, [X] SECURITY,

REVIEWED ON 3 Jul 74 AND REVEALED:
(Date)

[X] NO UNFAVORABLE INFORMATION
[ ] UNFAVORABLE INFORMATION SUMMARIZED IN "REMARKS" BELOW

DIS NON-ACCEPTANCE STAMP

HISTORY OF GOVERNMENT EMPLOYMENT, CURRENT MILITARY SERVICE,

INDICATED ON ATTACHED PERSONAL HISTORY FORM IS [X] CORRECT
[ ] PARTIALLY CORRECT [ ] COULD NOT BE VERIFIED. (If other than correct is checked, explain in remarks.)

PRIOR INVESTIGATION: [X] YES [ ] NO [ ] UNKNOWN
(If Yes, reflect type, when made, by whom, and file No.)

B.II   15 Feb 66 OSI Dist #10 San Antonio, TX

REMARKS: (Use Continuation Sheets as Required)

PARA 8E(5), AFR 205-32.

INVESTIGATION CLOSING STAMP
[X] BI [ ] SBI [ ] BI-BU [ ] SBI-BU [ ] LI

[X] Attached documents forwarded for security determination.

FRANK G. PAGANO, JR.
LT COL USAF
Director
PICC

DESIRE ADVANCE NOTIFICATION OF NAC RESULTS:

[ ] YES [ ] NO

ENCLOSURE(S)
D 398
38
L 1584

DAVID O. ZETERBERG, GS-12
Chief, Administrative/Security Br

REFER TO THIS CASE BY "NAME-SSN-CCN"

D FORM 1879
1 MAY 73

78

191

IGL

Summary of Derogatory/Unfavorable Information (Merriman, ~~████████████████████████~~, WA ANG)

~~Chief, National Guard Bureau.~~

1. The following summary of derogatory/unfavorable information contained in DIS ASI 74211-0052, 11 Oct 1974, is forwarded for your review and necessary action as prescribed in HQ USAF/IGA letter, 12 Dec 1972.

2. Summary:

a. Subject entered the Washington Air National Guard in January 1988. A DD Form 398, signed by subject on 3 July 1974, is included as attachment 1. It should be noted that subject answered "NO" in item 18; however, the investigation disclosed he received an Article 15 resulting in a $25.00 fine and seven days extra duty just prior to his release from active duty in October 1965, at Randolph AFB, Texas.

b. Subject's police record reflects the following arrest data:

(1) Arrested 29 Nov 71, Spokane County for speeding and forfeited a $25.00 bond.

(2) Arrested 17 Jun 72, Spokane County for speeding and forfeited a $34.00 bond.

(3) Arrested 8 Oct 72, Spokane County for speeding and forfeited a $23.00 bond.

(4) Arrested 29 Dec 72, Spokane County for speeding and forfeited a $42.00 bond.

(5) Arrested 21 Feb 73, Spokane County for improper passing and no valid vehicle license and forfeited a $25.00 bond.

(6) Arrested 23 Oct 73 Spokane County for speeding and forfeited a $24.00 bond.

(7) Arrested 14 Nov 73 Spokane County for speeding and forfeited a $25.00 bond.

| TITLE OF WRITER AND TYPIST'S INITIALS | TEL EXT | DATE | NAME OF REWRITER AND TYPIST'S INITIALS | TEL EXT | DATE |
|---|---|---|---|---|---|
| r. Spillane/ms | 3752 | | | | |

FORM
ADC NOV 66 132   79

☆U.S. GOVERNMENT PRINTING OFFICE: 1974-784-38/VIII-K

192

On 16 September 1974, Source A, whose reliability is unknown, but who has been acquainted with subject since February 1963 and has had contact two or three times weekly until November 1973, advised that source and subject have had sexual relations with each other from November 1968 to November 1973 at the rate of two or three times a week. On one occasion, subject stayed with source for a three month period and told source that he was seeking a divorce. The divorce never took place and subject returned to his wife and home. Subject would meet with source on the days he was to fly alert with the WA ANG. He would leave home early and go to source's home, where all the sexual intercourse took place. Source knew of other women in the Spokane, Wash, area with whom he had sexual relations. Subject also used marijuana in source's home from 1972 to 1973. He did this on many occasions and source did not like the use of drugs in her home and stopped their relationship because of it. Subject also told source that on occasions he had sold "dope" to others, unknown to source. Source did not know if the "dope" was marijuana or some other drug. Subject also claimed he had grown marijuana in a field near Tyler, Wash, in the summers of 1972 and 1973. Subject took source to the area and showed the place where he grew the marijuana, but source could not see any because of a fence around the field. Subject also had financial problems in that he had run up some bills in Spokane, Wash, area and delayed paying the bills. Some of the firms had contacted him on numerous occasions to try and receive payments. Source believed that subject lacked emotional stability and maturity because he was intelligent and had great potential, but would not apply himself. This was indicated by the lack of permanent employment, lack of financial responsibility, and his infidelity by having sexual relations with many different women while still married and living at home. Source would not recommend subject for a position of trust because of his use of drugs, infidelity, and lack of maturity. Source declined to make a written statement concerning subject, objected to having her name appear in the report of investigation or being released to anyone. Source declined to appear before a court, board, or hearing. Source feels that her employment would be placed in jeopardy and she feared for her safety because subject had approached her and warned her that in the event she were interviewed concerning him, she was to disclaim any knowledge of him.

3. The purpose for which this summary is to be used is to determine subject's suitability for recertification under AFM 35-99, Human Reliability Program.

FOR THE COMMANDER

FREDERICK P. GEIER, Colonel, USAF       1 Atch
Director of Security Police              DD Form 398

80

193



Mr. Spillane

81

*Attach. #5*

*73*

## THE HUMAN RELIABILITY INCIDENT OF 1974

I was a member of the Washington Air National Guard, holding the military rank of Lt. Col. and Federal Civil Service grade of GS-13. I was a command pilot and squadron operations officer of the 116 Fighter Interceptor Squadron at Spokane International Airport. Our aircraft was the McDonald F101B Fighter. We were equipped with standard weaponry for the F101 including rockets with nuclear warheads.

My duties as a Federal Civil Service employee included constantly monitoring all squadron officers who had access to our nuclear weapons and to suspend anyone from access to the weapons who did not meet the strict requirements of what was known as the Human Reliability Regulation. In January of 1974 I took action to suspend two captains who were suspected, by me, of drug abuse and were constantly rebellious towards regulation and authority. In violation of most important regulations dealing with nuclear weapons, several attempts were made by Washington State headquarters to place the officers back on normal duty, including a false statement by Lt. Col. Bob Collins, who was sent to replace the squadron commander and straighten out the incident.

2 On February 6, 1974, Lt. Col. Collins took command of the squadron and attempted to take my place as monitor of nuclear access. He was unsuccessful since nuclear control had to remain under federal jurisdiction.

*82*

*74*

On Friday, March 22, 1974, in violation of regulations, state headquarters without legal authority issued orders to reinstate the two officers.  On Saturday, March 23, 1974, the Air Defense Command Inspector General Office and General Lucius D. Clay commander NORAD were notified of the violation. On Sunday, March 24, 1974, our weapons at Spokane were locked up.  On Monday, March 25, 1974, an Inspector General investigator arrived to take testimony under oath of the reported violation.  On Friday, March 29, 1974, the week long investigation was complete.  The report was sent to General Clay. The violation was found to be so serious that within 30 days all special weapons were removed from all National Guard units in the United States.  This resulted in the loss of approximately 600 weapons technician jobs, great embarassment to the National Guard, a loss in air defense capability and millions of dollars of expense to the taxpayer.  FBI reports were made available to the Air Guard confirming that the two captains were unfit for duty.

Eventually both captains were permanently disqualified from nuclear duty, removed from flying status and discharged from the Air National Guard.  The conclusion of the Air Defense Command investigation was clearly that a state political appointee (The Washington State Assistant Adjutant General for Air) had placed himself and his staff in a position to control access to nuclear weapons thus breaching the protective devices and precautions established to prevent intentional or inadvertent detonation of a nuclear device.  Furthermore, the ADC

*83*

75

investigation stated that I had placed my job in jeopardy by exposing state headquarters and I should be protected.  A letter to that effect was sent to the National Guard Bureau. Within a few months one of the suspended captains was dismissed from the Washington Air Guard, but the other remained until 1976, despite attempts by the unit to discharge him.

In 1976 our unit was transferred to Strategic Air Command and equipped with the KC135.  I checked out in that aircraft and after flying 200 hours became an instructor and flight evaluator.

In 1977 the National Guard Bureau published a regulation known as ANGR 36-06.  This regulation violates congressional statutes requiring regulations to treat all branches of the military uniformly.  ANGR 36-06 allows a political appointee to retire not only Air National Guard Officers but Federal Civil Service employees contravening recommendations of a duly appointed board of officers.  No other military organization, including Army Guard, USAF, USN, Army or Federal Civil Service agency grants a single person the power to terminate an individual without justification or recourse.

Thus, any officer in the Air National Guard with enough service and experience to qualify for management positions is in jeopardy of losing his Federal Civil Service job at the unqualified discretion of a politically appointed commander who is not subject to federal jurisdiction.  The intimidation established by ANGR 36-06 to place federal regulations and assets in jeopardy is very real and enormous.  In 1977 Bob

8-4

76

Collins was promoted to full Colonel by the National Guard Bureau in spite of his actions in 1974, placing nuclear weapons in jeopardy. In June of 1978 Bob Collins was appointed by a new Governor of the State, to be Adjutant General and promoted to Brig. General. Approximately 30 days later I was fired from the Air Guard and Federal Civil Service by Collins, by the use of ANGR 36-06, to be effective September 30, 1978. My military and Federal Civil Service records were exemplary. Collins rose from the rank of major to Brig. General in approximately six years.

Governor Ray was chairman of the Atomic Energy Commission in 1974, at the time her newly appointed head of the Washington National Guard was violating the most serious nuclear regulations. Collins has admitted in deposition that he did not take into consideration any of the criteria dictated by ANGR 36-06 (namely military evaluation reports, civil service evaluation reports, and whether or not I had qualified for Civil Service annuity). In August 1978 I was at Headquarters Air Defense Command, Colorado Springs, Colorado, when I had an opportunity to speak with Brig. General Guice, Chief of the Air National Guard. He was given the classified report stating I had placed my job in jeopardy to protect our nuclear weapons. I explained the foregoing facts to him. His response was "that is terrible, but not as bad as some. You realize that you don't have any recourse." September 30, 1978 I was terminated from my chosen profession at 48 years of age with 17½ years credited toward a Federal Civil Service annuity but

85

77

unable to qualify for the 20 year minimum, for a reduced but immediate annuity.  This has been a devastating blow to me personally, but also enormously devastating to the thousands of Air Guard officers who have been placed in double jeopardy with their livelihood and chosen professions at stake.  Thus you can see that more than one Air Guard officer may be unwilling to support federal regulations when the state staff orders to the contrary.

I was highly trained, dedicated, and a professional officer.  I was terminated because I chose to place my job in jeopardy to protect nuclear weapons.  It should not be allowed to happen again nor the threat of ANGR 36-06 to remain.  The requirements in the State of Washington to be eligible to be appointed as Adjutant General are the following:

1.   Must have the rank of major or above.

2.   Must have served five consecutive years in the Washington Guard in the past ten years.

I have been told that one additional qualification that Collins had was his $1500 contribution to the governor's election campaign.  I could not confirm that, however, by a check on public disclosure records.

The significance of the above qualification criteria is that people with minimum or questionable qualifications and experience are placed in command positions with absolute and unfettered authority.  These politically appointed commanders are in charge of hundreds of millions of dollars of federal assets and personnel without having to come under federal



86

78

authority or scrutiny. I am persuaded that Collins was instrumental in the Washington Air National Guard enlistment of a technical Sgt (E6) in January 1980. He just happened to be the same individual who was discharged in 1976 as one of two captains involved in the Human Reliability Incident. Ironically in January of 1985, less than nine months from now, that former captain can very easily be given a spot promotion to major and be eligible to be appointed as an adjutant general in the State of Washington.

