UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALFRED P. CHRISTOFFERSON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WASHINGTON AIR NATIONAL GUARD, in its capacity as a Federal Agency, et al., <br><br> Defendants. | No. CV-01-0010-AAM <br><br> **ORDER GRANTING MOTION TO DISMISS,** *INTER ALIA* |

**BEFORE THE COURT** are the *pro se* "Motion Declaring The Federal Contract Null And Void" (Ct. Rec. 68) filed by plaintiff Richard F. Main, and the "Motion To Dismiss" (Ct. Rec. 80) filed by defendants. These motions are heard without oral argument.

**I. BACKGROUND**

On June 28, 2001, this court entered an order (Ct. Rec. 41) declaring as a matter of law that Timothy Lowenberg, Adjutant General of the Washington Air National Guard, had authority under the Federal Back Pay Act to award federal civilian back pay to the plaintiffs for loss of their civilian technician positions with the Guard. Pursuant to that order, this court subsequently entered another order on March 18, 2002 (Ct. Rec. 54), directing the Adjutant General to correct plaintiffs'

**ORDER GRANTING
MOTION TO DISMISS-            1**

civilian service records and prepare the calculation of federal back pay.  The United States Air Force (USAF) was directed to process the payment thereafter.

On August 5, 2002, a "Settlement Agreement & Mutual Release" (Ct. Rec. 65) was filed with the court, signed and dated by Lowenberg; David M. Cohen, "Authorized Representative of the Attorney General[1]; James M. Kinsella, Deputy Director of the Commercial Litigation Branch Civil Division, Department of Justice; plaintiffs' counsel, C. Matthew Andersen, Esq.; and the four individual plaintiffs (Alfred P. Christofferson, William J. Gibson, John R. Warn, and Richard F. Main).   This agreement was intended to resolve not only the captioned matter, but also Spokane County Superior Court Cause No. 81-2-03081-0, and State of Washington Court of Appeals Cause No. 18419-6-III.  Among the facts recited in the agreement (as well as in this court's June 28, 2001 order) was that in February 2000, the Air Force Board for the Correction of Military Records (AFBCMR) had determined that plaintiffs had been improperly terminated from their Guard positions and directed that their military records be corrected to reflect continued federal military service to age 55.

The settlement agreement called for a lump sum payment to the plaintiffs and the commencement of the appropriate Civil Service Annuity payment and associated benefits to them as of May 1, 2002.  Paragraph 6 at page 5 of the agreement states:

> In compliance with the terms of this Settlement Agreement, the United States will correct the Plaintiffs' records as follows: The United States shall modify each of the plaintiffs' **civilian**

---

[1] A date does not appear immediately below Cohen's signature, although a date does appear immediately below the signature of James M. Kinsella, reasonably indicating that the document was signed on the same date (August 2, 2002) by both individuals.

**ORDER GRANTING MOTION TO DISMISS-         2**

> personnel records to reflect a new separation date that reflects constructive service as a National Guard Technician until the age of 55, and a corresponding new retirement date as of that date, **except as to Plaintiff Richard F. Main, whose military *and* civilian records shall be corrected to reflect constructive service to age 58, with a corresponding retirement date upon reaching age 58.**

(Emphasis Added).

Paragraph 9 of the settlement agreement at page 7 provides that upon execution of the same, the parties will also execute and file a "Joint Stipulation of Dismissal" with prejudice of the captioned action. The agreement indicates the "Joint Stipulation of Dismissal" was "attached to this Settlement Agreement" when it in fact, was not. Plaintiffs "expressly consent[ed] to the filing of the Joint Stipulations and to the dismissal of these actions with prejudice." Paragraph 10 of the agreement at page 8 provides that "[a]ll pending matters between the parties will be dismissed upon satisfaction of the terms of this Agreement."[2] An order of dismissal has never been filed in the captioned action.