It surely must be time for the sham, now known as the Air National Guard, to be reorganized into a military organization with a command structure worthy of the trust of the people of this nation. I contacted 22 different agencies or individuals in an attempt to settle this issue out of court.

We have been in litigation since 1980 with the defense making motions, exceeding suspense dates, changing attorneys, stricken trial dates, etc., without resolution.

The following is a summary of facts about the Human Reliability Incident:

1.  I took appropriate action to protect nuclear warheads as stated in the report to General Clay.

2.  The staff at Headquarters Washington National Guard significantly resisted and violated federal regulations and my actions to protect nuclear weapons.

3.  An interview with officers of the Air National Guard at Spokane, who were present during the incident, will confirm the vindictive action of Collins against me provided the name of officers will remain anonymous.

87

4. During the course of the incident I was advised by a senior master sgt. that he had personally told the Assistant Adjutant for Air, 18 months earlier, that one of the two suspended captains was involved in intrastate drug trafficking. This statement was repeated again in the presence of my squadron Commander and myself.

5. I was aware of my job being in jeopardy and was willing to make the sacrifice, if necessary.

6. In violation of Human Reliability regulations, I was ordered by state headquarters to be subject to two separate investigations for harassment of two captains.

7. In violation of regulations, state headquarters supplied both direct and indirect coercion in an attempt to reinstate the two officers.

8. A written statement by Bob Collins said that he had consulted with me and I agreed the two officers were reformed and fit for duty. When, in fact, he did not consult with me and I did not state the two individuals were fit for duty.

9. A full colonel, who was also my Civil Service supervisor, admitted--under oath--that the reason he acquiesced to state headquarters and signed a letter (prepared for him by state headquarters) to return the two suspended captains to nuclear duty was that he feared he could be retired by state headquarters two months before qualifying for a Civil Service Annuity.

10. A review of my exemplary military and Federal Civil Service records, plus an affidavit from a former squadron commander, will confirm the vindictive act by Collins to get rid of me, because of my action in the Human Reliability Incident.

11. During the course of the Human Reliability Incident, both suspended captains skirted the chain of command without permission and called directly to the Assistant Adjutant General for the Air (Brig General King). On two occasions General King flew to Spokane, from headquarters in Olympia, Washington, to meet with the two suspended captains. The immediate outcome of one of the meetings was my being ordered to place both officers back on duty. No one from state headquarters ever questioned me about any aspects of the incident.

88

 12.  Action was taken, by me and two other officers, to *8(* prevent return of the suspended captains to nuclear duty.

 13.  Because of the Human Reliability Incident, I was told the following:  (1) To back down and reinstate the two captains, (2) If I didn't reinstate them, I would never be promoted, (3) Collins made statements, verified by affivaits, that he would get rid of me.

14.  Commanders (State Adjutant Generals and Assistant Adjutant Generals) are appointed for reason of political favoritism and have absolute and unfettered control of 44% of DOD assets. This is an unbelievable situation considering the past track record of state military departments.

 Once every four years in the State of Washington, and in many other states, a new commander and manager of DOD assets is appointed by a state politician.  The annual federal funds, managed by this individual, are approximatley $100 million.  The management of this money is done by a state agency that cannot be inspected by the federal government and is not subject to federal jurisdiction.  This politically appointed individual is able to terminate employment of any Federal Civil Service employee who comes under consideration by ANGR 36-06 (20 years military service).  Consequently, all of the key management personnel are placed in double jeopardy.  The inevitable question is how long and why must we continue this sham.

15.  Bob Collins was eventually promoted to Major General and was a full time co-pilot for United Airlines the entire time he was Adjutant General for the State of Washington.  This man was managing the money, assets, and personnel of DOD total force in the Washington Air National Guard.

 *87*

*81*

NOTE:  After the HRP incident was settled, LTC Christoffersen and I focused on preparation for the upcoming ADC ORI.  We made preparations to fly to the Air Guard unit at Fargo N.D. to observe their ADC ORI.  LTC Collins our new squadron commander ordered us not to travel to Fargo.  Colonel Lloyd Howard the 141st FIG C.O. and our technician supervisor intervened and advised Collins we were making the trip to Fargo in technician status and he had no authority to order us not to go.  The Fargo trip and our preparations for the ADC ORI in the summer of 1974 resulted in the first outstanding rating in the history of the squadron.

THE IRONIC OUTCOME OF OUR EFFORTS TO ACHIEVE AND OUTSTANDING RATING IS AS FOLLOWS:

After one year as squadron commander LTC Collins was transferred back to state HQ. in an obvious preparation for promotion to Colonel.(Collins was the most junior LTC in the unit. promoted from ~~Maj.~~ in 73 to MG in 1978).  Gen. John Pesch the Chief of the Air Guard during the HRP incident blocked Collins' promotion for next year until he retired.  Gen ~~Giles~~ the next Chief of the Air Guard allowed Collins' promotion to Colonel and eventually to MG.(In August of 1978 I met with Gen ~~Giles~~ in person at ADC HQ. requesting he intervene in our behalf and block MG Collins' actions firing us.  His response was "thats terrible but not as bad as some,you realize you have no recourse".).  Ironically, due to our efforts and contrary to Collins' intentions as squadron C.O. the outstanding ORI with Collins' as squadron C.O. was part of his qualification for promotion.



*90*

Mamo
Exh 4

91

*1*

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AUG 0 5 2002

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

*2*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| ALFRED P. CHRISTOFFERSEN, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. CS-01-0010-AAM |
| | ) | |
| vs. | ) | **SETTLEMENT AGREEMENT &** |
| | ) | **MUTUAL RELEASE** |
| | ) | |
| WASHINGTON AIR NATIONAL | ) | |
| GUARD, et al. | ) | |
| | ) | |
| Defendants. | ) | |

*3*

*4*   For the sole purpose of resolving this litigation[1] without any further judicial

*5*  proceedings resulting from the Declaratory Judgment issued by the United States

*6*  District Court for the Eastern District of Washington, and without admitting any fact

*7*  _____
[1] Together with Spokane County Superior Court Cause No. 81-2-03081-0, and State of Washington Court of Appeals Cause No. 18419-6-III (hereinafter referred to as *Spokane County action*).

Settlement Agreement &
Mutual Release                      Page 1

*92*

Memo

Exh 5

93

1  set forth below (which are stated for the sole purpose of settling all matters), and for no

2  other reasons, the parties, by and through their respective attorneys, hereby agree as

3  follows:

4      1.    The parties to this agreement are:

5          (a)    Alfred P. Christoffersen, Richard F. Main, William J. Gibson, and

6                  John R. Warn, referred to collectively as the plaintiffs; and

7          (b)    The United States of America, acting through the Department of

8                  the Air Force (the named defendants in this matter are the

9                  Washington Air National Guard, Major General Timothy J.

10                 Lowenberg (Adjutant General of Washington State), the United

11                 States Air Force, and the National Guard Bureau).

12     2.    This agreement is executed for the purpose of resolving all claims and

13  disputes by and between the parties to this Agreement relating to and/or arising out of

14  the Plaintiffs' termination from their positions as National Guard technicians in the

15  Washington Air National Guard; including, but not limited to, all claims that were

16  raised or could have been raised in their complaints filed originally in the United States

17  Court of Claims, the United States Court of Federal Claims, the Spokane County

18  Action and the United States District Court for the Eastern District of Washington.

19

Settlement Agreement &
Mutual Release                          Page 2

94

1    8.    Upon fulfillment of the terms of this Settlement Agreement, the United

2  States Government on behalf of and through its agencies, agree to release, waive and

3  abandon any and all claims, known or unknown which it may have against any

4  Plaintiff arising out of claims made or capable of being made in the prior litigation

5  between the parties.

6    9.    The signature of an authorized representative of the Attorney General

7  shall reflect approval and acceptance of this Settlement Agreement by the United

8  States. Upon execution of this Settlement Agreement by all parties or their counsel, all

9  the parties shall also execute and file Joint Stipulation of Dismissal of this action with

10  prejudice and with each party to bear its own costs, attorney fees and expenses[2], which

11  is attached to this Settlement Agreement. By Plaintiffs' counsel's execution of this

12  Settlement Agreement, Plaintiffs expressly consent to the filing of the Joint

13  Stipulations and to the dismissal of these actions with prejudice.

14    10.    The Plaintiffs acknowledge and agree that, regardless of the modifications

15  made to their military and civilian personnel record and, notwithstanding any actions

16  taken by the United States or the named Defendants in connection with this agreement,

---

[2] The plaintiffs and a state representative will also execute a similar stipulation of dismissal for the Spokane County action.

Settlement Agreement &
Mutual Release                    Page 7

95

Memo

Exh 6

96

AO85
(Rev. 11/96)

ORIGINAL

**RECEIPT FOR PAYMENT**
**UNITED STATES DISTRICT COURT**
for the
**EASTERN DISTRICT OF WASHINGTON**
at SPOKANE, WA

056357

1623

RECEIVED FROM   *Richard Main*
*W. 26803 Prewett Rd*
*Reardan, WA 99029*

| Fund | | ACCOUNT | AMOUNT | |
|------|------|---------|--------|------|
| 6855XX | Deposit Funds | 322380 | 31 | 50 |
| 604700 | Registry Funds | | | |
| | General and Special Funds | | | |
| 085000 | Attorney Admission Fees | | | |
| 086900 | Filing Fees (1/2 Civil) | | | |
| 322340 | Sale of Publications | | | |
| 322350 | Copy Fees | | | |
| 322360 | Miscellaneous Fees | TOTAL | $31.50 | |
| 504100 | Fine/Forfeitures | Case Number or Other Reference | | |
| 613300 | Unclaimed Monies | *CS-0-10* | | |
| 510000 | Civil Filing Fee (1/2) | | | |
| 510100 | Registry Admin. Fee | *Copy Fees* | | |
| 092330 | CJA Reimbursement | | | |
| 5100PL | Prisoner Filing Fee (1/2) | | | |
| 0869PL | Prisoner Filing Fee (1/2) | | | |

Checks and drafts are accepted subject to
collection and full credit will be given when
the check or draft has been accepted by the
financial institution on which it was drawn.

| DATE | | Cash | Check | M.O. | Credit | DEPUTY CLERK: |
|------|------|------|-------|------|--------|----------------|
| 12 11 2003 | | X | | | | |

97

A082
(Rev. 11/96)

ORIGINAL

**RECEIPT FOR PAYMENT**
**UNITED STATES DISTRICT COURT**
**for the**
**EASTERN DISTRICT OF WASHINGTON**
at SPOKANE, WA

056316

1624

RECEIVED FROM *Richard Main*

*W 210203 Prawett Rd*

*Reardon, WA 99029*

| Fund | | ACCOUNT | AMOUNT |
|---|---|---|---|
| 6855XX | Deposit Funds | 322350 | .36 50 |
| 604700 | Registry Funds | | |
| | General and Special Funds | | |
| 085000 | Attorney Admission Fees | | |
| 086900 | Filing Fees (1/2 Civil) | | |
| 322340 | Sale of Publications | | |
| 322350 | Copy Fees | | |
| 322360 | Miscellaneous Fees | TOTAL | 36.50 |
| 504100 | Fine/Forfeitures | Case Number or Other Reference | |
| 613300 | Unclaimed Monies | CS-01-10 | |
| 510000 | Civil Filing Fee (1/2) | | |
| 510100 | Registry Admin. Fee | *copies* | |
| 092330 | CJA Reimbursement | | |
| 5100PL | Prisoner Filing Fee (1/2) | | |
| 0869PL | Prisoner Filing Fee (1/2) | | |

.ecks and drafts are accepted subject to
collection and full credit will be given when
the check or draft has been accepted by the
financial institution on which it was drawn.