Paragraph 13 of the agreement provides that defendants are to promptly take the steps outlined in the agreement and "[s]hould any Defendant fail to act in accordance with the terms of this Agreement, a Plaintiff may declare this Agreement null and void as to him." Mr. Main, in his March 14, 2007 filing, has

---

[2] Footnote 2 at page 7 of the settlement agreement provides that plaintiffs and a state representative would execute a stipulation of dismissal with regard to the Spokane County Superior Court and Washington Court of Appeals causes. Such a stipulation, however, was not executed. On March 30, 2007, the Spokane County Superior Court issued an order dismissing with prejudice Cause No. 81-02-03081-0 pursuant to a motion filed by Chistofferson, Gibson, and Warn. Mr. Main objected to dismissal and was allowed an opportunity to be heard before this order was entered. The court found that all terms and conditions of the settlement had been fulfilled. (Ex. 2 to Declaration of Susan E. Thomsen, Attachment D to Ct. Rec. 79).

**ORDER GRANTING MOTION TO DISMISS-        3**

declared the agreement null and void as to him.[3]  In response, the defendants contend that they have complied with all of the terms of the agreement and ask that the captioned action be finally and formally dismissed with prejudice per the terms of the agreement.

## II. DISCUSSION

Mr. Main apparently does not dispute that he has received his portion of the lump sum payment called for by the settlement agreement, as well as the Civil Service Annuity payments called for by the agreement.[4]  He claims, however, that this expenditure of U.S. Air Force and Civil Service funds is not valid because the AFBCMR has not corrected his "USAF RESERVE retirement[,] Washington Air National Guard retirement[,] and Federal civil service Retirement from 30 Nov 84 to 30 Nov 87."[5]  (Ct. Rec. 68 at p. 2).  Mr. Main acknowledges that Washington Air National Guard has corrected his records from November 30, 1984 to

---

[3] Matthew C. Andersen, Esq., was counsel for the four individual plaintiffs (Main, Alfred P. Christofferson, William J. Gibson, John R. Warn, Esq.) at the time the "Settlement Agreement & Mutual Release" was executed.  Christofferson, Gibson and Warn represent the terms of the June 2002 "Settlement Agreement & Mutual Release" have been fully satisfied as to themselves.  Mr. Andersen has withdrawn as counsel for Mr. Main.

[4] Mr. Main's former counsel, Mr. Andersen, in a letter to Main dated November 15, 2006, indicated that Main had been paid in full and was regularly receiving the corrected civilian and military pay.  (Ct. Rec. 69-2 at p. 134).

[5] Mr. Main, born November 30, 1929, turned 55 years old on November 30, 1984 and 58 on November 30, 1987.  As noted, the settlement agreement called for his military and civilian records to be corrected to reflect constructive service to age 58, with a corresponding retirement date upon reaching age 58.

**ORDER GRANTING**
**MOTION TO DISMISS-            4**

November 30, 1987[6], but contends this is invalid without "Federal Recognition from the USAF." (Ct. Rec. 84 at p. 2). Without proper validation, Mr. Main asserts he will be "subject to audit and refunding some amount of Federal funds." (Ct. Rec. 84 at p. 3). Mr. Main contends the settlement agreement has been breached by the refusal of Adjutant General Lowenberg to request AFBCMR to correct Main's "federal recognition" date. (Ct. Rec. 84 at p. 5).

Paragraph 6 of the "Settlement Agreement & Mutual Release" does not specify it is the AFBCMR that is to correct the records. Instead, it refers to the more generic "United States" being responsible for that effort. In addition to the four individual plaintiffs, "The United States of America, acting through the Department of the Air Force" was listed as a party to the agreement (Ct. Rec. 65 at p. 2) and two individuals, Cohen and Kinsella, as representatives of the U.S. Attorney General, signed the agreement on behalf of the United States as they were authorized to do. The defendants named in the captioned action included the Washington Air National Guard, Lowenberg, the United States Air Force, and the National Guard Bureau. As this court pointed out in its June 28, 2001 order, the Washington Air National Guard and Lowenberg were sued in their "federal capacities." (Ct. Rec. 41 at p. 2 and fn. 1). The National Guard is an organization possessing both federal and state attributes. This court ultimately found that an adjutant general is both a federal agent and a state official with regard to National Guard technicians and that in his federal agent capacity, he has the authority to award federal back pay to civilian technicians. (Ct. Rec. 41 at p. 39). "The adjutant general is an 'official' of the Department of Defense because pursuant to