DEPUTY CLERK

DATE *26 Nov 20__*    Cash  Check  M.O.  Credit

98

SEARCH    SUGGESTIONS    USER PREF'S    COURTWATCH    HELP    HOME →

RACER U.S. District Court Case Search



# Docket Sheet for 2:01-CS-10 USDC Spokane - __Click here for Caption Page__

## Proceedings include all events

| Date Filed | Doc. No. | Image | Description |
|---|---|---|---|
| 08/30/2002 | 66 | Yes: 2 Page(s); 38 KB; TIFF | ~~Substitution of counsel Evelyn Fielding Lopez replacing attorney~~ ... ~~McCoy for Washington A~~ [Date Entered: 09/03/02, By: pp] |
| 08/05/2002 | 65 | Yes: 12 Page(s); 394 KB; TIFF | Release and Settlement by defendant National Guard, defendant United States Air, defendant Timothy J Lowenberg, defendant Washington Air, plaintiff John R Warn, plaintiff Richard F Main, plaintiff William J Gibson, plaintiffAlfred P Christoffersen [Date Entered: 08/06/02, By: bs] |
| 07/31/2002 | 64 | Yes: 10 Page(s); 271 KB; TIFF | Response by plaintiff John R Warn, plaintiff Richard F Main, plaintiff William J Gibson, plaintiff Alfred P Christoffersen to motion for reconsideration [55-1] [Date Entered: 08/01/02, By: bs] |
| 07/23/2002 | 63 | Yes: 2 Page(s); 35 KB; TIFF | ORDER by Judge Alan A. McDonald setting motion for reconsideration [55-1] with oral arg 10:00 8/15/02 Yakima, WA (cc: all counsel) [Date Entered: 07/23/02, By: bs] |
| 05/21/2002 | 62 | Yes: 1 Page(s); 30 KB; TIFF | ORDER Staying Ct. Rec. 55 until 7/17/02 by Judge Alan A. McDonald (cc: all counsel) [Date Entered: 05/21/02, By: pp] |
| 05/17/2002 | 61 | Yes: 2 Page(s); 41 KB; TIFF | Request by defendant National Guard, defendant United States Air, defendant Timothy J Lowenberg, defendant Washington Air, plaintiff John R Warn, plaintiff Richard F Main, plaintiff William J Gibson, plaintiff Alfred PChristoffersen for Additional Time to Comply with Court's Order [Date Entered: 05/20/02, By: pp] |
| 04/29/2002 | 60 | Yes: 1 Page(s); 30 KB; TIFF | ORDER staying Ct. rec 55 until 5/17/02 by Judge Alan A. McDonald (cc: all counsel) [Date Entered: 04/29/02, By: pp] |
| 04/26/2002 | 59 | Yes: 3 Page(s); 62 KB; TIFF | Stipulation by defendant National Guard, defendant United States Air, defendant Timothy J Lowenberg, defendant Washington Air, plaintiff John R Warn, plaintiff Richard F Main, plaintiff William J Gibson, plaintiff Alfred PChristoffersen to Comply with Courts Order [Date Entered: 04/29/02, By: pp] |
| /28/2002 | 58 | Yes: 2 Page(s); 42 KB; TIFF | Proof of service by defendant National Guard, defendant United States Air, defendant Timothy J Lowenberg, defendant Washington Air of: documents 55-57 [Date Entered: 03/29/02, By: bs] |

| | | | |
|---|---|---|---|
| /28/2002 | 57 ✓ | Yes: 1 Page(s); 25 KB; TIFF | PROPOSED RECEIVED Order re: motion for reconsideration [55-1] submitted by defendant National Guard, defendant United States Air, defendant Timothy J Lowenberg, defendant Washington Air [Date Entered: 03/29/02, By: bs] |
| 03/28/2002 | 56 | Yes: 1 Page(s); 26 KB; TIFF | Notice by defendant National Guard, defendant United States Air, defendant Timothy J Lowenberg, defendant Washington Air of hearing setting motion for reconsideration [55-1] (w/o oral argument 4/9/02 ) [Date Entered: 03/29/02, By: bs] |
| 03/28/2002 | 55 ✗ | Yes: 8 Page(s); 252 KB; TIFF | MOTION by defendant National Guard, defendant United States Air, defendant Timothy J Lowenberg, defendant Washington Air for reconsideration [Date Entered: 03/29/02, By: bs] |
| 03/18/2002 | 54 | Yes: 3 Page(s); 54 KB; TIFF | ORDER by Judge Alan A. McDonald granting motion for further relief [49-1] (cc: all counsel) [Date Entered: 03/18/02, By: bs] |
| 03/01/2002 | 53 ✓ | Yes: 3 Page(s); 54 KB; TIFF | Notice by plaintiff John R Warn, plaintiff Richard F Main, f Filing 9th Circuit Order of Dismissal plaintiff William J Gibson, plaintiff Alfred P Christoffersen [Date Entered: 03/04/02, By: pp] |
| 03/01/2002 | 52 ✓ | Yes: 1 Page(s); 17 KB; TIFF | Mandate from 9CCA. 9CCA: 01-35767 voluntarily dismissing the appeal [43-1] (cc: all counsel) [Date Entered: 03/01/02, By: bs] |
| /13/2002 | 51 | Yes: 2 Page(s); 43 KB; TIFF | Notice by plaintiff John R Warn, plaintiff Richard F Main, plaintiff William J Gibson, plaintiff Alfred P Christoffersen of hearing setting motion for further relief [49-1] (w/o oral argument 3/14/02 ) [Date Entered: 02/14/02, By: pp] |
| 02/13/2002 | 50 | Yes: 12 Page(s); 313 KB; TIFF | Memorandum by plaintiff John R Warn, plaintiff Richard F Main, plaintiff William J Gibson, plaintiff Alfred P Christoffersen in support of motion for further relief [49-1] [Date Entered: 02/14/02, By: pp] |
| 02/13/2002 | 49 | Yes: 3 Page(s); 60 KB; TIFF | MOTION by plaintiff John R Warn, plaintiff Richard F Main, plaintiff William J Gibson, plaintiff Alfred P Christoffersen for further relief [Date Entered: 02/14/02, By: pp] |
| 09/10/2001 | 48 | Yes: 1 Page(s); 43 KB; TIFF | Copy 9CCA certificate of record - Original forwarded to 9CCA 9CCA: 01-35767 [Date Entered: 09/10/01, By: bs] |
| 09/10/2001 | 47 | No | REPORTER'S TRANSCRIPT FILED. CR: Sue Haney Judge Alan A. McDonald City: Yakima Date: 6/19/01 Type of Proceeding: Motion hearing [Date Entered: 09/10/01, By: bs] |
| 08/24/2001 | 46 | Yes: 1 Page(s); 38 KB; TIFF | TRANSCRIPT DESIGNATION AND ORDER. Date appl filed: 8-3-01 CR: Sue Haney Type of Proceeding: 6/19/01 Oral argument by Washington Air, Timothy J Lowenberg, United States Air, National Guard cc:9CCA [Date Entered: 08/24/01, By: bs] |
| 8/17/2001 | 45 | Yes: 2 Page(s); 44 KB; TIFF | COPY of 9CCA Time Schedule Order. 9CCA: 01-35767 [Date Entered: 08/20/01, By: bs] |
| | | | Notification by Circuit Court of Appellate Docket Number [43-1] |

100

| 08/17/2001 | 44 | Yes: 1 Page(s); 20 KB; TIFF | 9CCA Number: 01-35767 Date appeal filed: 8/3/01 [Date Entered: 08/20/01, By: bs] |
| 08/03/2001 | 43 | Yes: 2 Page(s); 45 KB; TIFF | Notice of appeal by defendant United States Air, defendant National Guard from Dist. Court decision [42-1], [41-2] (cc: all counsel and 9CCA) [Date Entered: 08/06/01, By: bs] |
| 06/28/2001 | 42 | Yes: 1 Page(s); 15 KB; TIFF | JUDGMENT: (cc: all counsel) COB: Y33-64 [Date Entered: 06/28/01, By: bs] |
| 06/28/2001 | 41 | Yes: 42 Page(s); 1213 KB; TIFF | ORDER by Judge Alan A. McDonald granting motion to strike oral arg Yakima, WA [34-1] denying motion for summary judgment oral arg Yakima, WA [28-1] granting motion for summary judgment oral arg Yakima, WA [10-1], denying motion to dismi~~██████████████~~ COB: Y33-64 (cc: all counsel) [Date Entered: 06/28/01, By: bs] |
| 06/19/2001 | 39 | Yes: 1 Page(s); 27 KB; TIFF | MINUTES: Argument on Motion for Summary Judgment heard; Order forthcoming before Judge Alan A. McDonald Hrg Location: Yakima; Sue Haney court reporter [Date Entered: 06/19/01, By: pp] |
| 06/18/2001 | 40 | Yes: 8 Page(s); 288 KB; TIFF | Declaration of Matthew Andersen by plaintiff Alfred P Christoffersen, plaintiff William J Gibson, plaintiff Richard F Main, plaintiff John R Warn [Date Entered: 06/20/01, By: pp] |
| 5/11/2001 | 38 | Yes: 15 Page(s); 446 KB; TIFF | Reply Memorandum by plaintiff Alfred P Christoffersen, plaintiff William J Gibson, plaintiff Richard F Main, plaintiff John R Warn to Memorandum in Opposition to motion for summary judgment oral arg Yakima, WA [10-1] [Date Entered: 06/12/01, By: bs] |
| 06/11/2001 | 37 | Yes: 8 Page(s); 217 KB; TIFF | Objections by plaintiff Alfred P Christoffersen, plaintiff William J Gibson, plaintiff Richard F Main, plaintiff John R Warn to statement [29-1] [Date Entered: 06/12/01, By: bs] |
| 06/08/2001 | 36 | Yes: 2 Page(s); 23 KB; TIFF | ORDER by Judge Alan A. McDonald granting motion to extend time [32-1] (cc: all counsel) [Date Entered: 06/08/01, By: pp] |
| 06/07/2001 | 35 | Yes: 2 Page(s); 47 KB; TIFF | Notice by plaintiff Alfred P Christoffersen of hearing setting motion to strike oral arg Yakima, WA [34-1] ; oral argument 10:30 6/19/01 Yakima, WA [Date Entered: 06/08/01, By: pp] |
| 06/07/2001 | 34 | Yes: 8 Page(s); 205 KB; TIFF | MOTION and Memorandum in Support of by plaintiff Alfred P Christoffersen to strike oral arg Yakima, WA [Date Entered: 06/08/01, By: pp] |
| 06/07/2001 | 33 | Yes: 2 Page(s); 46 KB; TIFF | Notice by plaintiff Alfred P Christoffersen of hearing setting motion to extend time [32-1] (w/o oral argument 6/11/01 ) [Date Entered: 06/08/01, By: pp] |
| 06/07/2001 | 32 | Yes: 2 Page(s); 52 KB; TIFF | MOTION by plaintiff Alfred P Christoffersen to extend time [Date Entered: 06/08/01, By: pp] |
| 05/31/2001 | 31 | Yes: 2 Page(s); 40 KB; TIFF | Proof of service by defendant United States Air, defendant National Guard of: M/S/J documents [Date Entered: 06/01/01, By: pp] |