---

[6] See exhibits attached to Declaration of LTC. Darin T. Derrick, Attachment B to Ct. Rec. 79.

**ORDER GRANTING
MOTION TO DISMISS-          5**

[32 U.S.C.]§709(d) the Secretary of Air Force provides him with authority to employ and administer the technicians." (Ct. Rec. 41 at p. 40). In sum, the "United States," through its agent, Lowenberg, corrected the military and civilian records of Mr. Main. This is "federal recognition" which complies with Paragraph 6 of the "Settlement Agreement & Mutual Release." Again, there is no mention in the agreement of the AFBCMR needing to correct the records and indeed, if such a need arises from some authority other than the agreement, it appears Mr. Main has a very persuasive argument for waiver on the part of the United States should it ever seek to compel him to refund monies which have already properly been paid to him pursuant to the agreement.[7]

---

[7] Mr. Main contends the Secretary of the Air Force has the authority to correct his records and promote him "to 0-6 as a compensatory action for my diligence, dedication to my oath of office and the years of sacrifices my household has endured to uphold the rule of law." If Mr. Main is asking for a "retroactive" promotion, this is specifically prohibited by the "Settlement Agreement & Mutual Release" which provides:

> The Plaintiffs acknowledge and agree that, regardless of the modifications made to their military and civilian personnel record and, notwithstanding any actions taken by the United States or the named Defendants in connection with this agreement, Plaintiffs shall not receive any retroactive promotion consideration by any selection boards or administrative bodies.

(Paragraph 10 at pp. 7-8).
   If Mr. Main currently remains in the U.S. Air Force Active Reserves and is eligible for future promotions, it is not apparent how this "Settlement Agreement & Mutual Release" would preclude that considering, as discussed, there has been "federal recognition" of the need to correct Main's records and the records have been so corrected.

**ORDER GRANTING MOTION TO DISMISS-**          6

The balance of Mr. Main's arguments as to the validity of the "Settlement Agreement & Mutual Release" amount to form over substance. It is true that a "Joint Stipulation of Dismissal" was to be executed and filed as an attachment to the "Settlement Agreement & Mutual Release." This did not occur, but the court fails to see why it would render the agreement invalid and more importantly, how it prejudiced Mr. Main. " Furthermore, it is noted that the agreement also provided that "[a]ll pending matters between the parties will be dismissed upon satisfaction of the terms of this Agreement." If anything, Mr. Main and the other plaintiffs benefitted from there not being a dismissal of the captioned action until now to insure the United States complied with all of the terms of the agreement.

## III.  CONCLUSION

Plaintiff's "Motion Declaring The Federal Contract Null And Void" (Ct. Rec. 68) is **DENIED** and defendants' "Motion To Dismiss" (Ct. Rec. 80) is **GRANTED**. It appearing that all terms and conditions of the "Settlement Agreement & Mutual Release" have been satisfied, the captioned action is **DISMISSED with prejudice**. The parties shall bear their own fees and costs.

**IT IS SO ORDERED.** The District Executive shall enter this order and forward copies to counsel and to Richard F. Main, W. 26203 Prewett Road, Reardan, WA 99029-0634.

**DATED** this ___9th___ of May, 2007.

   s/ Alan A. McDonald
   ALAN A. McDONALD
   Senior United States District Judge

**ORDER GRANTING MOTION TO DISMISS-**          7