| 5/31/2001 | 30 | Yes: 1 Page(s); 21 KB; TIFF | Notice by defendant United States Air, defendant National Guard of hearing setting motion for summary judgment oral arg Yakima, WA [28-1] ;oral argument 10:30 6/14/01 Yakima, WA [Date Entered: 06/01/01, By: pp] |
| 05/31/2001 | 29 | Yes: 4 Page(s); 94 KB; TIFF | Statement of facts by defendant United States Air, defendant National Guard in support of memorandum [28-1], in support of motion for summary judgment oral arg Yakima, WA [28-1] [Date Entered: 06/01/01, By: pp] |
| 05/31/2001 | 28 | No | Memorandum by defendant United States Air, defendant National Guard in support of motion for summary judgment oral arg Yakima, WA [28-1] [Date Entered: 06/01/01, By: pp] |
| 05/31/2001 | 28 | Yes: 12 Page(s); 469 KB; TIFF | MOTION by defendant United States Air, defendant National Guard for summary judgment oral arg Yakima, WA [Date Entered: 06/01/01, By: pp] |
| 05/31/2001 | 27 | Yes: 17 Page(s); 603 KB; TIFF | Response by defendant United States Air, defendant National Guard to statement [12-1] [Date Entered: 06/01/01, By: pp] |
| 05/31/2001 | 26 | Yes: 6 Page(s); 197 KB; TIFF | Response by defendant United States Air, defendant National Guard to motion for summary judgment oral arg Yakima, WA [10-1] [Date Entered: 06/01/01, By: pp] |
| 5/31/2001 | 25 | Yes: 3 Page(s); 57 KB; TIFF | ORDER RE AMICUS by Judge Alan A. McDonald (cc: all counsel) [Date Entered: 05/31/01, By: bs] |
| 05/17/2001 | 24 | Yes: 9 Page(s); 296 KB; TIFF | Memorandum by defendant United States Air in opposition to State of washington's Motion to Apear as Amicus Curiae [Date Entered: 05/21/01, By: pp] |
| 05/17/2001 | 23 | Yes: 1 Page(s); 25 KB; TIFF | ORDER by Judge Alan A. McDonald granting motion to extend time [20-1] (cc: all counsel) [Date Entered: 05/17/01, By: bs] |
| 05/17/2001 | 22 | Yes: 2 Page(s); 38 KB; TIFF | ORDER by Judge Alan A. McDonald granting motion for appearance by the State of Washington to appear as Amicus Curiae [15-1] (cc: all counsel) [Date Entered: 05/17/01, By: bs] |
| 05/15/2001 | 21 | Yes: 1 Page(s); 24 KB; TIFF | PROPOSED RECEIVED Order re: motion to extend time [20-1] submitted by defendant United States Air, defendant National Guard [Date Entered: 05/16/01, By: bs] |
| 05/15/2001 | 20 | Yes: 3 Page(s); 71 KB; TIFF | MOTION by defendant United States Air, defendant National Guard to extend time [Date Entered: 05/16/01, By: bs] |
| 05/07/2001 | 19 | Yes: 8 Page(s); 262 KB; TIFF | Reply Memorandum by defendant Washington Air, defendant Timothy J Lowenberg, defendant United States Air, defendant National Guard to Memorandum in Opposition to motion to dismiss ▓▓▓▓ Date Entered: 05/08/01, By: bs] |
| | | Yes: 2 Page(s); 42 | Response by plaintiff Alfred P Christoffersen, plaintiff William J Gibson, plaintiff Richard F Main, plaintiff John R Warn to motion for |

| 05/01/2001 | 18 | KB; TIFF | appearance by the State of Washington to appear as Amicus Curiae [15-1] [Date Entered: 05/04/01, By: bs] |
| --- | --- | --- | --- |
| 05/01/2001 | 17 | Yes: 9 Page(s); 400 KB; TIFF | Proof of service of: 15-17 [Date Entered: 05/02/01, By: pp] |
| 05/01/2001 | 16 | Yes: 2 Page(s); 50 KB; TIFF | Memorandum in support of motion for appearance by the State of Washington to appear as Amicus Curiae [15-1] [Date Entered: 05/02/01, By: pp] |
| 05/01/2001 | 15 | Yes: 3 Page(s); 100 KB; TIFF | MOTION for appearance by the State of Washington to appear as Amicus Curiae [Date Entered: 05/02/01, By: pp] |
| 04/24/2001 | 14 | Yes: 3 Page(s); 72 KB; TIFF | Notice by plaintiff Alfred P Christoffersen, plaintiff William J Gibson, plaintiff Richard F Main, plaintiff John R Warn of hearing setting motion for summary judgment oral arg Yakima, WA [10-1] ;oral argument 10:30 6/14/01 Yakima, WA [Date Entered: 04/25/01, By: pp] |
| 04/24/2001 | 13 | Yes: 5 Page(s); 132 KB; TIFF | Affidavit of Matthew Andersen by Alfred P Christoffersen, William J Gibson, Richard F Main, John R Warn re: motion for summary judgment oral arg Yakima, WA [10-1] [Date Entered: 04/25/01, By: pp] |
| 04/24/2001 | 12 | Yes: 5 Page(s); 162 KB; TIFF | Statement of facts by plaintiff Alfred P Christoffersen, plaintiff William J Gibson, plaintiff Richard F Main, plaintiff John R Warn in support of motion for summary judgment oral arg Yakima, WA [10-1] [Date Entered: 04/25/01, By: pp] |
| 04/24/2001 | 11 | Yes: 20 Page(s); 745 KB; TIFF | Memorandum by plaintiff Alfred P Christoffersen, plaintiff William J Gibson, plaintiff Richard F Main, plaintiff John R Warn in support of motion for summary judgment oral arg Yakima, WA [10-1] [Date Entered: 04/25/01, By: pp] |
| 04/24/2001 | 10 | Yes: 3 Page(s); 73 KB; TIFF | MOTION by plaintiff Alfred P Christoffersen, plaintiff William J Gibson, plaintiff Richard F Main, plaintiff John R Warn for summary judgment oral arg Yakima, WA [Date Entered: 04/25/01, By: pp] |
| 04/24/2001 | 9 | Yes: 19 Page(s); 646 KB; TIFF | Response by plaintiff Alfred P Christoffersen, plaintiff William J Gibson, plaintiff Richard F Main, plaintiff John R Warn to motion to dismiss [Date Entered: 04/25/01, By: pp] |
| 04/11/2001 | 8 | Yes: 1 Page(s); 34 KB; TIFF | Notice by defendant United States Air, defendant National Guard of hearing setting motion to dismiss [7-1] (w/o oral argument 5/17/01 ) [Date Entered: 04/13/01, By: pp] |
| 04/11/2001 | 7 | Yes: 16 Page(s); 624 KB; TIFF | MOTION by defendant United States Air, defendant National Guard to dismiss [Date Entered: 04/13/01, By: pp] |
| 03/06/2001 | 6 | Yes: 9 Page(s); 287 KB; TIFF | ANSWER by defendant United States Air, defendant National Guard [Date Entered: 03/07/01, By: bs] |
| 03/05/2001 | 5 | Yes: 2 Page(s); 41 KB; TIFF | ORDER by Judge Alan A. McDonald finding the motion to consolidate cases [2-1] moot. (cc: all counsel) [Date Entered: 03/05/01, By: bs] |

103

16 30

| 02/05/2001 | 4 | Yes: 3 Page(s); 70 KB; TIFF | ORDER by Judge Alan A. McDonald Ruling on motion to consolidate cases [2-1] is stayed (cc: all counsel) [Date Entered: 02/05/01, By: pp] |
| 01/09/2001 | 3 | Yes: 2 Page(s); 56 KB; TIFF | Notice by plaintiff Alfred P Christoffersen, plaintiff William J Gibson, plaintiff Richard F Main, plaintiff John R Warn of hearing setting motion to consolidate cases [2-1] (w/o oral argument 1/19/01 ) [Date Entered: 01/10/01, By: bs] |
| 01/09/2001 | 2 | Yes: 2 Page(s); 60 KB; TIFF | MOTION by plaintiff Alfred P Christoffersen, plaintiff William J Gibson, plaintiff Richard F Main, plaintiff John R Warn to consolidate cases [Date Entered: 01/10/01, By: bs] |
| 01/08/2001 | 1 | Yes: 19 Page(s); 655 KB; TIFF | COMPLAINT FOR DECLARATORY RELIEF (Summons(es) issued) Fee-status: pd Receipt #: 46386 [Date Entered: 01/10/01, By: clk] |

104

Memo

Exh 7

105

State of Washington

Court of Appeals, Division III
PO Box 2159
Spokane, WA 99201

# Receipt

| Date | Case No. |
|------|----------|
| 11/26/2003 | 184196 |

*1637*

| Sold To |
|---------|
| Walk Ins |

| | | Check No. | Payment Method |
|---|---|---|---|
| | | | . Cash |

| Item | Description | Rate | Amount |
|------|-------------|------|--------|
| Misc-Printing | Printing - Christoffersen v. St. of WA | 7.80 | 7.80 |
| WA State Sales Tax | Washington State Sales Tax | 8.10% | 0.63 |

Please remit within 15 days.  Please reference invoice number on check.

**Total**                                                $8.43

*106*

RECEIVED

# *Winston & Cashatt*

## LAWYERS
### A PROFESSIONAL SERVICE CORPORATION

AUG 2 1 2002

1630
A

In the Office of the Clerk of Court
WA State Court of Appeals, Division III

By _____

18419 GTII

C. Matthew Andersen •
Beverly L. Anderson
Maris Baltins
Robert P. Beschel
Richard L. Cease
Bonnie L. Charney ×
Robert H. Crick
Patrick J. Cronin •
Kevin J. Curtis ×
Stephen L. Farnell
John H. Guin • ×
Tim M. Higgins
Michael T. Howard ◊
Carl E. Hueber
Brian T. McGinn •
Tamara W. Murock ~
Fred C. Pflanz
Lyndon G. Rasmussen
James E. Reed

Richard W. Relyea •
Michael N. Shoemaker
Patrick A. Sullivan
Courtney B. Tompkins •
Lawrence H. Vance, Jr.
Lucinda S. Whaley
Meriwether D. Williams ×

Of Counsel
Michael J. Cronin

Leo N. Cashatt (1910 - 1977)
Joseph J. Rekofke (1921 - 1997)
Patrick H. Winston (1904 - 1998)

All members admitted in Washington
•Also admitted in Idaho
×Also admitted in California
*Also admitted in Montana
~Also admitted in Texas
◊Also admitted in Wyoming

**WASHINGTON OFFICE**
BANK OF AMERICA FINANCIAL CENTER
601 W. RIVERSIDE, SUITE 1500
SPOKANE, WASHINGTON 99201
(509) 838-6131
Facsimile (509) 838-1416

**IDAHO OFFICE**
250 NORTHWEST BLVD., SUITE 107A
COEUR d'ALENE, IDAHO 83814
(208) 667-2103
Facsimile (208) 765-2121

Website: www.winstoncashatt.com
E-Mail: lawyers@winstoncashatt.com

## FACSIMILE TRANSMITTAL

## PLEASE DELIVER THE FOLLOWING MESSAGE TO:

NAME: _____ Patricia Crandall

COMPANY: _____ Court of Appeals, Division III

FAX NUMBER: _____ 456-4288

FROM: _____ C. Matthew Andersen

TRANSMISSION DATE: August 21, 2002 _____ C/M No. 1104-13668

MESSAGE: _____

_____ cc: Evelyn Lopez # (360) 586-3593

SENDING OPERATOR: clp _____ NUMBER OF PAGES (including cover page): 2

☐ CONFIRMATION WILL FOLLOW BY MAIL/COURIER.
☒ CONFIRMATION WILL NOT FOLLOW.

### PLEASE CALL (509) 838-6131 IF NOT RECEIVING PROPERLY.

UNLESS OTHERWISE INDICATED, THE INFORMATION IN THIS FACSIMILE IS INFORMATION PROTECTED BY THE ATTORNEY-CLIENT AND/OR ATTORNEY-WORK PRODUCT PRIVILEGES. IT IS INTENDED ONLY FOR THE INDIVIDUAL NAMED ABOVE, AND THE PRIVILEGES ARE NOT WAIVED BY VIRTUE OF THIS HAVING BEEN SENT BY FACSIMILE. IF THE READER OF THIS FACSIMILE, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE NAMED RECIPIENT, IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THE COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. WE WILL PROMPTLY REIMBURSE YOU FOR THE TELEPHONE AND POSTAGE EXPENSE. THANK YOU.

107



**Spokane Office**
Bank of America Financial Center
601 W. Riverside, Suite 1900
Spokane, Washington 99201

Phone: (509) 838-6131
Fax: (509) 838-1416
website: www.winstoncashatt.com

*Winston & Cashatt has offices in Spokane, Washington,
Seattle, Washington and Coeur d'Alene, Idaho*

1630
B

RECEIVED

August 21, 2002

AUG 2 1 2002

In the Office of the Clerk of Court
WA State Court of Appeals, Division III

By _____

Patricia I. Crandall
Clerk/Administrator
Court of Appeals Division III
P.O. Box 2159
Spokane, WA 99210

**VIA FACSIMILE**

RE:  Christoffersen, et al. v. State of Washington;
Court of Appeals No. 18419-6-III

Dear Ms. Crandall:

This is to inform you that the above matter has settled and that the State will be forwarding
documents to dismiss its appeal soon.

Very truly yours,

C. MATTHEW ANDERSEN

CMA:clp
cc:  Evelyn Lopez

C. Matthew Andersen ID          Kevin J. Curtis CA          Tamara W. Murock ID          Lawrence H. Vance, Jr.          *Of Counsel*
Beverly L. Anderson             Robert H. Crick             Fred C. Pflanz                Lucinda S. Whaley              James P. Connelly
Heidi E. Appel                  Stephen L. Farnell          Lynden O. Rasmussen           Meriwether D. Williams WY      Michael J. Cronin
Maris Baltins                   John H. Guin ID ID          James E. Reed
Robert P. Beschel               Tim M. Higgins              Richard W. Relyea              *All members admitted in WA*    *Retired*
Richard L. Cease                Michael T. Howard ID        Michael N. Shoemaker TX                                       Leo J. Driscoll
Bonnie L. Charney CA            Carl E. Hueber              Patrick A. Sullivan            *Members admitted in:*
Patrick J. Cronin ID            Brian T. McGinn ID          Courtney R. Tombari ID         ID, CA, MT, TX and WY          Leo N. Cashatt 1910-1977
                                                                                          *as indicated*                 Joseph J. Rekofke 1921-1997
                                                                                                                         Patrick H. Winston 1901-1998

108

*1631*



Christine O. Gregoire

# ATTORNEY GENERAL OF WASHINGTON

905 Plum Street, Bldg 3 • PO Box 40108 • Olympia WA 98504-0108

September 27, 2002    RECEIVED

SEP 3 0 2002

In the Office of the Clerk of Court
WA State Court of Appeals, Division III

By_____

Ms. Patricia Crandall
Clerk of the Court of Appeals
Division III
P.O. Box 2159
Spokane, WA 99210

RE:    ***Christoffersen, et al. v. Washington Air Nat'l Guard, et al.***
Court of Appeals No. 18419-6-III

Dear Ms. Crandall:

Enclosed for filing please find the original and two copies of Petitioners' Withdrawal of Appeal in the above-entitled case.

Thank you for your cooperation in this matter.

Very truly yours,

EVELYN FIELDING LOPEZ
Senior Assistant Attorney General
(360) 586-9667

EFL:tim
Enclosure

cc:    C. Matthew Andersen, w/enc.

*109*

*1632*

NO. 18419-6

## COURT OF APPEALS FOR DIVISION III
## STATE OF WASHINGTON

ALFRED P. CHRISTOFFERSEN,
WILLIAM J. GIBSON,
RICHARD F. MAIN, AND JOHN
R. WARN,

               Respondents,

     v.

THE WASHINGTON STATE
AIR NATIONAL GUARD;
STATE OF WASHINGTON;
AND THE ADJUTANT
GENERAL OF WASHINGTON
STATE, MAJOR GENERAL
ROBERT COLLINS,

               Petitioners.

WITHDRAWAL OF
APPEAL

*RECEIVED*

SEP 30 2002

In the Office of the Clerk of Court
WA State Court of Appeals, Division III

By_____

*10/1/02*
*There being no objection*
*this case is*
*dismissed.*
*Patricia C. Crandale*
*Clerk*

The parties in this appeal, Petitioners Washington State Air National Guard, the State of Washington, and the Adjutant General of Washington State, Major General Robert Collins; and Respondents Alfred P. Christoffersen, William J. Gibson, and Richard F. Main, and John R. Warn, have resolved the legal dispute underlying this matter as evidenced by the attached settlement agreement.

    The Petitioners, Washington State Air National Guard, the State of Washington, and the Adjutant General of

*110*

*1633*

Washington State, Major General Robert Collins, respectfully request to withdraw their appeal and dismiss this matter.

    RESPECTFULLY SUBMITTED this _27th_ day of September, 2002.

            CHRISTINE O. GREGOIRE
            Attorney General


            EVELYN FIELDING LOPEZ
            WSBA #18900
            Attorneys for Petitioners

            905 Plum Street, Building 3
            Post Office Box 40108
            Olympia, Washington 98504-0108
            (360) 586-9667

*///*

*1638*

RECEIVED

OCT 0 8 2001

CLERK OF COURT OF APPEALS
(Clerk's Date Stamp)
STATE OF WASHINGTON III

(Copy Receipt)



## SUPERIOR COURT OF WASHINGTON, COUNTY OF SPOKANE

| | |
|---|---|
| Alfred P. Christoffersen et al,<br><br>　　　　　　Plaintiff/Petitioner(s),<br><br>Vs.<br><br>State of Washington,<br><br>　　　　　Defendant/Respondent(s). | NO. 18419-6-III<br><br>SUPERIOR CT NO. (81-2-03081-0)<br><br>**INDEX TO CLERKS PAPERS **AMENDED****<br>*(INX)* |

| DATE FILED | TITLE | PAGE |
|---|---|---|
| 4/8/99 | Affidavit of C. Matthew Andersen in Opposition to Motion to Dismiss | 91- 567 |
| 4/28/99 | Affidavit of Jonathan T. McCoy in Support of Motion Continuance | 625- 626 |
| 12/1/82 | Answer | 30- 40 |
| 3/12/01 | Certificate of Remand | 643- 649 |
| 3/1/99 | Defendants' Motion to Dismiss | 88- 90 |
| 4/28/99 | Memorandum in Support of Continuance | 621- 623 |
| 3/1/99 | Memorandum of Authorities in Support of State's Motion to Dismiss | 60- 87 |
| 4/28/99 | Motion for Continuance of Trial Date | 624 |
| 7/13/84 | Motion to Continue Matter W/out Prejudice | 41- 42 |
| 5/3/99 | Notice of Discretionary Review to Court of Appeals | 629 |
| 8/21/85 | Notice of Intention to Dismiss | 45 |
| 6/26/00 | Notice of Removal | 636- 642 |
| 3/2/87 | Notice of Substitution of Attorney | 53 |
| 3/1/99 | Notice of Substitution of Counsel | 59 |
| 8/6/99 | Order Continuing Trial Date | 633 |
| 4/30/99 | Order Denying Defendants' Motion for Continuance of Trial | 627- 628 |
| *4/30/99 | Order Denying Defendants' Motion to Dismiss | 628A- 628B |

*112*

*1639*

| 7/20/84 | Order to Continue Matter W/out Prejudice | 43- 44 |
| 12/11/86 | Order to Continue Matter W/out Prejudice | 51- 52 |
| 4/25/88 | Order to Continue Matter W/out Prejudice | 56- 57 |
| 4/8/99 | Plaintiff's Memorandum in Opposition to the State's Motion to Dismiss | 568- 601 |
| 4/28/99 | Plaintiffs' Exhibit List | 612- 617 |
| 6/17/98 | Plaintiffs' Motion for Status Conference and to Request Pre-assignment | 58 |
| 4/28/99 | Plaintiffs' Witness List | 618- 620 |
| 5/14/99 | Pre-trial Conference Order | 630- 632 |
| 4/13/99 | Reply Memorandum of Authorities In Support of State's Motion to Dismiss | 602- 611 |
| 9/17/99 | Stipulation and Conditional Order of Dismissal Subject to Settlement | 634- 635 |
| 9/17/85 | Stipulation and Order to Continue Matter W/out Prejudice | 46- 48 |
| 12/11/86 | Stipulation to Continue Matter W/out Prejudice | 49- 50 |
| 4/25/88 | Stipulation to Continue Matter W/out Prejudice | 54- 55 |
| 9/21/81 | Summons & Complaint | 1- 29 |

*Document was inadvertently omitted

*113*

*1633*
*A*

### The Court of Appeals
#### of the
#### State of Washington
#### Division III

# COURT OF APPEALS, DIVISION III, STATE OF WASHINGTON

| | |
|---|---|
| ALFRED P. CHRISTOFFERSEN, WILLIAM J. GIBSON, RICHARD F. MAIN and JOHN R. WARN, )<br><br>Respondents, )<br><br>v. )<br><br>THE WASHINGTON STATE AIR NATIONAL GUARD; STATE OF WASHINGTON AND THE ADJUTANT GENERAL OF WASHINGTON STATE, MAJOR GENERAL ROBERT COLLINS, )<br><br>Petitioners. ) | **CERTIFICATE OF FINALITY**<br><br>No. 18419-6-III<br><br>Spokane County No. 81-2-03081-0 |

The State of Washington to:  The Superior Court of the State of Washington,
in and for **Spokane** County

This is to certify that the Court of Appeals of the State of Washington, Division III, considered and granted a motion to dismiss the above-entitled case on **October 1, 2002.**  Accordingly, this cause is returned to the Superior Court from which this matter was taken for further proceedings in accordance with the determination of that court.

In testimony whereof, I have hereunto set my hand and affixed the seal
of said Court at Spokane, this 2ⁿᵈ day of October, 2002.

Clerk of the Court of Appeals, State of Washington
Division III

cc:    Evelyn F. Lopez
C. Matthew Anderson
Hon. Robert Austin

*Division III*
*Patricia I. Crandall*
*Clerk/Administrator*

*The Court of Appeals*
*of the*
*State of Washington*

*Mailing Address:*
*PO Box 2159*
*Spokane, WA 99210*

*1633*
*B*

*(509) 456-3082*
*TDD #1-800-833-6388*



*Location:*
*500 North Cedar St.*
*Spokane, WA 99201*

October 2, 2002

Evelyn Fielding Lopez
Assistant Attorney General
PO Box 40108
Olympia, WA 98504-0108

C. Matthew Anderson
Winston & Cashatt
601 West Riverside, Suite 1900
Spokane, WA 99201

Re:    Court of Appeals No. **18419-6-III**
       **Spokane** County No. **81-2-03081-0**
       <u>**Alfred P. Christoffersen, et al v. State of Washington, et al**</u>

Dear Counsel:

Having received a Withdrawal of Appeal, the following notation was entered:

> **10/1/02**
> **There being no objection, this case is dismissed.**
>               **Patricia I. Crandall**
>               **Clerk**

Your copy of the Dismissal Certificate of Finality is enclosed.

Sincerely,

PATRICIA I. CRANDALL
Clerk/ Administrator

PIC:sd
Encl.
xc:    Hon. Robert Austin, Superior Court Judge
       Spokane County Clerk

*115*

Memo 7
State of Wash.
Doc's

116

*1636*

The Court of Appeals
of the
State of Washington
Division III

**FILED**

**OCT 0 3 2002**

THOMAS R. FALLQUIST
SPOKANE COUNTY CLERK

*Superior Court Doc's*

# COURT OF APPEALS, DIVISION III, STATE OF WASHINGTON

ALFRED P. CHRISTOFFERSEN, WILLIAM J. )
GIBSON, RICHARD F. MAIN and JOHN R. )
WARN, )
               **Respondents,** )
       )
v. )
       )
THE WASHINGTON STATE AIR NATIONAL )
GUARD; STATE OF WASHINGTON AND )
THE ADJUTANT GENERAL OF )
WASHINGTON STATE, MAJOR GENERAL )
ROBERT COLLINS, )
               **Petitioners.** )
       )

**CERTIFICATE OF FINALITY**

No. 18419-6-III

Spokane County No. 81-2-03081-0

*X ~ X*

The State of Washington to: The Superior Court of the State of Washington,
               in and for **Spokane** County

This is to certify that the Court of Appeals of the State of Washington, Division III, considered and granted a motion to dismiss the above-entitled case on **October 1, 2002.** Accordingly, this cause is returned to the Superior Court from which this matter was taken for further proceedings in accordance with the determination of that court.

In testimony whereof, I have hereunto set my hand and affixed the seal of said Court at Spokane, this 2nd day of October, 2002.

    Clerk of the Court of Appeals, State of Washington
              Division III

cc:    Evelyn F. Lopez
         C. Matthew Anderson
         Hon. Robert Austin



*117*

*1637*

NO. 18419-6

## COURT OF APPEALS FOR DIVISION III
## STATE OF WASHINGTON

| | |
|---|---|
| ALFRED P. CHRISTOFFERSEN, WILLIAM J. GIBSON, RICHARD F. MAIN, AND JOHN R. WARN, <br><br> Respondents, <br><br> v. <br><br> THE WASHINGTON STATE AIR NATIONAL GUARD; STATE OF WASHINGTON; AND THE ADJUTANT GENERAL OF WASHINGTON STATE, MAJOR GENERAL ROBERT COLLINS, <br><br> Petitioners. | WITHDRAWAL OF APPEAL *RECEIVED* <br><br> SEP 30 2002 <br><br> In the Office of the Clerk of Court WA State Court of Appeals, Division III <br><br> By_____ <br><br> *10/1/02* <br> *There being no objection this case is dismissed.* <br> *Patricia L. Randall* <br> *Clerk* |

The parties in this appeal, Petitioners Washington State Air National Guard, the State of Washington, and the Adjutant General of Washington State, Major General Robert Collins; and Respondents Alfred P. Christoffersen, William J. Gibson, and Richard F. Main, and John R. Warn, have resolved the legal dispute underlying this matter as evidenced by the attached settlement agreement.

The Petitioners, Washington State Air National Guard, the State of Washington, and the Adjutant General of

*118*

1

1638

Washington State, Major General Robert Collins, respectfully request to withdraw their appeal and dismiss this matter.

RESPECTFULLY SUBMITTED this *27th* day of September, 2002.

CHRISTINE O. GREGOIRE
Attorney General

*Evelyn Fielding Lopez*

EVELYN FIELDING LOPEZ
WSBA #18900
Attorneys for Petitioners

905 Plum Street, Building 3
Post Office Box 40108
Olympia, Washington 98504-0108
(360) 586-9667

2

119

*1639*

## M E M O   T O   F I L E

Case Name **Christoffersen v. WANG**    No. *18419-6*

Spoke With **Matt Anderson**    DATE: *10-1-02*

MESSAGE    *6868*

## No objection to Dismissal

Ini: _____

*120*

Memo

Exh 8

121

2196

z

=========================================

SPOKANE SUPERIOR COURT
SPOKANE WA
THOMAS R FALLQUIST
SPOKANE COUNTY CLERK

Rcpt. Date: 11/28/2006
Acct. Date: 11/28/2006
Receipt #: 2006-01-15505
Cashier ID: JLE
Time:      08:56 AM

| Item | Case Number | Amount |
|------|-------------|--------|
| 01   | -- -   -    | $4.50  |
| 1505: Fee-Copies | | |
| im | | |

| Total Due: | $4.50 |
|------------|-------|
| Cash Tendered: | $5.00 |

| Change Due: | $0.50 |
|-------------|-------|

Paid By: CASH, PAYER UNKNOWN

=========================================

122

```
JSM007   DISPLAY DOCKET              SPOKANE SUPERIOR   11-28-06 08:55   1 OF
   CASE#: 81-2-03081-0              JUDGMENT# NO                    JUDGE ID: 9
   TITLE: CHRISTOFFERSEN, ALFRED P ETAL VS WASHINGTON, STATE OF ETAL
   NOTE1: *REMANDED BACK FROM FED CT
   NOTE2: DOC 1 THRU 26 ROLL C-55                         2197
   CAUSE: TTO TORT-OTHER                    STATUS: CMPL   DATE: 10/03/20
   SUB#    DATE       CODE    DESCRIPTION/NAME             SECONDARY
1         09 21 1981 SMCMP   SUMMONS & COMPLAINT
2         09 21 1981 BN      BOND
                             $400.00
3         09 28 1981 AFSR    AFFIDAVIT/DECLARATION OF SERVICE
4         10 12 1981 NTAPR   NOTICE OF APPEARANCE
                             THOMAS F CARR
                     DEF01   WASH, STATE OF
5         10 14 1981 NTAPR   NOTICE OF APPEARANCE
                             THEO J COLLINS
                     DEF01   WASH, STATE OF
6         11 23 1981 NTAPR   NOTICE OF APPEARANCE
                             KENNETH O EIKENBERRY
                     DEF01   WASH, STATE OF
7         04 08 1982 NTWDA   NOTICE OF WITHDRAWAL OF ATTORNEY
8         11 18 1982 MTCM    MOTION TO COMPEL

?                    F1=Help  Enter=Process  F7=Bwd  F8=Fwd  PA1=Cancel
```

1Z3

Date: 11/28/2006 Time: 08:55:18 AM

```
JSM007   DISPLAY DOCKET              SPOKANE SUPERIOR  11-28-06 08:55   2 OF
  CASE#: 81-2-03081-0              JUDGMENT# NO                    JUDGE ID: 9
  TITLE: CHRISTOFFERSEN, ALFRED P ETAL VS WASHINGTON, STATE OF ETAL
  NOTE1: *REMANDED BACK FROM FED CT
  NOTE2: DOC 1 THRU 26 ROLL C-55                        2198
  CAUSE: TTO TORT-OTHER                        STATUS: CMPL  DATE: 10/03/20
SUB#    DATE        CODE     DESCRIPTION/NAME               SECONDARY
9       11 18 1982 NTMTDK   NOTE FOR MOTION DOCKET
10      12 01 1982 AN       ANSWER
11      06 21 1984 AFSR     AFFIDAVIT/DECLARATION OF SERVICE
12      06 21 1984 NT       NOTICE
13      07 13 1984 NTMTDK   NOTE FOR MOTION DOCKET
14      07 13 1984 MTC      MOTION TO CONTINUE
15      07 20 1984 ORCNT    ORDER OF CONTINUANCE
16      08 21 1985 NT       NOTICE
17      09 17 1985 ORCTDST  OR FOR CONT OF TRIAL DATE-STIPULATE
18      10 22 1986 NT       NOTICE
19      11 21 1986 DMJY12   DEMAND FOR JURY-12 PERSON
20      11 21 1986 NTTRS    NOTICE FOR TRIAL SETTING
21      12 11 1986 STP      STIPULATION
22      12 11 1986 ORCNT    ORDER OF CONTINUANCE
23      03 02 1987 NTSBC    NOTICE OF SUBSTITUTION OF COUNSEL

?                        F1=Help  Enter=Process  F7=Bwd  F8=Fwd  PA1=Cancel
```

124

Case 2:01-cv-00010-AAM   ECF No. 69-2   filed 03/14/07   PageID.493   Page 52 of 73

```
JSM007    DISPLAY DOCKET            SPOKANE SUPERIOR  11-28-06 08:55   3 OF
  CASE#: 81-2-03081-0            JUDGMENT# NO                      JUDGE ID: 9
  TITLE: CHRISTOFFERSEN, ALFRED P ETAL VS WASHINGTON, STATE OF ETAL
  NOTE1: *REMANDED BACK FROM FED CT
  NOTE2: DOC 1 THRU 26 ROLL C-55                      2199
  CAUSE: TTO TORT-OTHER                     STATUS: CMPL  DATE: 10/03/20
  SUB#    DATE        CODE      DESCRIPTION/NAME            SECONDARY
  24      03 30 1988 NT        NOTICE
  25      04 25 1988 STP       STIPULATION
  26      04 25 1988 ORCNT     ORDER OF CONTINUANCE
  -       05 16 1989 OTHER     OTHER
                               CASE PENDING IN CIRCUIT COURT
  27      06 17 1998 MT        MOTION
  28      06 17 1998 NTHG      NOTICE OF HEARING            07-17-1998TF
                               7/17/98 9 AM
  -       07 17 1998 MTHRG     MOTION HEARING
                     JDG09     JUDGE MICHAEL E. DONOHUE
  29      07 17 1998 ORP       ORDER OF PREASSIGNMENT
                     JDG09     JUDGE MICHAEL E. DONOHUE
  30      10 13 1998 CRRSP     CORRESPONDENCE
  31      10 13 1998 ORP       ORDER OF PREASSIGNMENT
                               JUDGE AUSTIN, ROBERT D


  ?                 F1=Help  Enter=Process  F7=Bwd  F8=Fwd  PA1=Cancel
```

125

```
JSM007   DISPLAY DOCKET              SPOKANE SUPERIOR  11-28-06 08:55   4 OF
  CASE#: 81-2-03081-0              JUDGMENT# NO                    JUDGE ID: 9
  TITLE: CHRISTOFFERSEN, ALFRED P ETAL VS WASHINGTON, STATE OF ETAL
  NOTE1: *REMANDED BACK FROM FED CT
  NOTE2: DOC 1 THRU 26 ROLL C-55                        2200
  CAUSE: TTO TORT-OTHER                   STATUS: CMPL  DATE: 10/03/20
  SUB#    DATE        CODE    DESCRIPTION/NAME              SECONDARY
  32    10 13 1998  ORSCS   ORDER SETTING CASE SCHEDULE    05-17-1999TS
                    JDG13   JUDGE PAUL A. BASTINE
  -     11 19 1998  STAHRG  STATUS CONFERENCE / HEARING
                    JDG01   JUDGE ROBERT D. AUSTIN
  33    03 01 1999  NTSBC   NOTICE OF SUBSTITUTION OF COUNSEL
                    ATD01   MCCOY, JONATHAN TATE
  34    03 01 1999  MMATH   MEMORANDUM OF AUTHORITIES
  35    03 01 1999  MTDSM   MOTION TO DISMISS
  36    03 01 1999  NTHG    NOTICE OF HEARING
                            04-02-1999 9:30AM JDG AUSTIN
  37    03 25 1999  NTIS    NOTICE OF ISSUE - AMENDED
                            4/15/99 1:30 PM W/JUDGE AUSTOM
  38    04 08 1999  AF      AFFIDAVIT
                    ATP01   ANDERSEN, CHARLES M
                            DEPO FILED UPSTAIRS

  ?                     F1=Help  Enter=Process  F7=Bwd  F8=Fwd  PA1=Cancel
```

126

Case 2:01-cv-00010-AAM   ECF No. 69-2   filed 03/14/07   PageID.495   Page 54 of 73

```
JSM007   DISPLAY DOCKET              SPOKANE SUPERIOR  11-28-06 08:55   5 OF
   CASE#: 81-2-03081-0              JUDGMENT# NO                  JUDGE ID: 9
   TITLE: CHRISTOFFERSEN, ALFRED P ETAL VS WASHINGTON, STATE OF ETAL
   NOTE1: *REMANDED BACK FROM FED CT
   NOTE2: DOC 1 THRU 26 ROLL C-55                  2201
   CAUSE: TTO TORT-OTHER                   STATUS: CMPL  DATE: 10/03/20
 SUB#    DATE       CODE      DESCRIPTION/NAME               SECONDARY
 39      04 08 1999 MM        MEMORANDUM
 -       04 08 1999 OB        OBJECTION / OPPOSITION
 40      04 13 1999 MMATH     MEMORANDUM OF AUTHORITIES
 41      04 13 1999 MT        MOTION EXTENTION
 42      04 13 1999 AFS       AFFIDAVIT IN SUPPORT
 43      04 15 1999 RSP       RESPONSE
 44      04 15 1999 AF        AFFIDAVIT MCCOY, JONATHAN T
 -       04 16 1999 MTHRG     MOTION HEARING
                    JDG01     JUDGE ROBERT D. AUSTIN
 45      04 28 1999 EXLST     EXHIBIT LIST
                    PLA01     CHRISTOFFERSEN, ALFRED P ETAL
 46      04 28 1999 WL        WITNESS LIST
                    PLA01     CHRISTOFFERSEN, ALFRED P ETAL
 47      04 28 1999 MM        MEMORANDUM SUPPORT
 48      04 28 1999 MTC       MOTION TO CONTINUE

 ?                      F1=Help  Enter=Process  F7=Bwd  F8=Fwd  PA1=Cancel
```

127

```
JSM007    DISPLAY DOCKET              SPOKANE SUPERIOR  11-28-06 08:55   6 OF
  CASE#: 81-2-03081-0              JUDGMENT# NO                    JUDGE ID: 9
  TITLE: CHRISTOFFERSEN, ALFRED P ETAL VS WASHINGTON, STATE OF ETAL
  NOTE1: *REMANDED BACK FROM FED CT
  NOTE2: DOC 1 THRU 26 ROLL C-55                          2207
  CAUSE: TTO TORT-OTHER                     STATUS: CMPL  DATE: 10/03/20
  SUB#     DATE        CODE      DESCRIPTION/NAME                SECONDARY
  49      04 28 1999 AFS        AFFIDAVIT IN SUPPORT
  50      04 29 1999 AF         AFFIDAVIT MARTINDALE, JANEL
  51      04 29 1999 OB         OBJECTION / OPPOSITION
  -       04 30 1999 MTHRG      MOTION HEARING
                     JDG01      JUDGE ROBERT D. AUSTIN
  52      04 30 1999 RPT        REPORT TRIAL MANAGEMENT
  53      04 30 1999 AFS        AFFIDAVIT IN SUPPORT
  54      04 30 1999 ORDYMT     ORDER DENYING MOTION/PETITION
  55      04 30 1999 ORDYMT     ORDER DENYING MOTION/PETITION
                     JDG01      JUDGE ROBERT D. AUSTIN
  56      05 03 1999 NTDRCA     NT OF DISCR. REVIEW TO CT OF APPEAL
  -       05 12 1999 PTMHRG     PRE-TRIAL MANAGEMENT HEARING
                     JDG01      JUDGE ROBERT D. AUSTIN
  57      05 14 1999 OR         ORDER RE: CONTINUANCE TO 08-30-1999
                     JDG01      JUDGE ROBERT D. AUSTIN


  ?                    F1=Help  Enter=Process  F7=Bwd  F8=Fwd  PA1=Cancel
```

128

```
JSM007   DISPLAY DOCKET              SPOKANE SUPERIOR  11-28-06 08:55   7 OF
  CASE#: 81-2-03081-0              JUDGMENT# NO                  JUDGE ID: 9
  TITLE: CHRISTOFFERSEN, ALFRED P ETAL VS WASHINGTON, STATE OF ETAL
  NOTE1: *REMANDED BACK FROM FED CT
  NOTE2: DOC 1 THRU 26 ROLL C-55                          2203
  CAUSE: TTO TORT-OTHER                    STATUS: CMPL  DATE: 10/03/20
  SUB#    DATE       CODE     DESCRIPTION/NAME                    SECONDARY
  58      05 14 1999 CRRSP    CORRESPONDENCE
  59      05 17 1999 TRLC     TRANSMITTAL LETTER - COPY FILED
  -       08 06 1999 MTHRG    MOTION HEARING
                     JDG01    JUDGE ROBERT D. AUSTIN
  60      08 06 1999 ORCNT    ORDER OF CONTINUANCE                11-30-1999TS
                     JDG01    JUDGE ROBERT D. AUSTIN
  61      09 17 1999 ORCNT    ORDER OF CONTINUANCE                03-31-2000TS
                     JDG01    JUDGE ROBERT D. AUSTIN
  -       09 17 1999 STAHRG   STATUS CONFERENCE / HEARING
                     JDG01    JUDGE ROBERT D. AUSTIN
  62      06 26 2000 NT       NOTICE OF REMOVAL
                              TO FEDERAL COURT
  -       03 09 2001 STAHRG   STATUS CONFERENCE / HEARING
                     JDG01    JUDGE ROBERT D. AUSTIN
  63      03 12 2001 CRT      CERTIFICATION OF REMAND

  ?                      F1=Help  Enter=Process  F7=Bwd  F8=Fwd  PA1=Cancel
```

129

Date: 11/28/2006 Time: 08:55:56 AM

```
JSM007   DISPLAY DOCKET              SPOKANE SUPERIOR  11-28-06 08:55   8 OF
   CASE#: 81-2-03081-0              JUDGMENT# NO                    JUDGE ID: 9
   TITLE: CHRISTOFFERSEN, ALFRED P ETAL VS WASHINGTON, STATE OF ETAL
   NOTE1: *REMANDED BACK FROM FED CT
   NOTE2: DOC 1 THRU 26 ROLL C-55                    2204
   CAUSE: TTO TORT-OTHER                    STATUS: CMPL  DATE: 10/03/20
   SUB#    DATE        CODE      DESCRIPTION/NAME            SECONDARY
                                 BACK TO SUPERIOR CT FROM FED CT
   64      06 08 2001 MT         MOTION TO RELEASE FUNDS
   65      06 08 2001 NTHG       NOTICE OF HEARING
                                 07-03-01 3 PM JDG AUSTIN
   66      06 29 2001 MMATH      MEMORANDUM OF AUTHORITIES
   67      06 29 2001 DCLR       DECLARATION OF JONATHAN T MCCOY
   -       07 03 2001 MTHRG      MOTION HEARING
                       JDG01      JUDGE ROBERT D. AUSTIN
   68      07 03 2001 ORDF       ORDER TO DISBURSE FUNDS  last doc. in current computer file
                       JDG01      JUDGE ROBERT D. AUSTIN
   69      07 03 2001 ORSTD      ORDER SETTING TRIAL DATE
                                 10-29-01 AT 9 AM
                       JDG01      JUDGE ROBERT D. AUSTIN
   70      07 09 2001 LTR        LETTER FROM CT APPEALS
   71      07 20 2001 DSGCKP     DESIGNATION OF CLERK'S PAPERS

   ?                   F1=Help  Enter=Process  F7=Bwd  F8=Fwd  PA1=Cancel
```

130

Case 2:01-cv-00010-AAM   ECF No. 69-2   filed 03/14/07   PageID.499   Page 58 of 73

```
JSM007   DISPLAY DOCKET              SPOKANE SUPERIOR  11-28-06 08:55   9 OF
  CASE#: 81-2-03081-0            JUDGMENT# NO                  JUDGE ID: 9
  TITLE: CHRISTOFFERSEN, ALFRED P ETAL VS WASHINGTON, STATE OF ETAL
  NOTE1: *REMANDED BACK FROM FED CT
  NOTE2: DOC 1 THRU 26 ROLL C-55                       2205
  CAUSE: TTO TORT-OTHER                     STATUS: CMPL  DATE: 10/03/20
  SUB#    DATE        CODE     DESCRIPTION/NAME                SECONDARY
  72      07 27 2001 INX      INDEX TO CLERKS PAPERS
  -       07 23 2001 CLP      CLERK'S PAPERS SENT (1-649)
  73      08 27 2001 TRLC     TRANSMITTAL LETTER - COPY FILED
  74      10 08 2001 INX      INDEX TO CLERK'S PAPERS - AMENDED
  75      10 12 2001 TRLC     TRANSMITTAL LETTER - COPY FILED
  76      10 03 2002 CROF     CERTIFICATE OF FINALITY
  77      01 06 2006 NTWDA    NOTICE OF WITHDRAWAL OF ATTORNEY
  78      11 15 2006 MTDSM    MOTION TO DISMISS
  79      11 15 2006 NTMTDK   NOTE FOR MOTION DOCKET
                              12-22-2006 11:30AM JUDGE AUSTIN



  ?                   F1=Help  Enter=Process  F7=Bwd  F8=Fwd  PA1=Cancel
```

131

Date: 11/28/2006 Time: 08:55:59 AM

Memo

Ex 9

132

2162



$ 04.88

MAILED FROM ZIP CODE 99

CERTIFIED MAIL

7160 3901 9849 3613 9809

RETURN RECEIPT REQUESTED

Richard F. Main
W. 26203 Prewett Road
Reardan, WA  99209-9634

*Winston & Cashatt*
L A W Y E R S
*A Professional Service Corporation*

133

*Spokane Office*
Bank of America Financial Center
601 W. Riverside, Suite 1900
Spokane, Washington 99201-0695

Phone: (509) 838-6131
Fax: (509) 838-1416
website: www.winstoncashatt.com

*Winston & Cashatt*

L A W Y E R S

*A Professional Service Corporation*

2163

*Winston & Cashatt has offices in Spokane, Washington,*
*Seattle, Washington and Coeur d'Alene, Idaho*

November 15, 2006

Richard F. Main
W. 26203 Prewett Road
Reardan, WA 99209-9634

**Re:    Christoffersen, et al. vs. Washington State Air National Guard**

Dear Dick:

1   Attached is a motion set in front of Judge Austin.  The purpose of this motion is to dismiss the entire matter of Cause No. 81-2-03081-0.    If the motion is granted, it would mean an end of the case, including any claim you might have against the State or Federal government.  The date of the hearing is December 22, 2006 at 11:30 a.m. in front of Judge Austin.

2   As I no longer represent you it is not appropriate for me to detail to the judge your objection to the settlement.  For that reason I have merely stated you have asked to be heard.

3   This will be the time for you to present your objection to the judge about the performance by the defendants of the terms of the settlement.   As I understand you object for failure of the government (either State or Federal) to complete a correction of your records.  You have been paid in full and are regularly receiving the corrected civilian and military pay.  You refuse to identify for me what is missing.  If there is some other objection I ask to be advised of such prior to the hearing so I can address it if it is in my power to do such.

4   As I have long stated, I am unaware of any missing document or any incomplete entry in correction for your record.  If you will advise me of what is missing and in fact that record should have been provided, I will undertake to get that document.  I would also tell the judge that the case as to you should not be dismissed until that document was obtained.   Without that information, however, I am duty bound under our rules (CR 11) not to advance any argument for

| | | | |
|---|---|---|---|
| C. Matthew Andersen ID | Donald J. Gary, Jr. CA | Fred C. Pflanz | *Of Counsel* |
| Beverly L. Anderson | John H. Guin ID MT | Lynden O. Rasmussen | James P. Connelly |
| Courtney R. Beaudoin ID | Tim M. Higgins | James E. Reed | |
| Robert P. Beschel | Michael T. Howard ID | Richard W. Relyea | *Retired* |
| Richard L. Cease | Carl E. Hueber | Eowen S. Rosentrater | Leo J. Driscoll |
| Bonnie L. Charney CA | Nancy L. Isserlis | Patrick A. Sullivan | |
| Patrick J. Cronin ID | Jason M. Kettrick MT | Lawrence H. Vance, Jr. ID | Leo N. Cashatt 1910-1977 |
| Kevin J. Curtis CA | Brian T. McGinn ID | Lucinda S. Whaley | Joseph J. Rekofke 1921-1997 |
| Robert H. Crick | Kammi L. Mencke | Meriwether D. Williams ID WY | Patrick H. Winston 1904-1996 |
| Stephen L. Farnell | Elizabeth A. Mosey | | |

*All lawyers admitted in WA. Lawyers admitted in: ID, CA, MT, and WY as indicated.*

134

November 15, 2006
Page 2

2164

which I do not have a good faith basis to assert. At this point, I could not submit to Judge Austin something is missing. If you wish to enlighten me, please do so promptly and I will act.

5 If you have hired new legal counsel, please let me know so I can communicate with that lawyer. If you proceed on you own, which is your right; I want to alert you to the fact that Judge Austin is required to hold you to the same standard in knowing the rules and procedures as a licensed attorney. This would include the proper documents to file with the court so you can be heard. I would strongly urge you to seek competent legal counsel to advise you on this motion as if Judge Austin enters the order as I request you will be bound by the result.

6 The State will be joining in my motion. Attorney Susan Thomsen is going to contact you to make the same request that you advise as to the missing document.

7 As a final matter, I continue to rely upon your representation that you will hold the funds due to Winston & Cashatt in trust pending the final order of Judge Austin. My firm has relied upon your representations to me.

If you have any questions you feel comfortable asking me, please do so.

Very truly yours,

C. MATTHEW ANDERSEN

CMA:cma
Enclosure
cc:     Paula Gibson-Smith
        Alfred P. Christoffersen
        John R. Warn

135

2165

(Copy Receipt)                                    (Clerk's Date Stamp)

**SUPERIOR COURT OF WASHINGTON**
**COUNTY OF SPOKANE**

ALFRED P. CHRISTOFFERSEN, et al.,

                                    Plaintiffs,        CASE NO.  81-02-03081-0

vs.                                                    NOTE FOR HEARING
                                                       ISSUE OF LAW
THE WASHINGTON STATE AIR NATIONAL GUARD, et
al.,                                                   (NTMTDK)

                                    Defendants.

**TO THE CLERK AND TO: Defendants' Counsel and Richard F. Main**

The undersigned has scheduled a Motion to Dismiss, a copy of which is attached.  The hearing is scheduled for
Friday, December 22, 2006 at 11:30 a.m. before the assigned Judge Robert D. Austin,
**Spokane County Superior Court, 1116 W. Broadway Avenue, Spokane, WA 99260-0350.**

Motions must be confirmed NO LATER THAN 12:00 NOON, 2 DAYS BEFORE THE HEARING by
contacting the judicial assistant for the assigned judge, or the presiding judge for cases that are not assigned.

Name:   C. Matthew Andersen              (print/type)        Bar ID: 6868

Address:          601 W. Riverside, Ste. 1900               Telephone No: 509-838-6131

City, State, Zip:  Spokane, WA 99201

Signed:   C. Matthew Andersen                            Date:  November 15 2006

**AUTHORITIES**
Cite those authorities which form primary basis for your legal position.  Where case authority is cited, provide
reference to specific page of opinion, which is controlling.  Likewise reference applicable sections or subsection of
statutes or court rules.  This does not substitute for required Memorandum of Authorities.

Applicable Court Rule:    2A
Applicable Statute:        _____
Applicable Case Law:       _____

NOTE FOR HEARING-ISSUE OF LAW                                    PAGE 1 OF 2
CR40(a)(2): RCW 4.44.020                                         Rev: 05/2003

136

2166

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the _15_ day of November, 2006, the foregoing was caused to be served on the following person(s) in the manner indicated:

| | |
|---|---|
| Susan E. Thomsen<br>Attorney General of Washington<br>7141 Cleanwater Drive SW<br>P.O. Box 40108<br>Olympia, WA 98504-0108<br><br>Attorney for Defendants | VIA REGULAR MAIL ☒<br>VIA CERTIFIED MAIL ☐<br>HAND DELIVERED ☐<br>BY FACSIMILE ☐<br>VIA FEDERAL EXPRESS ☐ |
| Richard F. Main<br>W. 26203 Prewett Road<br>Reardan, WA  99209-9634 | VIA REGULAR MAIL ☒<br>VIA CERTIFIED MAIL ☐<br>HAND DELIVERED ☐<br>BY FACSIMILE ☐<br>VIA FEDERAL EXPRESS ☐ |

C. MATTHEW ANDERSEN

137

2323

<table>
<tr><td>(Copy Receipt)</td><td>(Clerk's Date Stamp)</td></tr>
</table>

**SUPERIOR COURT OF WASHINGTON
COUNTY OF SPOKANE**

ALFRED P. CHRISTOFFERSEN, et al.,

                              **Plaintiffs,**

vs.

THE WASHINGTON STATE AIR NATIONAL GUARD, et al.,

                              **Defendants.**

CASE NO. 81-02-03081-0

SECOND AMENDED NOTE FOR HEARING
ISSUE OF LAW

(NTMTDK)

**TO THE CLERK AND TO:** <u>Defendants' Counsel and Richard F. Main</u>

The undersigned has scheduled a <u>Motion to Dismiss</u>, a copy of which was previously filed. The hearing is scheduled for <u>Friday, March 2, 2007</u> at <u>11:00 a.m.</u> before the assigned Judge Robert D. Austin, **Spokane County Superior Court, 1116 W. Broadway Avenue, Spokane, WA 99260-0350.**

Motions must be confirmed NO LATER THAN 12:00 NOON, 2 DAYS BEFORE THE HEARING by contacting the judicial assistant for the assigned judge, or the presiding judge for cases that are not assigned.

Name:   <u>C. Matthew Andersen</u>    (print/type)     Bar ID: <u>6868</u>

Address:       <u>601 W. Riverside, Ste. 1900</u>     Telephone No: <u>509-838-6131</u>

City, State, Zip:  <u>Spokane, WA 99201</u>

Signed:                                 Date: <u>January 19, 2007</u>

**AUTHORITIES**

Cite those authorities which form primary basis for your legal position. Where case authority is cited, provide reference to specific page of opinion, which is controlling. Likewise reference applicable sections or subsection of statutes or court rules. This <u>does not</u> substitute for required Memorandum of Authorities.

Applicable Court Rule:    2A

Applicable Statute:       _____

Applicable Case Law:     _____

138

2324

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the _19th_ day of January, 2007, the foregoing was caused to be served on the following person(s) in the manner indicated:

| | |
|---|---|
| Susan E. Thomsen<br>Attorney General of Washington<br>7141 Cleanwater Drive SW<br>P.O. Box 40108<br>Olympia, WA 98504-0108<br><br>Attorney for Defendants | VIA REGULAR MAIL ☒<br>VIA CERTIFIED MAIL ☐<br>HAND DELIVERED ☐<br>BY FACSIMILE ☐<br>VIA FEDERAL EXPRESS ☐ |
| Kyle W. Nolte<br>12209 E. Mission, Suite 5<br>Spokane, WA 99206<br><br>Attorney for Richard Main | VIA REGULAR MAIL ☒<br>VIA CERTIFIED MAIL ☐<br>HAND DELIVERED ☐<br>BY FACSIMILE ☐<br>VIA FEDERAL EXPRESS ☐ |

C. MATTHEW ANDERSEN

139

2167

**SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF SPOKANE**

ALFRED P. CHRISTOFFERSEN, WILLIAM
J. GIBSON, RICHARD F. MAIN, and JOHN
R. WARN,

                                    Plaintiffs,

vs.

THE WASHINGTON STATE AIR
NATIONAL GUARD; STATE OF
WASHINGTON, and THE ADJUTANT
GENERAL OF WASHINGTON STATE,
MAJOR GENERAL ROBERT COLLINS,

                                    Defendants.

No.    81-02-03081-0

**MOTION TO DISMISS**

## 1.    RELIEF REQUESTED

Plaintiffs, ALFRED P. CHRISTOFFERSEN, WILLIAM J. GIBSON, and JOHN R.

WARN, ("CHRISTOFFERSEN, GIBSON and WARN") request the Court enter an order

dismissing this action as to all parties with prejudice and without costs or attorney fees to any

party.

MOTION TO DISMISS
PAGE 1

1 40

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
Bank of America Financial Center
601 West Riverside Avenue, Suite 1900
Spokane, Washington 99201-0695
(509) 838-8131

2168

This motion is made for the reason that the moving parties have settled all claims and the action is to be dismissed.  On June 18, 2002, all Plaintiffs executed a Settlement Agreement and Mutual Release, which resolved all matters and released all claims against the Defendants. Paragraph 12 of the Settlement Agreement stated that the parties would dismiss all pending actions upon satisfaction of the terms of the Agreement.    Plaintiffs CHRISTOFFERSEN, GIBSON and WARN have been satisfied as to compliance with the Agreement and request dismissal of this matter.  Plaintiff GIBSON is deceased but joined in the request prior to his death.

On January 6, 2006 a Notice of Intent to Withdraw was filed with this Court withdrawing as attorney of record for Plaintiff RICHARD F. MAIN effective January 20, 2006.  No objection has been filed to that request.

Plaintiff MAIN has indicated a desire to be heard by the Court on his position concerning dismissal of the action.

Moving Plaintiffs have been advised the Defendants have no objection to this motion.

DATED this _15th_ day of November, 2006.

C. MATTHEW ANDERSEN, WSBA No. 6868
WINSTON & CASHATT
Attorney for Plaintiffs,
 Alfred P. Christoffersen, William J. Gibson, and
 John R. Warn

MOTION TO DISMISS
PAGE 2

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
Bank of America Financial Center
601 West Riverside Avenue, Suite 1900
Spokane, Washington 99201-0695
(509) 838-6131

141

2169

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 15th day of November, 2006, the foregoing was caused to be served on the following person(s) in the manner indicated:

| | |
|---|---|
| Susan E. Thomsen<br>Attorney General of Washington<br>7141 Cleanwater Drive SW<br>P.O. Box 40108<br>Olympia, WA 98504-0108<br><br>Attorney for Defendants | VIA REGULAR MAIL ☒<br>VIA CERTIFIED MAIL ☐<br>HAND DELIVERED ☐<br>BY FACSIMILE ☐<br>VIA FEDERAL EXPRESS ☐ |
| Richard F. Main<br>W. 26203 Prewett Road<br>Reardan, WA 99209-9634 | VIA REGULAR MAIL ☒<br>VIA CERTIFIED MAIL ☐<br>HAND DELIVERED ☐<br>BY FACSIMILE ☐<br>VIA FEDERAL EXPRESS ☐ |

C. MATTHEW ANDERSEN

MOTION TO DISMISS
PAGE 3

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
Bank of America Financial Center
601 West Riverside Avenue, Suite 1900
Spokane, Washington 99201-0695
(509) 838-6131

142

2170



**(Copy Receipt)**

**SUPERIOR COURT OF WASHINGTON COUNTY OF SPOKANE**

(Clerk's Date Stamp)

ALFRED P. CHRISTOFFERSEN, WILLIAM J. GIBSON, RICHARD F. MAIN, and JOHN R. WARN,

Plaintiffs

vs.

THE WASHINGTON STATE AIR NATIONAL GUARD; STATE OF WASHINGTON, and THE ADJUTANT GENERAL OF WASHINGTON STATE, MAJOR GENERAL ROBERT COLLINS,

Defendants

CASE NO. 81-02-03081-0

ORDER ON MOTION TO DISMISS

[PROPOSED}

Plaintiffs ALFRED P. CHRISTOFFERSEN, WILLIAM J. GIBSON, and JOHN R. WARN, has requested an Order on its Motion to Dismiss. The Court having considered the Motion; and the pleadings filed herein, and having heard oral arguments of counsel and afforded Plaintiff Richard F.. Main the opportunity to be heard on Friday, December 22, 2006, and further being fully advised in the premises,

The Court finds that this matter has been fully compromised and settled. All terms and conditions of the settlement have been fulfilled and there is no just reason to delay entry of an order dismissing this matter as to all parties.

ORDER ON MOTION TO DISMISS
PAGE 1

143

2171

**IT IS HEREBY ORDERED:**

This action is hereby dismissed with prejudice and without costs or attorney fees to any party.

DONE IN OPEN COURT this _____, 2006.

_____
JUDGE ROBERT D. AUSTIN

Presented by:

WINSTON & CASHATT

_____
C. MATTHEW ANDERSEN, WSBA No. 6868
Attorneys for Plaintiffs
 Alfred P. Christoffersen, William J. Gibson, and
 John R. Warn

Approved:

_____
SUSAN E. THOMSEN, WSBA No. _____
Attorney General of Washington

_____
RICHARD F. MAIN

ORDER ON MOTION TO DISMISS
PAGE 2

144

Memo
Exh 10

145

**U.S. Department of Justice**

Civil Division

DMC:JMKinsella
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

Telephone: (202) 616-0335
Facsimile: (202) 514-8624

---

August 2, 2002

**RECEIVED**

AUG  6 2002

Attorney General's Office
Gov. Operations Div.

By Express Mail

RECEIVED

SEP 3 0 2002

Ms. Evelyn Fielding Lopez
Senior Assistant Attorney General
Office of the Attorney General of Washington
Government Operations Division
905 Plum Street, Bldg 3
Olympia, WA  98504-0108
Tel: (360) 586-9667

In the Office of the Clerk of Court
WA State Court of Appeals Division III

Re:   Alfred P. Christoffersen, et al
      v. Washington Air National Guard
      E.D. Wash. No. CS-01-0010-AAM

Dear Ms. Lopez:

I previously sent to you an email advising you of the completion of the settlement in this matter. ████████████
████████████████████████████████████████████
████████████████████████ I thank you for your assistance in this matter, and ████████████████████████████████
█████████████████ Should you need any additional information, please do not hesitate to contact me at my telephone, which is listed above.

Sincerely,

JAMES M. KINSELLA
Deputy Director
Commercial Litigation Branch

Enclosure

146